USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/17/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
TATYANA RUZHINSKAYA, as Administratrix of the                     :
Estate of MARINA ROCHNIAK, Deceased,                              :      14 Civ. 2921 (PAE)
*individually and on behalf of others similarly situated,*        :
                                                                  :      OPINION & ORDER
                                     Plaintiff,                   :
                                                                  :
                  -v-                                             :
                                                                  :
HEALTHPORT TECHNOLOGIES, LLC,                                     :
                                                                  :
                                     Defendant.                   :
                                                                  :
------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On November 9, 2015, the Court denied plaintiff Tatyana Ruzhinskaya's motion to certify a statewide class of persons who were charged 75 cents per page by defendant HealthPort Technologies, LLC for copies of medical records. *See* Dkt. 151, *reported at Ruzhinskaya v. Healthport Techs., LLC*, No. 14 Civ. 2921 (PAE), 2015 WL 6873399 (S.D.N.Y. Nov. 9, 2015). The Court noted that it "stands ready to certify" a narrower class including those who requested records from the specific New York healthcare provider at issue in this case, Beth Israel Medical Center. *Id.* at *1. Ruzhinskaya subsequently moved for certification of a class so defined. Dkt. 155. HealthPort has since filed an opposition, Dkt. 157 ("Def. Br."), and Ruzhinskaya has filed a reply, Dkt. 165 ("Pl. Reply"), with the Court's permission, Dkt. 159.

For the following reasons, the Court grants Ruzhinskaya's motion to certify the proposed class, appoints Ruzhinskaya as class representative, and appoints Motley Rice LLC as class counsel.

I.  **Discussion**[1]

HealthPort raises many arguments in its opposition brief, most of which, regrettably, effectively ask the Court to reconsider its prior decision. The Court analyzes the principal arguments in turn.

First, HealthPort argues that potential class members will not be ascertainable without "significant individual inquiries." Def. Br. 2. Specifically, HealthPort states that "it does not have information showing whether patient [sic] or attorneys were ultimately responsible for payment" of HealthPort. *Id.* The Court explicitly addressed this issue in its prior decision, holding that "it is reasonable to expect an attorney to abide by a fiduciary and/or contractual duty to return to the client money the client paid but which has been recouped." *Ruzhinskaya*, 2015 WL 6873399, at *13. HealthPort now argues that "an attorney's fiduciary duty to his client necessarily ends when the representation ends." Def. Br. 3 (emphasis omitted).

That argument fails. In fact, as Ruzhinskaya observes, under the New York Rules of Professional Conduct, attorneys have a fiduciary responsibility when they are in possession of "any funds or other property belonging to another person, where such possession is incident to his or her practice of law." N.Y. R. Prof. Conduct 1.15(a) (cited at Pl. Br. 4). Moreover, the Court and the parties may guard against such imagined misfeasance at the time of recovery by, *inter alia*, requiring the class member (whether lawyer or client) to certify that he or she by then had actually paid, without reimbursement, HealthPort's charges. The Court may also require a class member who is a lawyer to certify that his or her client agrees that the recovery for

---

[1] The Court assumes familiarity with the factual background of this case, as set forth in its prior opinions. *See Ruzhinskaya*, 2015 WL 6873399; *Spiro v. Healthport Techs., LLC*, 73 F. Supp. 3d 259 (S.D.N.Y. 2014).

overcharges belongs to the lawyer, and to submit appropriate documentary confirmation signed by the client. The Court is confident, in short, that an ably designed claims process can assure that the correct recipient is identified in a manner that leaves no meaningful risk of an undeserved double recovery.[2]

Second, HealthPort reprises several meritless standing-related arguments. For instance, HealthPort again argues that the proposed class definition wrongly creates two possible plaintiffs for each overcharge—attorney and client. *See* Def. Br. 5. The Court has already rejected this argument.[3] *See Ruzhinskaya*, 2015 WL 6873399, at *13. HealthPort also suggests that a potential class member who merely has an "obligation to pay" HealthPort has a "hypothetical" injury insufficient to create standing. Def. Br. 5. The Court has rejected this argument, too, *see Ruzhinskaya*, 2015 WL 6873399, at *23, although the Court fully expects that, to obtain a recovery, a class member would certify, during the claims process, that he or she by then had paid HealthPort's charges. Finally, HealthPort argues that "if this were an individual action, HealthPort would be able to assert as a defense that the individual was not injured because he/she never paid HealthPort, received full or partial reimbursement, or had no obligation to pay HealthPort." Def. Br. 6. HealthPort suggests that certification of the proposed class will destroy its ability to mount such defenses. That too is wrong. These arguments do not go to the ultimate

---

[2] For much the same reason, HealthPort's observation that the Court will have to "sort through" various practical issues in the claims process where attorneys made requests on behalf of clients, Def. Br. 8, supplies no reason to deny certification. The claims process is fully capable of identifying the person or entity who ultimately paid HealthPort's bill.

[3] While the Court rejected this and other arguments made in connection with Ruzhinskaya's bid for a statewide class, the issues are identical as applied to the narrower class.

issue of whether there was an overcharge. And HealthPort is at liberty to participate in the design of the claims process to guard against the fraudulent claims that it imagines.

Third, HealthPort objects that "there is a strong likelihood that aggregate liability would not reflect Plaintiffs' actual damages." Def. Br. 4; *see also id.* 7–8. The Court has already rejected this claim, explaining—in an analysis with which HealthPort does not engage—that cases disapproving of the use of statistical modeling in determining liability are "far afield." *Ruzhinskaya*, 2015 WL 6873399, at *16.

Fourth, HealthPort argues that Ruzhinskaya's unjust enrichment claim cannot be proven by classwide evidence. *See* Def. Br. 8. That too is wrong. Unlike in *Vaccariello v. XM Satellite Radio, Inc.*, 295 F.R.D. 62 (S.D.N.Y 2013), the relevant issue here is simply whether HealthPort's charged fee was excessive. A class member's voluntary accession to such a fee is no defense. *See Ruzhinskaya*, 2015 WL 6873399, at *10; *Spiro*, 73 F. Supp. 3d at 276 (rejecting the argument that voluntary payment of HealthPort's fee would bar an unjust enrichment claim).

Finding these and all other arguments raised by HealthPort unpersuasive, the Court hereby certifies a class defined as follows:

> All persons, who, at any time from March 12, 2011 to the present (the "Class Period"), paid for, or are obligated to pay for, copies of an individual's patient information requested from Beth Israel Medical Center by a "qualified person" as defined in New York Public Health Law § 18(1)(g), for which copies HealthPort Technologies, LLC charged $0.75 per page (the "Class").

As there have been no further objections to Ruzhinskaya serving as class representative or to Motley Rice LLC serving as class counsel, the Court reaffirms its finding that such appointments are appropriate. *See Ruzhinskaya*, 2015 WL 6873399, at *12, *24.

4

## CONCLUSION

The Court certifies under Rule 23 of the Federal Rules of Civil Procedure a class defined as follows:

> All persons, who, at any time from March 12, 2011 to the present (the "Class Period"), paid for, or are obligated to pay for, copies of an individual's patient information requested from Beth Israel Medical Center by a "qualified person" as defined in New York Public Health Law § 18(1)(g), for which copies HealthPort Technologies, LLC charged $0.75 per page (the "Class").

The Court further appoints Tatyana Ruzhinskaya as class representative and Motley Rice LLC as class counsel.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: December 17, 2015
       New York, New York