**MotleyRice** LLC
ATTORNEYS AT LAW

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
**o.** 860.882.1681   **f.** 860.882.1682

**Mathew P. Jasinski**
*Licensed in CT, NY*
direct:  860.218.2725
mjasinski@motleyrice.com

**VIA ECF**

June 2, 2016

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2201
New York, NY  10007

Re:   *Ruzhinskaya v. HealthPort Technologies, LLC, et al.*, No. 1:14-cv-02921 (PAE) (SDNY)
         Response to Motion to Reconsider Order on Plaintiff's Motion to Modify Discovery
         Deadline and for Leave to Serve Supplemental/Rebuttal Expert Report

Dear Judge Engelmayer:

On behalf of Plaintiff Tatyana Ruzhinskaya, I write briefly to respond to yesterday's motion to reconsider filed by Defendant HealthPort Technologies, LLC ("HealthPort") (Dkt. #178).

Making no mention of the conference scheduled for June 28, 2016—the only reason given by HealthPort when it declined to consent to Plaintiff's May 27 letter motion (Dkt. #176)—HealthPort now maintains that Plaintiff's expert may not consider information obtained by HealthPort's expert through *ex parte* discovery that HealthPort arranged using access to its principal and former co-defendant, Beth Israel Medical Center ("Beth Israel"), that Plaintiff plainly does not enjoy.  The Court should not countenance such gamesmanship.

Tellingly, HealthPort cites no authority for the novel proposition that a party may use its expert to conduct shadow discovery and then prevent its adversary's expert from relying upon the same information (once made known) on the ground that the adversary lacked diligence by unwittingly relying upon Federal Rules of Civil Procedure 30 and 45.  Nor does HealthPort marshal any support for its curious position that, among other things, the Declaration of Yazmin Navarro, Beth Israel's Rule 30(b)(6) witness, is HealthPort's expert's "work product."

Had HealthPort subpoenaed Beth Israel, Plaintiff would have had the opportunity to participate, just as HealthPort examined Ms. Navarro at length during the deposition noticed by Plaintiff.  The topics for that deposition included, *inter alia*, "[t]he number of Beth Israel employees responsible for processing, in whole or in part, medical records requests directed to Beth Israel, their titles, and their responsibilities" and "[c]osts incurred by Beth Israel in providing records in response to records requests."  (*See* **Exhibit A** hereto, Notice of Fed. R. Civ. P. 30(b)(6) Deposition of Beth Israel Medical Center at 2 (Apr. 15, 2015).)  The notion that Plaintiff was not diligent because she declined to seek to depose Beth Israel twice on the same topics is specious.



June 2, 2016
Page 2

The cases cited by HealthPort are inapposite. In *Hernandez v. Immortal Rise, Inc.*, No. 11 Civ. 4360 (RRM)(LB), 2013 U.S. Dist. LEXIS 56658 (E.D.N.Y. Apr. 19, 2013), the court denied the plaintiffs' request to amend the complaint to add a defendant on the ground that the plaintiffs could have met the joinder deadline because they had discovered facts sufficient to allege a claim against the proposed defendant two weeks before that deadline. *Id*. at *6. In *Kassim v. City of Schenectady*, 221 F.R.D. 363 (N.D.N.Y 2003), the plaintiff sought leave to select an expert, retain an expert, issue a report, and allow defendants to depose the expert—all after the end of discovery. *Id*. at 366.

HealthPort's objection to permitting Plaintiff's expert to rebut its experts fares no better. On the one hand, HealthPort stresses Plaintiff's burden of proof; on the other, it seeks to deprive her of the opportunity to respond to its experts' attacks on her own. HealthPort complains that it will have no opportunity to depose Mr. Royston following the submission of his rebuttal report, but it chooses not to seek leave to do so. The fact that Plaintiff had advocated for simultaneous submissions of expert reports is of no moment. The Court adopted Defendants' staggered approach, which—for all of the reasons set forth in Plaintiff's May 27 letter—has given rise to the need for rebuttal.

"Reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Brown v. Coleman*, No. 07 Civ. 1345 (LMM) (RLE), 2009 U.S. Dist. LEXIS 106069, at *2-*3 (S.D.N.Y. Nov. 13, 2009) (internal quotation marks omitted). Although a court may grant a motion for reconsideration "to correct a clear error of law or prevent manifest injustice," *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal quotations omitted), HealthPort's motion falls well short of this mark. It should be denied.

Respectfully submitted,

    /s/
Mathew P. Jasinski

encl.
cc:     All counsel of record (via ECF).