**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TATYANA RUZHINSKAYA, as Administratrix of the Estate of MARINA ROCHNIAK, Deceased, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>HEALTHPORT TECHNOLOGIES, LLC,<br><br>        Defendant. | Case No.: 1:14-cv-02921 (PAE)<br><br>ECF Case<br><br><br><br>**[PROPOSED]**<br>**JOINT PRE-TRIAL ORDER** |

## <u>TABLE OF CONTENTS</u>

1.  Parties and Counsel ..................................................................................................... 1
    A.    Plaintiffs ............................................................................................................. 1
    B.    Defendant ........................................................................................................... 1
2.  Subject Matter Jurisdiction ........................................................................................ 2
    A.    Plaintiffs' Statement .......................................................................................... 2
    B.    Defendant's Response ........................................................................................ 2
3.  Claims and Defenses ................................................................................................... 2
    A.    Plaintiffs' Summary of Claims to Be Tried ...................................................... 2
    B.    Defendant's Summary of Claims and Defenses to Be Tried ............................. 3
          1.    Alleged Violation of N.Y. Public Health Law § 18 ............................... 4
          2.    Alleged Deceptive Trade Practices Claim ............................................. 5
          3.    Unjust Enrichment ................................................................................. 8
4.  Jury Trial and Estimated Length of Trial .................................................................. 8
5.  Trial By Magistrate Judge .......................................................................................... 8
6.  Stipulations ................................................................................................................. 8
7.  Lists of Witnesses ..................................................................................................... 13
    A.    Plaintiffs' Witness List ................................................................................... 13
    B.    Defendant's Witness List ................................................................................ 15
8.  Deposition Designations ........................................................................................... 17
    A.    Plaintiffs' Deposition Designations ................................................................ 17
          1.    Bryan Gery, as the Designated 30(b)(6) Representative on Behalf
                of Defendant HealthPort Technologies, LLC (Apr. 17, 2015) ............. 17
          2.    Matthew Rohs, as the Designated 30(b)(6) Representative on
                Behalf of Defendant HealthPort Technologies, LLC (Mar. 26,
                2015) ..................................................................................................... 19
          3.    Jeffrey Stephens, as the Designated 30(b)(6) Representative on
                Behalf of Defendant HealthPort Technologies, LLC (Feb. 4, 2015) ........ 22
          4.    Gregory Trerotola, as the Designated 30(b)(6) Representative on
                Behalf of Defendant HealthPort Technologies, LLC (Apr. 16,
                2015) ..................................................................................................... 22
    B.    Defendant's Deposition Designations ............................................................. 23
          1.    Bryan Gery, as the Designated 30(b)(6) Representative on Behalf
                of Defendant HealthPort Technologies, LLC (Apr. 17, 2015) ............. 23
          2.    Jeffrey Stephens, as the Designated 30(b)(6) Representative on
                Behalf of Defendant HealthPort Technologies, LLC (Feb. 4, 2015) ........ 25

3.      Gregory Trerotola, as the Designated 30(b)(6) Representative
        on Behalf of Defendant HealthPort Technologies, LLC
        (Apr. 16, 2015) ........................................................................................ 26

9.      Exhibit Lists ....................................................................................................... 27

        A.      Plaintiffs' Exhibit List .............................................................................. 27

        B.      Defendant's Exhibit List ........................................................................... 31

Following pretrial proceedings, pursuant to Federal Rule of Civil Procedure 16 and

Rule 5.A. of the Individual Rules and Practices in Civil Cases of Judge Paul A. Engelmayer,

**IT IS ORDERED**:

1.     **PARTIES AND COUNSEL**

    A.     **Plaintiffs**

    Plaintiff Tatyana Ruzhinskaya, as Administratrix of the Estate of Marina Rochniak,

Deceased, and the members of the Class (collectively, "Plaintiffs") are represented by:

| | |
|---|---|
| William H. Narwold | |
| Mathew P. Jasinski | |
| Michael J. Pendell | |
| Laura W. Ray | *New York Office*: |
| MOTLEY RICE LLC | |
| 20 Church Street, 17th Floor | 600 Third Ave., Suite 2101 |
| Hartford, CT 06103 | New York, NY 10016 |
| Tel.: (860) 882-1681 | Tel.: (212) 577-0040 |
| Fax: (860) 882-1682 | Fax: (212) 577-0054 |

    B.     **Defendant**

    Defendant HealthPort Technologies, LLC ("Defendant" or "HealthPort") is
represented by:

| | |
|---|---|
| THOMPSON HINE LLP | Rebecca Brazzano |
| | 335 Madison Avenue, 12th Floor |
| | New York, New York 10017 |
| Seth A. Litman | Tel.: (212) 344-5680 |
| Alexandra C. Nelson | Fax: (212) 344-6101 |
| 3560 Lenox Road | |
| Two Alliance Center | Kip T. Bollin |
| Suite 1600 | 127 Public Square, Suite 3900 |
| Atlanta, GA 30326 | Cleveland, OH 44114-1291 |
| Tel.: (404) 541-2900 | Tel.: (216) 566-5500 |
| Fax: (404) 541-2905 | Fax: (216) 566-5800 |

2.      **SUBJECT MATTER JURISDICTION**

     A.      **Plaintiffs' Statement**

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§ 1441(b) and 28 U.S.C. § 1332(d)(2)(A), in that Defendant removed this action from New York

Supreme Court, and it is a "civil action in which the matter in controversy exceeds the sum or

value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any

member of a class of plaintiffs is a citizen of a State different from any defendant." Plaintiff

Tatyana Ruzhinskaya is a citizen of New York. Defendant is a Georgia limited liability company

with its principal place of business in Alpharetta, Georgia. None of Defendant's members is a

citizen of New York.

     B.      **Defendant's Response**

Defendant agrees that this Court has subject matter jurisdiction over this matter pursuant

to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332(d)(2)(A). Defendant also agrees that minimal

diversity existed at the time of removal between the parties for the reasons stated by Plaintiff

above. Defendant denies that the amount in controversy exceeds the sum or value of $5,000,000,

exclusive of interests and costs today. However, because this action was properly removed under

the Class Action Fairness Act of 2005, this Court maintains jurisdiction over this matter. *See*

*Abraham v. Am. Home Mortg. Servicing,* 947 F. Supp. 2d 222, 233 (E.D.N.Y. 2013).

3.      **CLAIMS AND DEFENSES**

     A.      **Plaintiffs' Summary of Claims to Be Tried**

All three counts of the Second Amended Complaint (Dkt. #39) remain to be tried against

HealthPort. Count One alleges that HealthPort violated New York Public Health Law ("PHL")

§ 18. Section 18 provides in relevant part that, "upon the written request of any qualified person,

a health care provider shall furnish to such person, within a reasonable time, a copy of any

patient information requested . . . . The provider may impose a reasonable charge for all . . . copies, not exceeding the costs incurred by such provider . . . . However, the reasonable charge for paper copies shall not exceed seventy-five cents per page." PHL § 18(2)(d)-(e). Plaintiffs contend that HealthPort violated the statute by uniformly charging the statutory cap of 75¢ per page for copies, because this amount exceeded the "costs incurred" for making such copies.

Count Two alleges that HealthPort violated New York General Business Law ("GBL") § 349(a), which provides: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." *Id*. Plaintiffs contend that HealthPort violated GBL § 349 by charging 75¢ per page without making any effort to determine the "costs incurred" for copying patient information and by failing to disclose this fact and the fact that the costs incurred for copies provided by HealthPort averaged below 75¢ per page.

Count Three sets forth a claim for unjust enrichment. Plaintiffs contend that HealthPort has been unjustly enriched by its receipt of inflated copy charges—including charges HealthPort itself attributes to costs incurred by Beth Israel Medical Center ("Beth Israel")—and that equity and good conscience require restitution.

On January 26, 2015, Plaintiffs stipulated to the dismissal of their claims against Beth Israel under PHL § 18 and GBL § 349. (Dkt. #57.) The Court previously had dismissed Plaintiffs' claim against Beth Israel for unjust enrichment, as well as Plaintiffs' claim against both HealthPort and Beth Israel for injunctive relief, and other plaintiffs' claims on statute of limitations grounds. (Dkt. #38.)

### B.   Defendant's Summary of Claims and Defenses to Be Tried

The three remaining claims – violation of New York Public Health Law § 18, violation of General Business Law § 349, and unjust enrichment – all fail unless Plaintiffs can establish that

HealthPort's costs incurred to reproduce medical records at Beth Israel Medical Center ("Beth Israel") between March 12, 2011 and December 31, 2015 (the class period) were below 75¢ per page generally.[1] Thus, HealthPort's overarching defense is that its average per page cost to respond to medical records requests at Beth Israel during the class period exceeded 75¢ per page, which is supported by the opinions of HealthPort's expert witnesses. However, HealthPort also has individualized defenses to Plaintiffs' claims as described below.

### 1.   Alleged Violation of N.Y. Public Health Law § 18

Plaintiffs' New York Public Health Law § 18 claim fails for the simple reason that HealthPort properly charged 75¢ per page (the statutory maximum) to respond to Plaintiffs' medical records requests because its average, cost incurred during the class period well-exceeded 75¢. Section 18 states that a medical provider must furnish medical records upon receipt of a proper written request by an authorized person. NY C.L.S. Pub. Health § 18(2)(d). The medical provider, however, "may impose a reasonable charge for all inspections and copies, not exceeding the costs incurred by such provider," with such charge not to exceed 75¢ per page. (*Id.* § 2(e).)

The statute does not define what is a "reasonable charge" for the provision of copies of patient medical records. However, in its November 9, 2015 Order, the Court rejected Plaintiff's narrow construction of what is included in "costs incurred", and held that costs incurred had a broader meaning:

> [Section] 18(2)(e)'s unqualified reference to "costs incurred" permits a provider to be reimbursed (up to 75 cents per page) for *all* demonstrable and reasonable costs incurred in providing its services to a requester. These include indirect as well as direct costs. And they may include the labor, supply, and overhead costs

---

[1] The claims to be tried as limited to those in Plaintiffs' Second Amended Complaint (Dkt. 39) and as limited by the class definition in the Court's December 17, 2015 Order (Dkt. 166).

> associated with every step of the process of fulfilling a request for copies of medical records, spanning receipt of the request, through retrieval and copying of the responsive records, to delivery to the requester.

(Dkt. 151 at 10-11.) The Court concluded that direct and indirect costs, including overhead, attributable to all of the steps in responding to a records request could be included in determining the costs incurred. (*Id.* at 10-13.)

Applying the statute's terms, the Court's specific statement that indirect costs are part of the costs incurred calculation, and averaging the costs over the entire class period, HealthPort's expert, Gregory Trerotola, determined that during the class period, the average cost per page to respond to medical requests at Beth Israel was 97¢ per page. Therefore, by charging 75¢ per page, HealthPort fully complied with § 18.

## 2.    Alleged Deceptive Trade Practices Claim

General Business Law § 349 does not apply to this case but, if it does, HealthPort did not violate it. To succeed on their claim, Plaintiffs must prove by a preponderance of the evidence that: (1) the act or practice of charging Plaintiff 75¢ was consumer-oriented; (2) HealthPort's conduct in invoicing qualified representatives 75¢ per page, which was fully disclosed before payment was made, was deceptive or misleading in a material way; and (3) Plaintiffs have been injured by reason thereof. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25-26 (1995).

Plaintiffs' claim against HealthPort is based on their contention that HealthPort violated New York Public Health Law § 18. As noted above, HealthPort properly charged 75¢ per page in accordance with § 18. Accordingly, Plaintiffs have no claim under General Business Law § 349. However, Plaintiffs' Section 349 claim also fails for several other reasons.

### a.   <u>Consumer-Oriented</u>

Plaintiffs must first establish that the transactions between HealthPort and the qualified representatives were consumer-oriented. *In re LIBOR-Based Fin. Instrs. Antitrust Litig.*, No. 11 MDL 2262 (NRB), 2015 U.S. Dist. LEXIS 107225, at *333-34 (S.D.N.Y. Aug. 4, 2015). That means that Plaintiffs must have been purchasing goods or services for personal, family or household use. *See Sheth v. N.Y. Life Ins. Co.*, 273 A.D.2d 72, 73, 709 N.Y.S.2d 74, 75 (App. Div. 2000) (practice targeting prospective insurance agents not consumer-oriented transaction); *Rogers v. Sterling Foster & Co.*, 222 F. Supp. 2d 216, 286 (E.D.N.Y. 2002) (purchasing securities as an investment is not a consumer-oriented transaction).

Plaintiffs cannot meet the "consumer oriented" standard for two reasons: (1) the records requests were business-to-business transactions between equally sophisticated parties with knowledge of the law (*i.e.*, HealthPort and experienced counsel); and (2) they were transactions in support of that counsel's litigation efforts, which is not a personal, family or household use.[2]

### b.   <u>Deceptive/Misleading</u>

Plaintiffs also cannot establish that HealthPort engaged in materially deceptive or misleading conduct as required under Section 349. *Corcino v. Filstein*, 2006 NY Slip Op 6125, ¶ 1, 32 A.D.3d 201, 202, 820 N.Y.S.2d 220, 221 (App. Div.). A deceptive act or practice is a material misrepresentation or omission likely to mislead a reasonable consumer acting reasonably under the circumstances, *Medisim Ltd. v. BestMed LLC*, 910 F. Supp. 2d 591, 607 (S.D.N.Y. 2012), and which is likely to impact their choice of product. *Id.* (quoting *Novartis Corp. v. F.T.C.*, 343 U.S. App. D.C. 111, 223 F.3d 783, 787 (D.C. Cir. 2000)).

---

[2] To the extent some class members sought medical records for a consumer purpose, as opposed to a litigation purpose, the class should be de-certified as to the General Business Law § 349 claim because Ms. Ruzhinskaya would not be typical or representative of those class members.

In addition, a challenged business practice does not violate the prohibition against deceptive business practices under General Business Law § 349, if the practices are fully disclosed prior to the transaction. *Sands v. Ticketmaster-N.Y.*, 207 A.D.2d 687, 687, 616 N.Y.S.2d 362 (1st Dep't 1994); *Zuckerman v. BMG Direct Mktg., Inc.*, 290 A.D.2d 330, 330-31, 737 N.Y.S.2d 14 (1st Dep't 2002). There is no dispute that HealthPort disclosed its charges in an itemized statement to Plaintiff's counsel prior to receiving payment. Thus, Plaintiffs could not have been misled or deceived by HealthPort's charges.

### c.  <u>Injury</u>

Plaintiffs must also prove that they suffered an injury that was the result of HealthPort's alleged deceptive act or practice. However, the claimed deception cannot itself be the only injury. *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 55-57, 698 N.Y.S.2d 615, 720 N.E.2d 892 (1999) (rejecting theory of deception as both act and injury); *Donahue v. Ferolito, Vultaggio & Sons*, 13 A.D.3d 77, 78, 786 N.Y.S.2d 153 (1st Dep't 2004) (same).

Here, Plaintiffs cannot prove any actual injury. Ms. Ruzhinskaya's litigation costs were fully reimbursed, including the cost to obtain medical records, as part of the settlement of her underlying case.

### d.  <u>Treble Damages</u>

General Business Law § 349 only permits an award of treble damages in an amount up to $1,000 for each violation if the allegedly deceiving party acted *willfully or knowingly*. N.Y. Gen. Bus. L. § 349(h). The willful or knowing standard, which imposes a form of punitive damages, requires conduct evidencing a high degree of moral culpability, conduct that is so flagrant as to transcend mere carelessness, or conduct constituting willful or wanton negligence or recklessness. *Pellegrini v. Richmond Cnty. Ambulance Serv., Inc.*, 48 A.D.3d 436, 437, 851 N.Y.S.2d 268 (2008).

Plaintiffs cannot satisfy the standard for treble damages. The evidence from both HealthPort and Plaintiffs shows that HealthPort, even if incorrect, reasonably interpreted and applied New York Business Law § 18. Moreover, there is simply no evidence that HealthPort knowingly imposed an unlawful charge on qualified representatives.

### 3.    Unjust Enrichment

As a catchall in case the other claims fail, Plaintiffs also asserted a claim for unjust enrichment, alleging that HealthPort was unjustly enriched to the extent it charged more than 75¢ per page for responding to their medical records requests. To succeed on this claim, Plaintiffs must, by a preponderance of the evidence, prove: (1) HealthPort received a direct benefit from the Plaintiffs; (2) the benefit was received at the Plaintiffs' expense; and (3) equity and good conscience require HealthPort to return the benefit. *See Kaye v. Grossman*, 202 F.3d 611,616 (2d Cir. 2000).

Plaintiffs cannot recover on the unjust enrichment claim under any circumstances because (1) HealthPort properly charged qualified representatives 75¢ per page to provide copies of medical records; (2) a contract governing the same subject matter as the unjust enrichment claim exists; and (3) Plaintiffs are not entitled to double recovery.

### 4.    JURY TRIAL AND ESTIMATED LENGTH OF TRIAL

This case is to be tried to a jury. The parties anticipate that the trial will take approximately six (6) days.

### 5.    TRIAL BY MAGISTRATE JUDGE

The parties do not consent to trial by a Magistrate Judge.

### 6.    STIPULATIONS

1.    Plaintiff Tatyana Ruzhinskaya ("Plaintiff") is the Administratrix of the estate of Marina Rochniak.

2.      Defendant HealthPort Technologies, LLC ("HealthPort") is a Georgia limited liability company with its principal place of business in Alpharetta, Georgia.

3.      Following the merger of HealthPort with other entities, which occurred after the Class Period in March 2016, HealthPort is now known as CiOX Health.

4.      HealthPort is a release of information ("ROI") company that is in the business of processing requests for, and copying, medical records on behalf of healthcare providers. HealthPort's services are performed both on-site at the healthcare providers' facilities and through a central processing service center in Alpharetta, Georgia that indexes, audits, prints, and distributes copies of medical records to authorized requestors from all of its facilities nationwide.

5.      Beth Israel Medical Center ("Beth Israel") is a hospital located on Manhattan's lower east side.

6.      HealthPort acquired ChartOne, Inc. ("ChartOne") in 2008, and in so doing replaced ChartOne as Beth Israel's ROI contractor.

7.      As part of its acquisition of ChartOne, HealthPort assumed ChartOne's rights and obligations under the Master Professional Services and Equipment Agreement (HEALTHPORT009961-009968), Modification Addendum (HEALTHPORT009959-009960), eWeb Release of Information Service Order (HEALTHPORT009954-009958), and Business Associate Agreement (HEALTHPORT009945-009953) (collectively, the "Agreements") between ChartOne and Beth Israel effective July 1, 2007.  HealthPort and Beth Israel entered into a Business Associate Agreement on September 19, 2011 (HEALTHPORT009937 – 9944).

8.      The documents bates stamped HEALTHPORT009961-009968, HEALTHPORT009959-009960, HEALTHPORT009954-009958, HEALTHPORT009945-009953, and HEALTHPORT009937-9944 are authentic business records of HealthPort made and/or kept in the course of its regularly conducted business.

9.      HealthPort provides Beth Israel a service offering described internally at HealthPort as "ROI Basic Plus."

10.     Beth Israel is a "health care provider" or "provider" as these terms are used in New York Public Health Law § 18.

11.     As an ROI contractor for Beth Israel, HealthPort is subject to the obligations of a health care provider under New York Public Health Law § 18.

12.     New York Public Health Law § 18 applies to medical records produced by HealthPort in New York.

13. "Qualified persons" include patients, their estates, and attorneys acting on behalf of patients and their estates.

14. New York Public Health Law § 18 limits the charges for copies of medical records requested by "qualified persons" to the provider's "costs incurred" and sets a 75 cents per page cap on such charges. The 75 cents per-page cap was added in 1991 and has not been changed since that time.

15. Beth Israel provides HealthPort with individual patient medical records so that HealthPort can respond to requests for medical records made to Beth Israel by properly authorized requestors.

16. Beth Israel does not pay HealthPort a fee for its provision of ROI services to the hospital and authorized requestors.

17. In October 2010, Marina Rochniak commenced a medical malpractice action in New York Supreme Court.

18. On December 8, 2012, Marina Rochniak died, and Plaintiff continued to prosecute the medical malpractice action as the Administratrix of her mother's estate.

19. On January 15, 2013, Plaintiff executed a retainer agreement with the law firm of Simonson Hess Leibowitz & Goodman, P.C. ("Simonson Hess"), pursuant to which Plaintiff was obligated to reimburse Simonson Hess for its disbursements in the event of a monetary recovery.

20. On or about June 4, 2013, Beth Israel received a written request from Simonson Hess, for Marina Rochniak's medical records (the "Request").

21. Simonson Hess was a "qualified person" within the meaning of New York Public Health Law § 18.

22. In response to the Request, HealthPort forwarded an invoice ending in 3579 (the "Invoice") to Simonson Hess for the processing, copying and delivering of 185 pages of Marina Rochniak's medical records, in which invoice HealthPort charged 75 cents per page. The total amount of the Invoice was $140.75.

23. On or about July 8, 2013, Simonson Hess paid the Invoice in full.

24. On or about August 19, 2013, the New York Supreme Court approved the settlement of the medical malpractice action, and thus a monetary recovery for Plaintiff. The court also approved reimbursing Simonson Hess from these settlement funds for itemized disbursements advanced in prosecuting the medical malpractice action.

25.    The cost of obtaining Ms. Rochniak's Beth Israel medical records through HealthPort was an itemized expense approved for reimbursement by the New York Supreme Court.

26.    Plaintiff is a representative of all persons, who, at any time during the Class Period, paid for, or became obligated to pay for, copies of an individual's patient information requested from Beth Israel by a "qualified person" as defined in New York Public Health Law § 18, for which copies HealthPort charged 75 cents per page.

27.    The document bates stamped HEALTHPORT 024468-73 is an authentic business record of HealthPort made and kept in the course of its regularly conducted business and is an accurate summary of data contained in HealthPort's databases.

28.    The document bates stamped HEALTHPORT 024474-75 is an authentic business record of HealthPort made and kept in the course of its regularly conducted business and is an accurate summary of data contained in HealthPort's databases.

29.    The document bates stamped HEALTHPORT 024929-33 is an authentic business record of HealthPort made and kept in the course of its regularly conducted business and is an accurate summary of data contained in HealthPort's databases

30.    The document bates stamped HEALTHPORT 024934 is an authentic business record of HealthPort made and kept in the course of its regularly conducted business and is an accurate summary of data contained in HealthPort's databases.

31.    The document bates stamped HEALTHPORT 024803 is an authentic business record of HealthPort made and kept in the course of its regularly conducted business and is an accurate summary of data contained in HealthPort's databases.

32.    The document bates stamped HEALTHPORT 024926-27 is an authentic business record of HealthPort made and kept in the course of its regularly conducted business and is an accurate summary of data contained in HealthPort's databases.

33.    The document bates stamped HEALTHPORT 024836-838 is an authentic business record of HealthPort made and kept in the course of its regularly conducted business and is an accurate summary of data contained in HealthPort's databases.

34.    The document bates stamped BI 000998-1027 is an authentic business record of Beth Israel made and kept in the course of its regularly conducted business and is an accurate summary of data contained in Beth Israel's databases.

35.    The document bates stamped BI 001049 is an authentic business record of Beth Israel made and kept in the course of its regularly conducted business and is an accurate summary of data contained in Beth Israel's databases.

36.   The document bates stamped BI 001069 is an authentic business record of Beth Israel made and kept in the course of its regularly conducted business and is an accurate summary of data contained in Beth Israel's databases.

37.   The document bates stamped BI 001103-08 is an authentic business record of Beth Israel made and kept in the course of its regularly conducted business and is an accurate representation of data contained in Beth Israel's databases.

38.   The document bates stamped BI 001114 is an authentic business record of Beth Israel made and kept in the course of its regularly conducted business and is an accurate representation of data contained in Beth Israel's databases.

39.   The document bates stamped BI 001116–20 is an authentic business record of Beth Israel made and kept in the course of its regularly conducted business and is an accurate representation of data contained in Beth Israel's databases.

40.   The document bates stamped BI 001121–29 is an authentic business record of Beth Israel made and kept in the course of its regularly conducted business and is an accurate representation of data contained in Beth Israel's databases.

41.   The document bates stamped BI 001130–40 is an authentic business record of Beth Israel made and kept in the course of its regularly conducted business and is an accurate representation of data contained in Beth Israel's databases.

42.   The document bates stamped BI 001185-89 is an authentic business record of Beth Israel made and kept in the course of its regularly conducted business and is an accurate summary of data contained in Beth Israel's databases.

43.   The document bates stamped BI 001190-227 is an authentic business record of Beth Israel made and kept in the course of its regularly conducted business and is an accurate summary of data contained in Beth Israel's databases.

44.   The document bates stamped BI 001229 is an excerpt from an authentic business record of Beth Israel made and kept in the course of its regularly conducted business and is an accurate summary of data contained in Beth Israel's databases.

45.   The document bates stamped BI 001028-1045 is an authentic business record of Beth Israel made and kept in the course of its regularly conducted business.

46.   The document bates stamped BI001070-1102 is an authentic business record of Beth Israel made and kept in the course of its regularly conducted business.

47.   The document bates stamped BI 001228 is an excerpt from an authentic business record of Beth Israel made and kept in the course of its regularly conducted business and is an accurate summary of data contained in Beth Israel's databases.

48.   Exhibit Number 26 to Plaintiff's exhibit list herein includes Beth Israel data that reports the total salaries paid to employees of Beth Israel's Medical Records

Department from 2011 to 2015.  This information was made and kept in the course of Beth Israel's regularly conducted business and is an accurate summary of data contained in Beth Israel's databases.

49.     The spreadsheet titled "Ruzh Beth Israel Spread - CONFIDENTIAL - to produce.xlsx" (HEALTHPORT024843-024925) is an authentic business record of HealthPort.  The record is a compilation of data showing requests for copies of medical records made to Beth Israel by "qualified persons" that were processed and copied by HealthPort from 2011 to 2015.  The data that makes up this spreadsheet were made and kept in the course of HealthPort's regularly conducted business and were obtained from the following HealthPort databases: LawProd, ROIProd and ESmartLog.

50.      HealthPort compiled the spreadsheet titled "Ruzh Beth Israel Spread - CONFIDENTIAL - to produce.xlsx" (HEALTHPORT024843-024925) by writing a script using what is called structured query language that enabled HealthPort to retrieve the specific information contained in the spreadsheet from its LawProd, ROIProd and SmartLog databases.

51.     HealthPort maintains information for each customer, including the following: (1) every request made by the customer for medical records, (2) the invoices sent to each customer for copying the medical records requested, and (3) all payments made to HealthPort for copies of medical records.

## 7.     **LISTS OF WITNESSES**

### A.     **Plaintiffs' Witness List**

|    | Witness | Substance of Testimony | Live or Deposition |
|----|---------|------------------------|--------------------|
| 1. | Bryan Gery, as a designated Rule 30(b)(6) representative on behalf of HealthPort | Mr. Gery will testify about HealthPort, including its service offerings, cost structure, financial reporting, per-page pricing, and the manner by which HealthPort determined its per-page pricing. | Deposition |
| 2. | Yazmin Navarro, as a designated Rule 30(b)(6) representative on behalf of Beth Israel | Ms. Navarro will testify about the release of information process as it takes place at Beth Israel, HealthPort's operations and staffing at Beth Israel, the per-page fees charged for copying medical records, and Beth Israel's efforts to determine the costs incurred to reproduce medical records. | Live |

| | Witness | Substance of Testimony | Live or Deposition |
|---|---|---|---|
| 3. | Matthew Rohs, as a designated Rule 30(b)(6) representative, on behalf of HealthPort | Mr. Rohs will testify about the release of information industry in general and HealthPort in particular, including HealthPort's corporate structure, New York operations, staffing levels, cost structure, agreement with Beth Israel, logging and tracking capabilities, per-page fees, and familiarity with Public Health Law § 18. | Deposition |
| 4. | Richard Royston | Mr. Royston will testify about the cost data provided by HealthPort and Beth Israel, his computation of various costs reported therein, and his analysis of those costs as they relate to responding to requests for medical records. Mr. Royston will offer expert testimony regarding these costs, and he will testify regarding the computation of overcharges that result. | Live |
| 5. | Tatyana Ruzhinskaya | Ms. Ruzhinskaya will testify about her medical records request and her role as class representative. | Live |
| 6. | Jeffrey Stephens, as a designated Rule 30(b)(6) representative on behalf of HealthPort | Mr. Stephens will testify about data maintained by HealthPort regarding the invoices at issue in this case. | Live and/or by deposition |
| 7. | Gregory Trerotola, as a designated Rule 30(b)(6) representative on behalf of HealthPort | Mr. Trerotola will testify about HealthPort's efforts to determine the costs incurred to reproduce medical records in New York. | Live and/or by deposition |
| 8. | Records custodians | Plaintiffs reserve the right to call any records custodians necessary to authenticate or otherwise lay the foundation for admission of any evidence identified for trial purposes. | Live |
| 9. | Defense witnesses | Plaintiffs reserve the right to call any and all witnesses or experts listed by HealthPort on its witness list. | Live and/or by deposition |

|  | Witness | Substance of Testimony | Live or Deposition |
|---|---|---|---|
| 10. | Impeachment or rebuttal witnesses | Plaintiffs reserve the right to call any additional witnesses for the purposes of impeachment or rebuttal. | Live and/or by deposition |

### B.    Defendant's Witness List

|  | Witness | Substance of Testimony | Live or Deposition |
|---|---|---|---|
| 1. | George Abatgoglou | Mr. Abatgoglou will testify in person as a corporate representative. He will present testimony on behalf of CiOX Health, f/k/a HealthPort Technologies, LLC's ("CiOX") relating to its general operations and its operations at sites like Beth Israel during the Class Period. | Live |
| 2. | Yazmin Navarro | Ms. Navarro will testify in person as a Beth Israel corporate representative. She will present testimony on Beth Israel's operations and protocol's associated with responding to medical records requests made to Beth Israel during the Class Period. | Live |
| 3. | Steven Hess | Mr. Hess will testify in person. Mr. Hess will testify regarding the facts surrounding requests for medical records to hospitals by, and on behalf of clients of, the law firm Simonson Hess Leibowitz & Goodman ("Simonson Hess"). Mr. Hess will also testify about Simonson Hess's requests for, and payment of, the medical records of Marina Rochniak, and the facts surrounding Simonson Hess' reimbursement for the expenses it incurred in obtaining the Rochniak records. | Live |
| 4. | Tatyana Ruzhinskaya | Ms. Ruzhinskaya will testify in person. CiOX intends to question Ms. Ruzhinskaya on the request for, and payment of, Marina Rochniak's medical records. | Live |

| | Witness | Substance of Testimony | Live or Deposition |
|---|---|---|---|
| 5. | A CiOX Financial Corporate Representative | A CiOX Corporate Representative will testify live regarding the source and accuracy CiOX's financial data used to support the costs incurred analysis performed in regard to medical record requests at Beth Israel Hospital during the Class Period. | Live |
| 6. | Raymond Cosner, VP for Health Information Management ("HIM") | Mr. Cosner will testify live regarding the source and accuracy of Beth Israel's financial data used to support the costs incurred analysis performed in regard to medical record requests at Beth Israel Hospital during the Class Period. | Live |
| 7. | A CiOX Corporate Representative from Beth Israel | A CiOX Corporate Representative will testify live regarding CiOX's operations and protocol's associated with responding to medical records requests made to Beth Israel during the Class Period. | Live |
| 8. | Greg Trerotola | Mr. Trerotola will testify in person. He will present testimony on the cost incurred per page at Beth Israel Medical Center ("Beth Israel") to respond to medical records requests made to Beth Israel from March 12, 2011 to December 31, 2015 (the "Class Period"). | Live |
| 9. | Bryan Hirsch | Mr. Hirsch will testify in person. Mr. Hirsch will present testimony on professional accounting standards including relating to litigation support and in performing cost analyses. | Live |
| 10. | Plaintiff's Witnesses | CiOX reserves the right to call any and all witnesses or experts, either live or by deposition, listed by Plaintiff on her witness list. | Live and/or by deposition |
| 11. | Impeachment or rebuttal witnesses | CiOX reserves the right to call any additional witnesses either live or by deposition for the purposes of impeachment or rebuttal. | Live and/or by deposition |

8.    **DEPOSITION DESIGNATIONS**

    A.    **Plaintiffs' Deposition Designations**[3]

        1.    **Bryan Gery, as the Designated 30(b)(6) Representative on Behalf of Defendant HealthPort Technologies, LLC (Apr. 17, 2015)**

| Plaintiffs' Designations | Defendant's Objections | Counter-Designations |
|---|---|---|
| 6:11–6:13 | | |
| 6:19–6:20 | | |
| 7:9–7:14 | | |
| 7:16–8:1 | | |
| 8:11–8:13 | | |
| 8:15–8:16 | Relevance | |
| 8:19–9:5 | Relevance (8:19-9:1) | |
| 9:15–10:10 | | |
| 10:25–11:23 | Relevance | |
| 12:3–12:13 | | |
| 12:25–13:10 | 13:6-10 – Objection on basis that question was not answered | |
| 13:20–15:17 | Relevance | |
| 18:22–19:4 | Relevance | |
| 21:9–21:13 | | |
| 23:19–23:25 | | |
| 24:1–24:11 | | |
| 24:16–24:16 | | |
| 26:9–26:22 | | |
| 27:2–27:4 | | |
| 29:20–30:1 | | |
| 30:4–30:5 | | |
| 30:7–30:23 | | |
| 30:25–31:1 | | |
| 37:16–37:18 | | |
| 37:20–38:3 | | |
| 38:6–38:18 | | |
| 39:13–40:11 | | |
| 40:17–41:21 | | |
| 42:10–44:6 | | 44:7–44:11 |
| 44:15–45:13 | | |
| 45:17–45:22 | | |
| 46:8–46:17 | | |
| 52:20–52:22 | | |

---

[3] HealthPort objects to the use of deposition testimony that is cumulative of live testimony of company witnesses.

Case 1:14-cv-02921-PAE   Document 193   Filed 08/11/16   Page 21 of 40

| Plaintiffs' Designations | Defendant's Objections | Counter-Designations |
|---|---|---|
| 52:24–54:14 | | |
| 56:20–56:21 | | |
| 56:25–57:9 | | |
| 58:2–58:7 | | |
| 61:10–61:14 | | |
| 61:25–62:13 | | |
| 62:20–63:4 | | |
| 66:6–66:8 | | |
| 66:11–66:12 | | |
| 66:14–67:11 | | |
| 76:21–76:22 | Relevance | |
| 77:4–77:12 | Relevance | |
| 77:25–78:4 | Relevance | |
| 81:19–82:4 | | |
| 82:10–82:18 | | 82:19–82:20 |
| 82:21–82:24 | Cumulative of live testimony | |
| 83:1–83:4 | Cumulative of live testimony | |
| 83:7–83:9 | Cumulative of live testimony | |
| 83:11–83:14 | Cumulative of live testimony | |
| 85:1–86:10 | Cumulative of live testimony | |
| 87:23–88:9 | Relevance; Cumulative of live testimony | |
| 88:16–88:21 | Relevance; Cumulative of live testimony | |
| 100:6–100:10 | Relevance | |
| 100:14–100:17 | Relevance | |
| 100:20–101:13 | Relevance | |
| 101:20–102:23 | Relevance | |
| 115:16–115:17 | Relevance | |
| 115:22–116:10 | Relevance | |
| 116:14–116:21 | Relevance | |
| 120:6–120:20 | | |
| 121:2–121:18 | | |
| 121:22–121:24 | | |
| 122:1–122:19 | | |
| 124:25–125:1 | Relevance; Cumulative of live testimony | |
| 125:3–126:3 | Relevance | |
| 127:20–127:25 | Relevance | |
| 129:23–129:25 | | |

18

2. **Matthew Rohs, as the Designated 30(b)(6) Representative on Behalf of Defendant HealthPort Technologies, LLC (Mar. 26, 2015)**

| Plaintiffs' Designations | Defendant's Objections | Counter-Designations |
|---|---|---|
| 6:10–6:13 | | |
| 6:17–6:18 | | |
| 6:22–6:25 | | |
| 8:6–8:7 | | |
| 8:9–8:13 | | |
| 8:16–8:16 | | |
| 9:8–10:2 | Form; also incomplete designation - complete passage needed for context | 10:4–11:2 |
| 11:3–11:20 | Relevance; Cumulative of live testimony; incomplete designation - complete question/answer needed for context | 11:20–12:19 |
| 13:19–14:9 | Cumulative of live testimony | |
| 15:5–15:15 | Cumulative of live testimony | 17:4–19:16 |
| 20:20–21:5 | Cumulative of live testimony | |
| 23:4–23:6 | Cumulative of live testimony | |
| 23:9–23:19 | Cumulative of live testimony | |
| 24:4–24:19 | Cumulative of live testimony | |
| 26:8–26:10 | Relevance. If admitted, Cumulative of Live Testimony; incomplete designation - complete answer needed | 26:11–27:2 |
| 27:3–27:13 | Relevance. If admitted, Cumulative of Live Testimony | |
| 27:15–27:15 | Relevance. If admitted, Cumulative of Live Testimony | |
| 30:9–30:12 | Relevance. If admitted, Cumulative of Live Testimony | 29:15–18 |
| 30:14–30:18 | Relevance. If admitted, Cumulative of Live Testimony | 35:20–22 |
| 36:13–36:21 | Cumulative of Live Testimony | 36:10 |
| 38:14–38:15 | Relevance | |
| 38:21–38:22 | Relevance | |
| 39:2–39:9 | Relevance | |
| 39:12–39:12 | Relevance | |
| 39:15–39:25 | Relevance | |
| 40:2–40:5 | Cumulative of Live Testimony | |
| 40:16–40:21 | Cumulative of Live Testimony | |
| 41:8–41:12 | Cumulative of Live Testimony | |
| 47:8–47:12 | Relevance | |
| 47:18–47:24 | Cumulative of Live Testimony | |

| Plaintiffs' Designations | Defendant's Objections | Counter-Designations |
|---|---|---|
| 48:2–48:3 | Relevance | |
| 48:10–48:13 | Relevance | |
| 51:16–51:20 | Relevance. If admitted, cumulative of Live Testimony | |
| 51:25–52:2 | Relevance. If admitted, Cumulative of Live Testimony | |
| 53:20–53:21 | Relevance | |
| 54:5–54:9 | Relevance | |
| 55:6–55:9 | Relevance | |
| 55:25–55:25 | Relevance | |
| 56:6–56:11 | Relevance | |
| 61:17–61:19 | Relevance | |
| 62:7–62:8 | Relevance | |
| 62:10–62:10 | Relevance | |
| 62:14–62:15 | Relevance | |
| 63:19–63:20 | Relevance | |
| 64:1–64:10 | Relevance | |
| 66:7–67:15 | Cumulative of live testimony | |
| 68:13–69:6 | Relevance | |
| 69:10–69:12 | Cumulative of live testimony | |
| 72:5–72:8 | Cumulative of live testimony | |
| 72:17–72:24 | Cumulative of live testimony | |
| 73:5–73:23 | Cumulative of live testimony | |
| 74:4–74:5 | Cumulative of live testimony | |
| 74:10–74:13 | Cumulative of live testimony | |
| 75:9–76:1 | Cumulative of live testimony | |
| 76:13–76:15 | Cumulative of live testimony. If admitted, relevance | |
| 81:18–82:1 | Cumulative of live testimony | |
| 82:12–82:14 | Cumulative of live testimony | |
| 82:17–83:10 | Cumulative of live testimony. | |
| 84:18–84:19 | Cumulative of live testimony | |
| 87:8–88:5 | Relevance | |
| 91:11–91:23 | Cumulative of live testimony | |
| 92:1–92:1 | Cumulative of live testimony | |
| 92:14–92:20 | Form; Cumulative of live testimony | |
| 93:18–93:21 | Form; Cumulative of live testimony | |
| 95:1–95:3 | Form; Cumulative of live testimony | |
| 95:8–95:21 | Cumulative of live testimony | |
| 95:25–96:7 | Cumulative of live testimony. If admitted, relevance | |
| 98:12–98:22 | Cumulative of live testimony | |
| 99:10–99:13 | Cumulative of live testimony | |

| Plaintiffs' Designations | Defendant's Objections | Counter-Designations |
|---|---|---|
| 99:23–100:11 | Cumulative of live testimony | |
| 100:14–100:21 | Cumulative of live testimony | |
| 100:24–100:25 | Cumulative of live testimony | 106:1–25, 107:24–108:4, 109:25–110:12, 111:11–112:20 |
| 121:19–122:2 | Cumulative of live testimony | |
| 123:11–123:14 | Cumulative of live testimony | |
| 132:19–132:20 | Cumulative of live testimony | |
| 132:22–133:3 | Cumulative of live testimony | |
| 133:5–133:10 | Cumulative of live testimony | |
| 133:19–134:4 | Cumulative of live testimony | |
| 134:7–135:17 | Cumulative of live testimony | |
| 213:19–215:14 | Cumulative of live testimony | |
| 215:24–216:14 | Cumulative of live testimony | |
| 216:17–217:5 | Cumulative of live testimony; incomplete designation - complete line of questioning needed for context | 217:10–218:6 |
| 220:14–221:11 | Relevance. If admitted, Cumulative of live testimony; incomplete designation - complete line of questioning needed for context | 220:5–13; 221:12–222:2 222:14–223:11 |
| 222:3–222:13 | Cumulative of live testimony | |
| 227:17–228:13 | Cumulative of live testimony | |
| 229:22–230:7 | Cumulative of live testimony; incomplete designation – complete question/answer and line of questioning needed for context | 230:8–238:9 |
| 238:11–239:22 | Cumulative of live testimony; incomplete designation – complete line of questioning needed for context | 239:23– 240:1 |
| 240:2–240:17 | Cumulative of live testimony | |
| 254:3–254:4 | Cumulative of live testimony | |
| 254:6–254:13 | Cumulative of live testimony | |
| 263:22–264:2 | Cumulative of live testimony | |
| 264:9–264:17 | Cumulative of live testimony | |
| 265:2–268:6 | Cumulative of live testimony | |
| 268:11–268:12 | Cumulative of live testimony | |
| 270:12–270:24 | Relevance. If admitted, Cumulative of live testimony | |
| 271:5–271:23 | Cumulative of live testimony | |
| 271:5–271:23 | Cumulative of live testimony | |
| 272:10–272:11 | Cumulative of live testimony | |
| 272:16–272:16 | Relevance. If admitted, Cumulative | |

| Plaintiffs' Designations | Defendant's Objections | Counter-Designations |
|---|---|---|
| | of live testimony | |
| 272:18–273:4 | Cumulative of live testimony | |
| 273:24–274:8 | Cumulative of live testimony | |
| 279:20–280:14 | Relevance. If admitted, Cumulative of live testimony | |
| 283:24–283:25 | Cumulative of live testimony | |
| 284:4–284:10 | Cumulative of live testimony | |
| 292:4–292:7 | | |

3.    **Jeffrey Stephens, as the Designated 30(b)(6) Representative on Behalf of Defendant HealthPort Technologies, LLC (Feb. 4, 2015)**

| Plaintiffs' Designations | Defendant's Objections | Counter-Designations |
|---|---|---|
| 5:9–5:16 | | |
| 5:23–6:13 | | |
| 7:15–8:12 | | |
| 11:20–11:23 | | |
| 12:13–13:2 | | |
| 28:4–28:19 | | |
| 38:10–38:21 | | |
| 42:20–42:23 | | |
| 43:9–43:14 | | |
| 44:12–44:21 | | |
| 45:23–47:5 | | |
| 49:23–50:14 | | |
| 51:5–51:8 | | |
| 53:3–53:19 | | |
| 53:21–53:22 | | |
| 58:18–59:9 | | |
| 60:20–61:1 | | |
| 68:15–68:23 | | |
| 70:21–71:5 | | |

4.    **Gregory Trerotola, as the Designated 30(b)(6) Representative on Behalf of Defendant HealthPort Technologies, LLC (Apr. 16, 2015)**[4]

| Plaintiffs' Designations | Defendant's Objections | Counter-Designations |
|---|---|---|
| 6:9–6:12 | | |
| 6:16–7:9 | Relevance (6:20-7:9) | |

---

[4] Defendant objects generally to all testimony from any deposition of Gregory Trerotola as cumulative on the basis that Mr. Trerotola will be available for live testimony at trial.

| Plaintiffs' Designations | Defendant's Objections | Counter-Designations |
|---|---|---|
| 8:9–8:17 | | |
| 8:21–9:5 | Relevance (9:1-5) | |
| 9:9–9:12 | | |
| 18:9–18:16 | | |
| 23:1–23:3 | Relevance – Cost Study was for all of New York not Beth Israel | |
| 23:6–25:13 | Relevance – Cost Study was for all of New York not Beth Israel | 25:25-26:9 |
| 26:10–26:21 | Relevance – Cost Study was for all of New York not Beth Israel | 26:22-27:3 |
| 27:4–27:16 | Relevance – Cost Study was for all of New York not Beth Israel | |
| 28:14–28:22 | Relevance – Cost Study was for all of New York not Beth Israel | 28:23-29:23 |
| 30:8–30:24 | | 31:1-16 |
| 31:17–32:4 | | |
| 40:13–40:19 | Out of context and misleading as it asks questions regarding the all-New York cost study | 40:20-40:21 |
| 40:22–40:23 | Out of context and misleading as it asks questions regarding the all-New York cost study | |
| 40:25–41:6 | Out of context and misleading as it asks questions regarding the all-New York cost study | 41:7 |
| 41:8–41:8 | Out of context and misleading as it asks questions regarding the all-New York cost study | 43:12-43:17 |
| 171:23–172:1 | | |

**B.**    **Defendant's Deposition Designations**

**1.**    **Bryan Gery, as the Designated 30(b)(6) Representative on Behalf of Defendant HealthPort Technologies, LLC (Apr. 17, 2015)[5]**

| Defendant's Designations | Plaintiffs' Objections | Counter-Designations |
|---|---|---|
| 6:11–6:13 | | |
| 6:19–6:20 | | |
| 7:9–14 | | |
| 7:16–8:1 | | |

---

[5] Plaintiffs reserve the right to object to HealthPort's affirmative use of its own Rule 30(b)(6) deposition, on the grounds that such use is not permitted under Federal Rule of Civil Procedure 32.

| Defendant's Designations | Plaintiffs' Objections | Counter-Designations |
|---|---|---|
| 8:11–8:13 | | |
| 9:15–10:10 | | 10:25–11:23 |
| 12:3–12:13 | | 12:14–15, 12:18–13:5 |
| 23:19–23:25 | | |
| 24:1–24:11 | | |
| 24:16–24:16 | | |
| 26:9–26:22 | | |
| 27:2–27:4 | | |
| 29:20–30:1 | | |
| 30:4–30:5 | | |
| 30:7–30:23 | | |
| 30:25–31:1 | | |
| 37:16-37:18 | | |
| 37:20–38:3 | | |
| 38:6–38:18 | | |
| 39:19–40:11 | | |
| 40:17–41:21 | | |
| 42:10–44:11 | | 44:7–44:11 |
| 44:15–45:13 | | |
| 45:17–46:17 | Foundation, lack of personal knowledge (testifying as 30(b)(6) witness without personal knowledge) (45:23–46:7) | |
| 46:18–47:25, 48:1–48:15 | Foundation, lack of personal knowledge (testifying as 30(b)(6) witness without personal knowledge) (46:18–47:25) | 48:16–49:12 |
| 52:20–52:22 | | |
| 52:24–54:14 | | |
| 56:20–56:21 | | |
| 56:25–57:9 | | |
| 58:2–58:7, 59:15–61:3 | Relevance (59:15–61:3) | |
| 61:10–61:14 | | |
| 61:25–62:13 | | |
| 62:20–63:4 | | |
| 66:6–66:8 | | |
| 66:11–66:12 | | |
| 66:14–67:11 | | |
| 81:19–82:4 | | |

| Defendant's Designations | Plaintiffs' Objections | Counter-Designations |
|---|---|---|
| 82:10–82:24 | Counsel's objection improperly included (82:19–20) | |
| 120:6–120:20 | Hearsay, lack of personal knowledge (testifying as 30(b)(6) witness without personal knowledge) | |
| 121:2–14 | Hearsay, lack of personal knowledge (testifying as 30(b)(6) witness without personal knowledge) | 121:15–18, 121:22–24 |
| 122:1–122:19 | Question out of context unless prior question/answer at 121:15–18, 121:22–24 included | 121:15–18, 121:22–24 |

> **2.     Jeffrey Stephens, as the Designated 30(b)(6) Representative on Behalf of Defendant HealthPort Technologies, LLC (Feb. 4, 2015)[6]**

| Defendant's Designations | Plaintiffs' Objections | Counter-Designations |
|---|---|---|
| 5:9–5:16 | | |
| 5:23–6:13 | | |
| 7:15–8:12 | | |
| 11:20-12:8 | | |
| 12:13–13:2 | | |
| 14:16-15:13 | | |
| 16:17-22 | | |
| 23:25-25:6 | Relevance | |
| 26:13-27:12 | Relevance | |
| 28:4–28:19 | | |
| 38:10–38:21 | | |
| 38:23-24 | Cumulative | |
| 39:15-17 | | |
| 39:24-40:4 | | |
| 42:20–42:23 | | |
| 43:24-44:3 | | |
| 44:12–44:21 | | |
| 45:23–47:5 | | |
| 49:23–50:14 | | |
| 51:5–51:8 | | |

---

[6] Plaintiffs reserve the right to object to HealthPort's affirmative use of its own Rule 30(b)(6) deposition, on the grounds that such use is not permitted under Federal Rule of Civil Procedure 32.

| Defendant's Designations | Plaintiffs' Objections | Counter-Designations |
|---|---|---|
| 53:3–53:22 | | |
| 53:21–53:22 | | |
| 58:17-59:16 | Relevance (59:10-16) | |
| 60:18–61:1 | | |
| 64:6-65:2 | Relevance | |
| 65:7-10 | Relevance | |
| 67:20-24 | Foundation; speculation; lack of personal knowledge (testifying as 30(b)(6) witness without personal knowledge) | |
| 68:11-23 | | |
| 70:11-71:5 | | |
| 72:1-22 | Speculation (72:1-13); Relevance (72:1-22) | |

**3.**   **Gregory Trerotola, as the Designated 30(b)(6) Representative on Behalf of Defendant HealthPort Technologies, LLC (Apr. 16, 2015)**[7]

| Defendant's Designations | Plaintiffs' Objections | Counter-Designations |
|---|---|---|
| 6:9-12 | | |
| 6:16-19 | | 7:3-9 |
| 8:9-17 | | |
| 9:9-12 | | |
| 18:9-16 | | |
| 30:8-30:24 | | |
| 31:17-32:4 | | |
| 40:25-41:4 | Hearsay (testifying as 30(b)(6) witness without personal knowledge); answer (41:1-4) improperly omits question (40:17-19) | 40:13-19 |
| 171:23-172:1 | Relevance | |

---

[7] Plaintiffs reserve the right to object to HealthPort's affirmative use of its own Rule 30(b)(6) deposition, on the grounds that such use is not permitted under Federal Rule of Civil Procedure 32.

9. **EXHIBIT LISTS**

   A. **Plaintiffs' Exhibit List**[8]

| Ex. No. | Description | Bates No. | No Authenticity Objection * | No Objection On Any Ground ** |
|---|---|---|---|---|
| 1. | Dep. Ex. 96, Retainer agreement between T Ruzhinskaya and SHL&G, dated 01/15/13 | RUZ 0001 | * | ** |
| 2. | Dep. Ex. 6, HealthPort Invoice 0130203579, dated 7/6/13 | RUZ 0004 | * | ** |
| 3. | Dep. Ex. 24, HealthPort Invoice 0130203579, dated 7/8/13 | HEALTHPORT 017268-017279 | * | ** |
| 4. | Dep. Ex. 109, New York Supreme Court Order, dated 08/19/13 | RUZ 0382-0385 | * | ** |
| 5. | Office of Court Administration Closing Statement, dated 04/01/14 | RUZ 0396-0402 | * | ** |
| 6. | Dep. Ex. 13 (excluding first page), Master Professional Services and Equipment Agreement (HEALTHPORT009961-009968), Modification Addendum (HEALTHPORT009959-009960), eWeb Release of Information Service Order (HEALTHPORT009954-009958), and Business Associate Agreement (HEALTHPORT009945-009953), dated 08/10/07, and Business Associate Agreement (HEALTHPORT009937-00944), dated 09/19/11 | HEALTHPORT 009937-009968 | * | ** |
| 7. | Dep. Ex. 14, Article: Eramo, Lisa A., "ROI Management," For The Record, vol. 23, no. 17, dated 09/26/11 | | * | |
| 8. | Dep. Ex. 15, HealthPort publication titled "Release of Information: Service and Technology Working Together," dated 2012 | | * | |

---

[8] Plaintiffs intend to use the exhibits listed herein in their case-in-chief. Plaintiffs reserve the right to amend this list and to introduce other demonstrative exhibits and such other exhibits as may be necessary and proper for purposes of impeachment or rebuttal.

| Ex. No. | Description | Bates No. | No Authenticity Objection * | No Objection On Any Ground ** |
|---|---|---|---|---|
| 9. | Dep. Ex. 11, Excerpts of SEC Form S-1, Amendment No. 5, dated 11/16/2009 | | | |
| 10. | Dep. Ex. 12, HealthPort website re: Overview & History, previously available at healthport.com/company/overview-history.aspx | | * | ** |
| 11. | Dep. Ex. 55, LinkedIn profile of Bryan Gery | | * | |
| 12. | Dep. Ex. 61, HealthPort list of New York rates | | * | |
| 13. | Email from J Novo to R Cosner, RE: Charging for Medical Records, dated 11/11/11 (including email string) | BI 000472-000475 | * | ** |
| 14. | Email from J Novo to R Cosner, FW: dated 05/16/2014 (including email string) | BI 000481-000487 | * | |
| 15. | Subpoena to Produce Documents directed to Beth Israel, dated 12/22/15 | | * | |
| 16. | Beth Israel's Response to Plaintiff's Subpoena to Produce Documents, dated 02/04/16 | | * | |
| 17. | Agreement for Record Storage Services between Broadlane, Inc./CitiStorage, Inc., dated 6/01/2003. | BI 001070-001102 | * | ** |
| 18. | CitiStorage Service Agreement, effective 05/01/2014 | BI 001028-001045 | * | ** |
| 19. | CitiStorage Retrieval Stats, 08/2013-12/2015 | BI 000998-001027 | * | ** |
| 20. | Fringe Rates from League Settlement(s) - League Hospital Workers, updated 02/3/15 | BI 001069 | * | ** |
| 21. | Table of Beth Israel Hourly Rates 2011-2015 | BI 001185-001189 | * | ** |
| 22. | CHP Employees All Earnings Summary Reports 2011-2015 | BI 001190-001227 | * | ** |
| 23. | Beth Israel Indirect Costs per 2014 Cost Report | BI 001228 | * | ** |

| Ex. No. | Description | Bates No. | No Authenticity Objection * | No Objection On Any Ground ** |
|---|---|---|---|---|
| 24. | Beth Israel Medical Records Expenses 2011 to 2015 | BI 001229 | * | ** |
| 25. | Letter from Beth Israel's attorney, L. Gilbreath, dated 02/22/16 | | * | ** |
| 26. | Email from Beth Israel's attorney, L. Gilbreath, dated 03/03/16 | | * | ** |
| 27. | Email from Beth Israel's attorney, L. Gilbreath, dated 04/12/16 | | * | ** |
| 28. | Dep. Ex. 63, Notice of F.R.C.P. 30(b)(6) of Beth Israel Medical Center, dated 4/15/15 | | * | |
| 29. | Declaration of Yazmin Navarro, dated 05/12/16 | | * | ** |
| 30. | Dep. Ex. 19, HealthPort's Responses and Objections to Plaintiff's First Set of Requests for Production of Documents, dated 02/20/2015 | | * | |
| 31. | Ruzh Beth Israel Spread - CONFIDENTIAL - to produce.xlsx | HEALTHPORT 024843-024925 | * | ** |
| 32. | HealthPort's Responses and Objections to Plaintiff's Fourth Set of Requests for Production of Documents, dated 01/25/16 | | * | |
| 33. | Dep. Ex. 47, Spreadsheet: Field Labor and Management Related Costs | HEALTHPORT 024474-024475 | * | ** |
| 34. | Beth Israel Labor and P&L.xlsx; Summary Reponline Worksheet | HEALTHPORT 024803 | * | ** |
| 35. | Beth Israel - cost data.xlsx | HEALTHPORT 024926-024927 | * | ** |
| 36. | All Costs Spreadsheet.xlsx | HEALTHPORT 024929-024933 | * | ** |
| 37. | BLS Employer Costs for Employee Compensation, dated 12/2015 | | | |
| 38. | Email from HealthPort's attorney, S. Litman, dated 03/21/16 | | * | ** |
| 39. | Corrected Expert Report of Richard A. Royston, dated 05/02/16[9] | | * | ** |

[9] If Mr. Royston's opinions are excluded in whole or in part, HealthPort reserves its right to object to the admissibility of the May 2, 2016 Corrected Report.

Case 1:14-cv-02921-PAE   Document 193   Filed 08/11/16   Page 33 of 40


| Ex. No. | Description | Bates No. | No Authenticity Objection * | No Objection On Any Ground ** |
|---|---|---|---|---|
| 40. | Supplemental and Rebuttal Report of Richard A. Royston, dated 06/10/16[10] | | * | ** |
| 41. | Rule 1006 Exhibit re: Overcharge Calculation | | | |
| 42. | Request for medical records, dated 06/04/13 | BI 000004-000008 | * | ** |
| 43. | Rochniak, Marina Disbursements | RUZ 0006 | * | ** |
| 44. | All Costs.xlsx | HEALTHPORT 024468-024473 | * | ** |
| 45. | Email from HealthPort's attorney, S. Litman, dated 02/02/2015 | | * | |
| 46. | Email from HealthPort's attorney, S. Litman, dated 03/25/2016 | | * | |
| 47. | Dep. Ex. Royston 6, Coding Clerk Employee Numbers for Phillips Ambulatory | BI 001049 | * | ** |
| 48. | Dep. Ex. 57, Spreadsheet re New York Sites and Service Types | HEALTHPORT 024489-024521 | * | |
| 49. | Dep. Ex. 60, HealthPort Standard Hourly Rate Range for Non-Management ROI Role | HEALTHPORT 024537 | * | |
| 50. | Dep. Ex. 10, Release of Information Cost Study, amended 3/11/15 | HEALTHPORT 024386-024393 | | |
| 51. | Dep. Ex. 80, Email from Y. Navarro, dated 4/26/2010 re: Medical Records Charge Dispute (including email string) | BI 000656-000674 | | |
| 52. | Dep. Ex. 1, Notice of F.R.C.P. 30(b)(6) of HealthPort, dated 2/2/15 | | * | |
| 53. | Dep. Ex. 7, Notice of Continued F.R.C.P. 30(b)(6) of HealthPort, dated 3/11/15 | | * | |
| 54. | Dep. Ex. 25, Notice of F.R.C.P. 30(b)(6) of HealthPort, dated 4/16/15 | | * | |

---

[10] If Mr. Royston's opinions are excluded in whole or in part, HealthPort reserves its right to object to the admissibility of the June 10, 2016 Supplemental and Rebuttal Report.

| Ex. No. | Description | Bates No. | No Authenticity Objection * | No Objection On Any Ground ** |
|---|---|---|---|---|
| 55. | Dep. Ex. 54, Deposition Notice of Continued F.R.C.P. 30(b)(6) of HealthPort , dated 4/8/15 | | * | |
| 56. | Letter from Greater New York Hospital Association to James M. McGuire, Esq., dated 4/10/2002 | BI 000455-000457 | | |
| 57. | Dep. Ex. Trerotola 9, 10 N.Y. Codes, Rules, and Regulations § 405.10 (2016) | | | |
| n/a | Any and all defense exhibits | | | |

### B.   Defendant's Exhibit List[11]

| Ex. No. | Description | Bates No. | No Authenticity Objection* | No Objection on Any Ground** |
|---|---|---|---|---|
| 201. | ROI Process Poster | HEALTHPORT009981 | * | |
| 202. | HealthPort contracts w/ Beth Israel Medical Center | HEALTHPORT 009936-68 | * | ** except as to HEALTHPORT009936 |
| 203. | Ruzhinskaya Retainer letter | RUZ0001 | * | ** |
| 204. | Executed Engagement Form Marina Rochniak | RUZ0770 | * | |
| 205. | Simonson Hess documents related to Rochniak records request, including June 4, 2013 ROI, authorizations, and invoice payment | HEALTHPORT017268-79/ BI 000004-8 | * | ** except as to HEALTHPORT 017268-79 |
| 206. | Letter of Zoia Sotir to Beth Israel Medical Center re: request for medical records of Marina Rochniak | RUZ0003 | * | |
| 207. | HealthPort Invoice for $140.75 | RUZ0004 | * | ** |
| 208. | Delivery Fee Acknowledgment | HEALTHPORT017280 | * | |
| 209. | Simonson Hess Payment | RUZ0005 | * | |

[11] Defendants intend to use the exhibits listed herein in their case-in-chief and reserve the right to amend this list and to introduce other demonstrative exhibits and such other exhibits as may be necessary and proper for purposes of impeachment or rebuttal.

| Ex. No. | Description | Bates No. | No Authenticity Objection* | No Objection on Any Ground** |
|---|---|---|---|---|
| 210. | Rochniak, Marina Disbursements | RUZ0006 | * | ** |
| 211. | Supreme Court NY, County of Kings Index No. 24086/10 (8/13/13) Submitted Order with Affidavits | RUZ0306-348 | * | |
| 212. | Supreme Court of the State of NY, County of Kings Index No. 24086/10 (8/19/13) Signed Order | RUZ0382-385 | * | ** |
| 213. | Supreme Court of the State of NY, County of Kings Index No. 24086/10 (9/11/13) Stipulation | RUZ0364-365 | * | |
| 214. | Surrogate's Court of State of NY, County of Kings File No. 2013-285/A (3/24/14) Decree | RUZ0391-395 | * | |
| 215. | Office of Court Administration Closing Statement (4/1/14) | RUZ 0396-0402 | * | ** |
| 216. | Letter of Marijo Adimey to Tatyana Ruzhinskaya re: Estate of Marina Rochniak (4/1/14) Share of settlement pursuant to Decree | RUZ403-404 | * | |
| 217. | Letter of Marijo Adimey to Jeffrey McAdams re: Yaroslau Rochniak (4/1/14) Share of net settlement | RUZ0405-407 | * | |
| 218. | Letter of Adimey to Fuller re: payment for share of attorneys' fees (10/23/13) | RUZ0388-0389 | * | |
| 219. | Letters Vasquez and Sotir requesting medical records from Doshi Diagnostic, Beth Israel Medical Center, Stephen Malamud, M.D., and MJHS Hospital & Palliative Care | RUZ1103-1114 | * | |
| 220. | Handwritten letter/invoice re: charge for medical records | RUZ0680 | * | |

| Ex. No. | Description | Bates No. | No Authenticity Objection* | No Objection on Any Ground** |
|---|---|---|---|---|
| 221. | Letter from Sotir requesting medical records of Medicaid Division of Liens & Recovery | RUZ1115-1116 | * | |
| 222. | Letter from Sotir requesting medical records of WellCare Health Plans, Inc. | RUZ1109 | * | |
| 223. | Beth Israel Medical Center Health Information Management – Policy and Procedure Policy: Preventing Unauthorized release of Information | BI 000051-52 | * | |
| 224. | Beth Israel Medical Center Health Information Management – Policy and Procedure Policy: Authorization Consent | BI 000034-35 | * | |
| 225. | Beth Israel Medical Center Health Information Management – Policy and Procedure Manual Policy: Procedure for the release of Information to Attorneys | BI 000071 | * | |
| 226. | Beth Israel Medical Center Health Information Management – Policy and Procedure Policy: Entering all incoming Correspondence Request in E-Smart Log | BI 000111 | * | |
| 227. | Beth Israel Training Manual | BI 000123-305 | * | |
| 228. | Beth Israel Medical Center Health Information Management Services | BI 000014-122 | * | |
| 229. | eSmartlog Request Search | BI 000331-332 | * | |
| 230. | Beth Israel Medical Center Medical Records Correspondence unable to comply | BI 000307-330 | * | |
| 231. | prism Electronic Copy of Health Information Records & Electronic Copy of Discharge Instructions Tutorial | BI 000074-93 | * | |
| 232. | Petrie Medical Records Correspondence Unit | BI 000306 | * | |

| Ex. No. | Description | Bates No. | No Authenticity Objection* | No Objection on Any Ground** |
|---|---|---|---|---|
| 233. | Email string re: work flow | BI 000622-627 | * | |
| 234. | Email string re Charging for Medical Records | BI 000472-475 | * | ** |
| 235. | Email string re Patient Gxxx Hxxx | BI 000500-01 | * | ** |
| 236. | E-mail string regarding cancellation of charges on invoice for patient | BI 000502-03 | * | ** |
| 237. | E-mail string re: Fee Approval | BI 000720-22 | * | |
| 238. | Email string re: Urgent e-delivery request | BI 000786-88 | * | ** |
| 239. | Email string re: Urgent e-delivery request | BI 000789-90 | * | ** |
| 240. | FAQ: Questions to New York Medical Malpractice Lawyers http://simonsonlegal.com/faq/ | | | |
| 241. | Notes on reading HealthPort materials | ROY00359-360 | * | |
| 242. | Beth Israel ROI Data | HEALTHPORT024802-936 | * | ** except as to HEALTH PORT 024802, 024804-42, 024928, and 024934-36 |
| 243. | Spreadsheet of Beth Israel Invoices | HEALTHPORT024843-925 | * | ** |
| 244. | Beth Israel Cost Study Data | Trerotola 0001-0056 | * | |
| 245. | Agreement for Record Storage Services between Broadlane, Inc./CitiStorage, Inc., dated 6/01/2003. | BI 001070-001102 | * | ** |
| 246. | Requests for Phillips Ambulatory Service | BI 001066-68 | * | |
| 247. | Release of Information Perspective from technology viewglass | BI 000545-55 | | |
| 248. | HITECH/HIPAA 2013 Omnibus Final Rule; Privacy/HIM Impact & discussion regarding the necessity for Information Data Governance | BI 000556-607 | | |
| 249. | May 13, 2016 Expert Report of Bryan I. Hirsch (with all exhibits and documents referenced therein) | | * | |

| Ex. No. | Description | Bates No. | No Authenticity Objection* | No Objection on Any Ground** |
|---|---|---|---|---|
| 250. | May 13, 2016 Trerotola Report (with all exhibits and documents referenced therein) | | * | ** No objection solely as to Ex. F, Ex. G, Ex. H, Ex. L, Ex. M, Ex. N, and Ex. O |
| 251. | What are Reasonable Cost-Based Copy Charges… | Dep. Ex. 53 | * | |
| 252. | April 15, 2016 Royston Report (with all exhibits referenced therein) | | * | |
| 253. | May 2, 2016 Royston Corrected Report | | * | ** |
| 254. | June 10, 2016 Royston Supplemental-Rebuttal Report (with all exhibits referenced therein) | | * | ** |
| 255. | Plaintiff's Responses to HealthPort's Interrogatories | | * | |
| 256. | Plaintiff's Responses to HealthPort's Requests for Production | | * | |
| 257. | Fed. R. Evid. 1006 Compilation Exhibit regarding Beth Israel's ROI costs | | pending review | pending review |
| 258. | March 2015 Trerotola Cost Study Report (with all exhibits) | | | |
| 259. | All Costs.xlsx | HEALTHPORT 024468-024473 | * | ** |
| 260. | Time Entries 1/10/2016-1/23/2016 | BI 001046-48 | * | ** |
| 261. | Time Entries 1/10/2016-1/23/2016 | BI 001049 | * | ** |
| 262. | eSmartlog Requester Type Summary Report 1/14/2016 | BI 001050-57 | * | |
| 263. | Employee Statement of Earnings | BI 001103-08 | * | ** |
| 264. | Employee Statement of Earnings | BI 001114 | * | ** |
| 265. | Employee Statement of Earnings | BI 001116-20 | * | ** |
| 266. | Employee Statement of Earnings | BI 001121-29 | * | ** |
| 267. | Employee Statement of Earnings | BI 001130-40 | * | ** |
| n/a | All exhibits designated by Plaintiff | | | |

Dated: August 11, 2016

By: */s/ Mathew P. Jasinski*
    William H. Narwold
    Mathew P. Jasinski
    Michael J. Pendell
    Laura W. Ray
    MOTLEY RICE LLC
    20 Church St., 17th Floor
    Hartford, CT 06103
    (860) 882-1681
    (860) 882-1682 (fax)
    bnarwold@motleyrice.com
    mjasinski@motleyrice.com
    mpendell@motleyrice.com
    lray@motleyrice.com

    *Class Counsel*

By: */s/ Rebecca Brazzano*
    Rebecca A. Brazzano
    THOMPSON HINE LLP
    335 Madison Ave., 12th Floor
    New York, NY 10017
    (212) 344-5680
    (212) 344-6101 (fax)
    rebecca.brazzano@thompsonhine.com

    Seth A. Litman
    THOMPSON HINE LLP
    3560 Lenox Rd., Two Alliance Center,
    Ste. 1600
    Atlanta, GA 30326
    (404) 541-2900
    (404) 541-2905 (fax)
    seth.litman@thompsonhine.com

    Kip T. Bollin
    THOMPSON HINE LLP
    3900 Key Center
    127 Public Square
    Cleveland, OH 44114
    (216) 566-5786
    (216) 566-5800 (fax)
    kip.bollin@thompsonhine.com

    *Counsel for Defendant*
    *HealthPort Technologies, LLC*

**SO ORDERED:**

_____
PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 11, 2016, a copy of the foregoing Proposed Joint Pre-Trial Order was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

*/s/ Mathew P. Jasinski*
Mathew P. Jasinski
