UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TATYANA RUZHINSKAYA, as Administratrix of the Estate of MARINA ROCHNIAK, Deceased, on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>   v.<br><br>HEALTHPORT TECHNOLOGIES, LLC,<br><br>            Defendant. | Case No.: 1:14-cv-02921 (PAE)<br><br>ECF Case |

**DEFENDANT HEALTHPORT TECHNOLOGIES, LLC'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* NO. 1
TO EXCLUDE EVIDENCE AND/OR ARGUMENT REGARDING SPECIFIC FACTS
OF MARINA ROCHNIAK'S MEDICAL MALPRACTICE ACTION**

Defendant HealthPort Technologies, LLC ("HealthPort"), respectfully submits this memorandum of law in support of its motion *in limine* No. 1 to exclude any evidence and/or argument regarding specific facts of Marina Rochniak's underlying medical malpractice action.

**PRELIMINARY STATEMENT**

This lawsuit relates to HealthPort's costs incurred in responding to medical records requests to Beth Israel. The operative medical records at issue in Plaintiff's Complaint were requested in the course of a medical malpractice action initially filed by the mother of the named plaintiff, Tatyana Ruzhinskaya, but later pursued by Ms. Ruzhinskaya after her mother passed away (the "Underlying Medical Malpractice Action"). The facts surrounding the medical record requests, payment for the medical records, and reimbursement of the law firm that made the requests in the Underlying Medical Malpractice Action are certainly relevant to this lawsuit. However, the particular facts of the Underlying Medical Malpractice Action along with detailed

evidence relating to Marina Rochniak's death have no bearing on any of the claims or defenses presented in this lawsuit. Such evidence will only serve to unduly prejudice HealthPort by invoking the sympathies of the jury for a claim that is separate and apart from the claims asserted in this lawsuit. Accordingly, all evidence and testimony relating to the particulars of the Underlying Medical Malpractice Action should be excluded.

## ARGUMENT

A.  **Legal Standard**

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks and citation omitted). Whether to admit or exclude evidence is within the broad discretion of the trial court. *Mem'l Drive Consultants, Inc. v. Ony, Inc.,* 29 F. App'x 56, 61 (2d Cir. 2002) ("A trial court has considerable discretion in determining whether to admit or exclude evidence.").

B.  **Evidence and testimony regarding the facts of Marina Rochniak's underlying medical malpractice action are irrelevant**

Evidence must be relevant to be admissible,. Fed. R. Evid. 402. Relevant evidence is that which has "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Conversely, evidence is irrelevant when it has no tendency to make the existence of any fact at issue more or less probable. *See Ventura Assocs., Inc. v. Int'l Outsourcing Servs., Inc.,* 04 Civ. 5962 (PKL), 2009 U.S. Dist. LEXIS 21541, at *8-9 (S.D.N.Y. Mar. 17, 2009) (excluding evidence on the basis that it would not tend to make the existence of any fact at issue more or less probable); *see also Bey v. Iaquinto,* 12 Civ. 5875 (JCF), 2015 U.S. Dist. LEXIS 135636, at *10-11 (S.D.N.Y. Sept. 30, 2015) (excluding a document on the basis

that it did "not appear to be relevant to any claim or defense in this action"). "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and *a matter properly provable in the case.*" Fed. R. Evid. 401 advisory committee's note (emphasis added). Although this Court has discretion to determine what evidence is relevant, it has no discretion to admit irrelevant evidence. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible"). The party seeking to introduce the evidence bears the burden of proving its admissibility. *See Evans v. Port Auth. of New York & New Jersey,* 192 F. Supp. 2d 247, 262 n.121 (S.D.N.Y. 2002) ("The burden of establishing admissibility, of course, is with the proponent of the evidence.").

The claims and defenses in this lawsuit relate solely to the permissible charges by HealthPort for responding to requests for medical records directed to Beth Israel. The medical record requests, payment for the medical records, and the submissions surrounding and reimbursement of the law firm that made the requests that are the subject of Plaintiff's complaint are the only elements from the Underlying Medical Malpractice Action that are relevant to this lawsuit. The particulars of the Underlying Medical Malpractice Action, including, the following, have no bearing on any of the claims or defenses asserted in this lawsuit:

1. The basis for the claims asserted in the Underlying Medical Malpractice Action;
2. The manner in which Marina Rochniak died; and
3. The effect of Marina Rochniak's death on Tatyana Ruzhinskaya.

As a result, these specific details of the Underlying Medical Malpractice Action should be excluded.

**C.     Evidence and testimony on the particulars of the Underlying Medical Malpractice Action will unduly prejudice HealthPort**

Even if evidence is deemed relevant, a court may still preclude it if "its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403; *see also Dodson v. CBS Broad., Inc.,* 423 F. Supp. 2d 331, 334-35 (S.D.N.Y. 2006) (excluding evidence after finding its limited probative value was substantially outweighed by the burden that the admission of the evidence would place on the defendant to explain the document, the waste of time that would accompany such explanations, and the danger that the admission of the evidence would create unfair prejudice against the defendant).

Allowing evidence regarding the details of the Underlying Medical Malpractice Action will unduly prejudice HealthPort by shifting the focus from the proper subject of this lawsuit to the details of the Underlying Medical Malpractice Action and the untimely death of Marina Rochniak.  Allowing in this evidence would also present the danger that the jury's sympathies for Ruzhinskaya will cloud their judgment in determining the claims that are at issue in this lawsuit.

## **CONCLUSION**

For the reasons set forth above, evidence relating to the particulars of the Underlying Medical Malpractice Action as outlined above should be excluded.

Dated:  September 2, 2016
       New York, New York

                Respectfully submitted,

                THOMPSON HINE LLP

                By: /s/ Seth A. Litman
                    Seth A. Litman (admitted *pro hac vice*)
                    (seth.litman@thompsonhine.com)
                    Rebecca Brazzano
                    (rebecca.brazzano@thompsonhine.com)

                335 Madison Avenue
                New York, New York  10017
                (212) 344-5680

                -and-

                LYNCH DASKAL EMERY LLP
                James R. Lynch
                Scott R. Emery
                137 West 25th Street, Fifth Floor
                New York, New York  10001
                (212) 302-2400

                *Attorneys for HealthPort Technologies, LLC*

## **CERTIFICATE OF SERVICE**

I certify that on September 2, 2016, I caused a true and correct copy of the foregoing to be served by depositing a true copy of the same in a properly addressed postage-prepaid wrapper by Federal Express and by electronic mail to:

MOTLEY RICE LLC
William H. Narwold
Mathew P. Jasinski
Michael J. Pendell
Laura W. Ray
20 Church Street, 17th Floor
Hartford, CT  06103
mjaskinski@motleyrice.com
bnarwold@motleyrice.com
mpendell@motleyrice.com
lray@motleyrice.com

*Class Counsel*

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*/s/Dwayne Lunde*
Dwayne Lunde