UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TATYANA RUZHINSKAYA, as Administratrix of the Estate of MARINA ROCHNIAK, Deceased, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>        v.<br><br>HEALTHPORT TECHNOLOGIES, LLC,<br><br>                Defendant. | Case No.: 1:14-cv-02921 (PAE)<br><br>ECF Case |

**DEFENDANT HEALTHPORT TECHNOLOGIES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE AND/OR ARGUMENT REGARDING IRRELEVANT RATE INFORMATION**

Defendant HealthPort Technologies, LLC ("HealthPort"), respectfully submits this memorandum of law in support of its motion *in limine* No. 4 to exclude any evidence or argument relating to irrelevant rate information unrelated to the claims or defenses in this litigation.

**PRELIMINARY STATEMENT**

Pursuant to this Court's December 17, 2015 Order, as later amended, the class in this litigation is limited to persons, who, at any time from March 12, 2011 to December 31, 2015 ("Class Period"), paid for, or are obligated to pay for, copies of an individual's patient information requested from Beth Israel Medical Center ("Beth Israel") by a "*qualified person*" as defined in New York Public Health Law § 18(1)(g) ("Section 18"), for which copies HealthPort charged .75 cents per page (the "Class"). [Dkt 166; 184] (emphasis added). Despite the fact that the Class is limited to requests from "qualified persons," in the Proposed Joint Pre-Trial Order [Dkt. 193], Plaintiff designates exhibits 12, 13, 14 and 51 and deposition testimony

from HealthPort's corporate witness, Matt Rohs, relating to the HealthPort's rates charged for services offered other than those which would be covered by Section 18.  *See* Declaration of Seth Litman submitted in Support of Defendant's Motion *In Limine* No. 4, dated September 2, 2016 ("Litman Decl.") Ex. F [Deposition Exhibit 61, HealthPort list of New York rates], Ex. G [Email from J. Novo to R. Cosner re Charging for Medical Records, dated November 11, 2011, bates stamped BI 000472-475], Ex. H [Email from J. Novo to R. Cosner FW:, dated May 16, 2014, bates stamped BI 000481-487], Ex. I [Deposition Exhibit 80, Email from Y. Navarro re Medical Records Charge Dispute, dated April 26, 2010, bates stamped BI 000656-674].[1]

This information is irrelevant as charges by HealthPort unrelated to Section 18 have no bearing on any claim or defense in this action.  Likewise, documents and argument relating to rate information under statutes and regulations aside from New York Public Health Law § 18, including HIPAA, should also be excluded as irrelevant.

## ARGUMENT

**A.**     **Legal Standard**

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks and citation omitted). Whether to admit or exclude evidence is within the broad discretion of the trial court. *Mem'l Drive Consultants, Inc. v. Ony, Inc.*, 29 F. App'x 56, 61 (2d Cir. 2002) ("A trial court has considerable discretion in determining whether to admit or exclude evidence.").

---

[1] Plaintiff designates the following Rohs testimony, which relates to HealthPort's rates charged for services offered other than those which would be covered by New York Public Health Law § 18.  Litman Decl. Ex. J [excerpts of the deposition transcript of Matthew Rohs, dated March 26, 2015] at 23:4-23:6, 23:9-23:19, 24:4-24:19, 26:8-26:10, 27:3-27:13, 27:15, 30:9-30:12, and 30:14-30:18 (the "Rohs Irrelevant Rate Testimony").

**B.      Evidence regarding HealthPort's rate information for services unrelated to this lawsuit is irrelevant**

In order for evidence to be admissible, it must be relevant. Fed. R. Evid. 402. Relevant evidence is that which has "any tendency to make a fact more or less probable than it would be without the evidence. Fed. R. Evid. 401. Conversely, evidence is irrelevant when it has no tendency to make the existence of any fact at issue more or less probable. *See Ventura Assocs., Inc. v. Int'l Outsourcing Servs., Inc.*, 04 Civ. 5962 (PKL), 2009 U.S. Dist. LEXIS 21541, at *8 (S.D.N.Y. Mar. 17, 2009) (excluding evidence on the basis that it would not tend to make the existence of any fact at issue more or less probable); *see also Bey v. Iaquinto*, No. 12 Civ. 5875 (JCF), 2015 U.S. Dist. LEXIS 135636, at *10-11 (S.D.N.Y. Sept. 30, 2015) (excluding a document on the basis that it did "not appear to be relevant to any claim or defense in this action"). "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and *a matter properly probable in the case*." Fed. R. Evid. 401 advisory committee's note (emphasis added). Although this court has discretion to determine what evidence is relevant, it has no discretion to admit irrelevant evidence. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible"). The proponent of evidence bears the burden of proving that it is admissible. *See Evans v. Port Auth. of New York & New Jersey*, 192 F. Supp. 2d 247, 262 n.121 (S.D.N.Y. 2002) ("The burden of establishing admissibility, of course, is with the proponent of the evidence."). Plaintiff cannot meet the requisite burden.

Pursuant to this Court's December 17, 2015 Order, the Class is limited to persons, who, at any time during the Class Period, paid for, or are obligated to pay for, copies of an individual's patient information requested from Beth Israel Medical Center by a "***qualified person***" as defined in Section 18, for which copies HealthPort charged .75 cents per page. [Dkt 166] (emphasis added). For purposes of this litigation, "qualified persons" under Section 18 includes

3

patients, their estates, and attorneys acting on behalf of patients and their estates. *See* New York Public Health Law § 18(1)(g). Clearly, rates charged by HealthPort to "qualified persons" who requested medical records from Beth Israel during the Class Period are relevant to this litigation. However, rates charged by HealthPort to anyone besides patients, their estates, or attorneys acting on behalf of patients or their estates, have no relevance to this litigation and evidence relating thereto should be excluded.

For example, Plaintiff's exhibits 12, 13, and 14 contain information on the fees and rates HealthPort charges to insurance companies, defense attorneys, and for workers compensation claims, among others. *See* Litman Decl. Exs. F-H. These requestors do not fall within the gambit of NYPHL Section 18. Plaintiff also designates the Rohs Irrelevant Rate Testimony, which contains information regarding the rates HealthPort charges to government agencies, defense attorneys and insurance companies. These rates have no relevance to the rates HealthPort charged to members of the Class, and should be excluded for this reason.

Additionally, Plaintiff's exhibit 51 is an e-mail relating to a dispute over HealthPort's charges to an insurance carrier. *See id.* Ex. I. As an insurance carrier is not a "qualified person" under Section 18, any dispute between HealthPort and an insurance company over HealthPort's charges is completely irrelevant.

Likewise, because this litigation is based solely on claims that HealthPort charged in excess of the rates permitted under Section 18, charges permitted by HIPAA or any other regulation besides Section 18 have no relevance to this litigation. In fact, this Court has already made this exact finding in its November 9, 2015 order on class certification, stating, "HIPAA is irrelevant. Both the HIPAA statute and the implementing regulations on which Ruzhinskaya

relies post-date New York's enactment of [Section 18]." [Dkt. 151]. As a result, evidence relating to HIPAA or its implementing regulations should be excluded.[2]

### C. Information on rates for services other than those which would be covered by Section 18 will cause undue prejudice to HealthPort and confuse the jury

Even if evidence is deemed relevant, a court may still preclude it if "its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Dodson v. CBS Broad., Inc.*, 423 F. Supp. 2d 331, 334-35 (S.D.N.Y. 2006) (excluding evidence after finding its limited probative value was substantially outweighed by the burden that the admission of the evidence would place on the defendant to explain the document, the waste of time that would accompany such explanations, and the danger that the admission of the evidence would create unfair prejudice against the defendant).

Notwithstanding its lack of probative value of, allowing Plaintiff to introduce evidence relating to HealthPort's rates for services other than those which would be covered by Section 18 would be unduly prejudicial to HealthPort. Indeed, if such information is admitted, HealthPort would be forced to explain why it charges different rates to different requestors, including its contractual obligations with customers, and statutory and regulatory schemes that have no relationship to Section 18 and no bearing on this litigation. Similarly, if evidence relating to permissible charges under HIPAA is allowed in, HealthPort will have to explain the details of HIPAA and why it is not applicable to the Class. This additional explanation could confuse the jury and would likely lead to a waste of the Court's time.

---

[2] Similarly, evidence regarding hospital regulations for medical records, including Plaintiff's exhibit 57 (10 NYCRR § 405.10), has no relevance to claims or defenses asserted in this lawsuit and should be excluded. *See* Litman Decl. Ex. K.

## **CONCLUSION**

For the reasons set forth above, evidence relating to the rates charged by HealthPort for services offered other than those which would be covered by Section 18, including Plaintiff's exhibits 12, 13, 14, and 51, and the Rohs Irrelevant Rate Testimony, should be excluded. Information relating to regulations, such as HIPAA and 10 NYCRR § 405.10 (Plaintiff's exhibit 57) (Exs. F-K to the Litman Decl.) should be excluded on the same grounds.

Dated:  September 2, 2016
       New York, New York

                Respectfully submitted,

                THOMPSON HINE LLP

                By: /s/ Seth A. Litman
                     Seth A. Litman (admitted *pro hac vice*)
                     (seth.litman@thompsonhine.com)
                     Rebecca Brazzano
                     (rebecca.brazzano@thompsonhine.com)

                335 Madison Avenue
                New York, New York  10017
                (212) 344-5680

                -and-

                LYNCH DASKAL EMERY LLP
                James R. Lynch
                Scott R. Emery
                137 West 25th Street, Fifth Floor
                New York, New York  10001
                (212) 302-2400

                *Attorneys for HealthPort Technologies, LLC*

## **CERTIFICATE OF SERVICE**

I certify that on September 2, 2016, I caused a true and correct copy of the foregoing to be served by depositing a true copy of the same in a properly addressed postage-prepaid wrapper by Federal Express and by electronic mail to:

MOTLEY RICE LLC
William H. Narwold
Mathew P. Jasinski
Michael J. Pendell
Laura W. Ray
20 Church Street, 17th Floor
Hartford, CT  06103
mjaskinski@motleyrice.com
bnarwold@motleyrice.com
mpendell@motleyrice.com
lray@motleyrice.com

*Class Counsel*

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

　　　　　　　　　　　　　　　　　　　　　*/s/Dwayne Lunde*
　　　　　　　　　　　　　　　　　　　　　Dwayne Lunde