**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TATYANA RUZHINSKAYA, as Administratrix of the Estate of MARINA ROCHNIAK, Deceased, on behalf of herself and all others similarly situated,<br><br>    Plaintiffs,<br><br>   -against-<br><br>HEALTHPORT TECHNOLOGIES, LLC,<br><br>    Defendant. | Case No. 1:14-cv-02921(PAE) |

**HEALTHPORT TECHNOLOGIES, LLC'S**
**<u>PROPOSED REQUEST TO CHARGE THE JURY</u>**

## INDEX OF REQUESTS TO CHARGE

**Page**

PROPOSED INTRODUCTORY STATEMENT...... **ERROR! BOOKMARK NOT DEFINED.**
PARTIES TO THE JUDICIAL PROCESS–JUROR ATTENTIVENESS ................................... 1
ROLE OF THE COURT ................................................................................................... 3
ROLE OF THE JURY ...................................................................................................... 5
JUROR OATH .................................................................................................................. 6
JURY TO DISREGARD COURT'S VIEW ...................................................................... 7
JUROR USE OF ELECTRONIC COMMUNICATION TECHNOLOGIES .............................. 9
NOTE TAKING–PERMITTED ................................ **ERROR! BOOKMARK NOT DEFINED.**
JUDGE'S QUESTIONS TO WITNESSES ............... **ERROR! BOOKMARK NOT DEFINED.**
BURDEN OF PROOF ...................................................................................................... 10
BURDEN OF PROOF–PREPONDERANCE OF THE EVIDENCE ........................................ 12
EVIDENCE: WHAT IS AND IS NOT EVIDENCE .................................................................. 14
EVIDENCE: DIRECT AND CIRCUMSTANTIAL ................................................................. 16
EVIDENCE: STIPULATIONS OF FACT .......................................................................... 18
EVIDENCE: SUMMARIES AND CHARTS ADMITTED AS EVIDENCE ............................ 19
EVIDENCE: DEPOSITION TESTIMONY ........................................................................ 20
INFERENCES–DEFINED ................................................................................................ 21
INFERENCES–EFFECT OF INFERENCE ON BURDEN OF PROOF ................................. 23
CREDIBILITY OF WITNESSES ...................................................................................... 24
EXPERT WITNESSES ..................................................................................................... 26
CONFLICTING EXPERT WITNESSES TESTIMONY ....................................................... 27
CLASS ACTION DEFINITION AND CLASS DEFINITION ............................................... 29
NEW YORK PUBLIC HEALTH LAW SECTION 18–GENERAL ........................................ 30
NEW YORK PUBLIC HEALTH LAW SECTION 18–ELEMENTS ...................................... 32
NEW YORK GENERAL BUSINESS LAW SECTION 349–GENERAL ................................ 33
NEW YORK GENERAL BUSINESS LAW SECTION 349–ELEMENTS .............................. 34
NEW YORK GENERAL BUSINESS LAW SECTION 349–DECEPTIVE ACT ..................... 36
NEW YORK GENERAL BUSINESS LAW SECTION 349–CONSUMER ORIENTED ........ 38
NEW YORK GENERAL BUSINESS LAW SECTION 349–INTENT .................................... 40
NEW YORK GENERAL BUSINESS LAW SECTION 349–MATERIALITY
 MISLEADING IN A MATERIAL WAY ........................................................................ 41
NEW YORK GENERAL BUSINESS LAW SECTION 349–ACTUAL INJURY ..................... 43
NEW YORK GENERAL BUSINESS LAW SECTION 349–DAMAGES ................................ 44
UNJUST ENRICHMENT–INTRODUCTION–A VALID CONTRACT
BARS UNJUST ENRICHMENT CLAIM ......................................................................... 46
CONTRACT–FORMATION ............................................................................................. 47
CONTRACT–FORMATION ELEMENTS ......................................................................... 48
CONTRACT SUBJECT MATTER .................................................................................... 50
UNJUST ENRICHMENT–INTRODUCTION .................................................................... 52
UNJUST ENRICHMENT–ELEMENTS ............................................................................ 54
JUDICIAL ESTOPPEL DOCTRINE ................................................................................. 56
VOLUNTARY PAYMENT DOCTRINE ........................................................................... 58
EFFECT OF INSTRUCTION AS TO DAMAGES ............................................................. 60
JURY DELIBERATIONS ................................................................................................. 600

## HEALTHPORT TECHNOLOGIES, LLC'S
## <u>PROPOSED REQUEST TO CHARGE THE JURY</u>

Pursuant to Section 5(B)(iii) of the Court's Individual Rules and Practices in Civil Cases, and pursuant to the Court's June 29, 2016 Scheduling Order (Dkt. 182), as amended by the Court's June 30, 2016 Order (Dkt. 185), defendant HealthPort Technologies, LLC hereby respectfully requests that the Court charge the jury as set forth herein.

HealthPort Technologies has attempted to provide a comprehensive set of requests to charge, together with supporting authorities.  HealthPort Technologies reserves the right to amend, supplement, or revise these requests to charge, or to withdraw or replace requests to charge, as may be necessary based on the requests to charge of Tatyana Ruzhinskaya, as Administratrix of the Estate of Marina Rochniak, Deceased, on behalf of herself and all others similarly situated ("Plaintiffs"), the rulings on pending and anticipated pretrial motions, the evidence introduced at trial, as well as any rulings the Court may render in charging conferences or during the course of the trial.


**REQUEST TO CHARGE NO. ___**

**PARTIES TO THE JUDICIAL PROCESS–JUROR ATTENTIVENESS**

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

___  Given

___  Given as modified

___  Refused

Authority:
4 Sand, et al., *Modern Federal Jury Instructions* P 71.01, Instruction 71-1 (2010).

**REQUEST TO CHARGE NO. ___**

**ROLE OF THE COURT**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

___ Given

___ Given as modified

___ Refused

Authority (*adapted from*):
4 Sand, et al., *Modern Federal Jury Instructions* P 71.01, Instruction 71-2 (2010); *The Patapso Insurance Co. v. Southgate*, 30 U.S. 604 (1831); *Franks v. United States Lines Co.*, 324 F.2d 126 (2d Cir. 1963).

3

**REQUEST TO CHARGE NO. ___**

**ROLE OF JURY**

 As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

 In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  Nor is what I may have said – or what I may say in these instructions – about a fact issue evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

 Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the Plaintiffs have proven their case.

 I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice to any party.

\_\_ Given

\_\_ Given as modified

\_\_ Refused

Authority (*adapted from*):
4 Sand, et al., *Modern Federal Jury Instructions* P 71.01, Instruction 71-3 (2010); adapted from the charges of Judge Weinfeld in *Mollica v. Compania Sud-Americana DeVaporea*, Civ. 64-60 (S.D.N.Y.) and *Grossman v. United Fruit Co.*, Civ. 45-437 (S.D.N.Y. 1953).

**REQUEST TO CHARGE NO. ___**

**JUROR OATH**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

___ Given

___ Given as modified

___ Refused

Authority:
4 Sand, et al., *Modern Federal Jury Instructions* P 71.01, Instruction 71-4 (2010).

**REQUEST TO CHARGE NO. ___**

**JURY TO DISREGARD COURT'S VIEW**

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence.  If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it.  You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses.  Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing.  You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury.  In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence.  Of course, you will dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

___ Given

___ Given as modified

___ Refused

Authority:
4 Sand, et al., *Modern Federal Jury Instructions* P 71.01, Instruction 71-5 (2010).

**REQUEST TO CHARGE NO. ___**

**JUROR USE OF ELECTRONIC COMMUNICATION TECHNOLOGIES**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, or any text or instant messaging service, or any Internet chat room, blog, or website such as Instragram, Facebook, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until after I accept your verdict.

__ Given

___ Given as modified

___ Refused

Authority (*adapted from*):
3 Kevin F. O'Malley, *Federal Jury Practice and Instructions* § 103:04 (6th ed. 2011).

**REQUEST TO CHARGE NO. ___**

**BURDEN OF PROOF**

This is a civil case and as such the Plaintiffs have the burden of proving the material allegations of their complaint by a preponderance of the evidence.

If after considering all of the testimony you are satisfied that the Plaintiffs have carried their burden on each essential point as to which they have the burden of proof, then you must find for the Plaintiffs on their claims.  If after such consideration you find the testimony of both parties to be in balance or equally probable, then the Plaintiffs have failed to sustain their burden and you must find for the Defendant, HealthPort Technologies.

If upon a consideration of all the facts on the issue of (e.g., the Defendant's compliance with the statute) you find that the Plaintiffs have failed to sustain the burden cast upon them, then you should proceed no further and your verdict must be for the Defendant, HealthPort Technologies.  If, however, you find that the Plaintiffs have sustained the burden on this issue, then you should proceed to consider the issue of (e.g., compliance with the statute).  In this regard, the burden is upon the Defendant to establish the defense (e.g., compliance by a preponderance of the evidence).

If you determine that the Defendant has sustained its burden of establishing the defense, then you should proceed no further and your verdict must be for the Defendant, HealthPort Technologies.  If, however, you find that the Plaintiffs have established the essential elements of their case and that the Defendant has not sustained its burden of the defense, then you should proceed to consider the issue of damages.

___ Given

___ Given as modified

___ Refused

10

Authority (*adapted from*):

4 Sand, et al., *Modern Federal Jury Instructions* P 73.01, Instruction 73-1 (2010); adapted from the charges of Judge Weinfeld in *Neasbitt v. Isbrandtsen SS Co.,* Civ. 44 556 (S.D.N.Y.) and *Hedger v. United Fruit*, Civ. 44-101 (S.D.N.Y.).

**REQUEST TO CHARGE NO. ___**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

Plaintiffs have the burden of proof on any given issue of proving every disputed element of their claim to you by a preponderance of the evidence.  If you conclude that Plaintiffs have failed to establish their claim by a preponderance of the evidence, you must decide against Plaintiffs on the issue you are considering.

What does a "preponderance of evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence – he must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial.  That requirement does not apply to a civil case such as this and you should put it out of your mind.

___ Given

___ Given as modified

___ Refused

Authority (*adapted from*):
4 Sand, et al., *Modern Federal Jury Instructions* P 73.01, Instruction 73-2 (2010); *Fischl v. Armitage*, 128 F.3d 50 (2d Cir. 1997) (quoting Treatise); *Larson v. JoAnn Cab Corp.*, 209 F.2d 929 (2d Cir. 1954).

**REQUEST TO CHARGE NO. ___**

**EVIDENCE: WHAT IS AND IS NOT EVIDENCE**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially-noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?"  You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  You must follow any limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

14

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

___ Given

___ Given as modified

___ Refused

Authority:
4 Sand, et al., *Modern Federal Jury Instructions* P 74.01, Instruction 74-1 (2010); *United States v. Aluminum Co. of Am.*, 1 F.R.D. 62 (S.D.N.Y. 1939).

**REQUEST TO CHARGE NO. ___**

**EVIDENCE: DIRECT AND CIRCUMSTANTIAL**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses – something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on (e.g., a preponderance of) all the evidence presented.

___  Given

___  Given as modified

___  Refused

Authority:
4 Sand, et al., *Modern Federal Jury Instructions* P 74.01, Instruction 74-2 (2010).

**REQUEST TO CHARGE NO. ___**

**EVIDENCE: STIPULATIONS OF FACT**

A stipulation of facts is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.

__ Given

___ Given as modified

___ Refused

Authority:
4 Sand, et al., *Modern Federal Jury Instructions* P 74.02, Instruction 74-4 (2010).

**REQUEST TO CHARGE NO. ___**

**EVIDENCE: SUMMARIES AND CHARTS ADMITTED AS EVIDENCE**

The Plaintiffs (or Defendant) has presented exhibits in the form of charts and summaries.

I decided to admit these charts and summaries in place of the underlying documents that they

represent in order to save time and avoid unnecessary inconvenience.  You should consider these

charts and summaries as you would any other evidence.

___  Given

___  Given as modified

___  Refused

Authority:
4 Sand, et al., *Modern Federal Jury Instructions* P 74.06, Instruction 74-11 (2010).

**REQUEST TO CHARGE NO. \_\_\_**

**EVIDENCE: DEPOSITION TESTIMONY**

During the trial, certain testimony has been presented by way of deposition.  The

deposition consisted of sworn, recorded answers to questions asked of the witness in advance of

the trial by one or more of the attorneys for the parties to the case.  The testimony of a witness

who, for some reason is not present to testify from the witness stand may be presented in writing,

under oath, or in a videotape.  Such testimony is entitled to the same consideration and is to be

judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in

the same way as if the witness had been present and had testified from the witness stand.

\_\_  Given

\_\_  Given as modified

\_\_  Refused

Authority:
*See* 3 K. O'Malley et al., *Federal Jury Practice and Instructions* §105.02 (5th ed. 2000); 4 Sand,
et al., *Modern Federal Jury Instructions* P 74.07, Instruction 74-14 (2010).

20

**REQUEST TO CHARGE NO. ___**

**INFERENCES – DEFINED**

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The Plaintiffs ask you to draw one set of inferences, while HealthPort Technologies asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw – but not required to draw – from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

You are to consider only the evidence in the case. However, you are permitted to draw from the facts that you find have been proved such reasonable inferences as you feel are justified, in light of your experience and common sense. An inference is not a suspicion or guess. Inferences are deductions or conclusions which reason and common sense lead you to draw from the facts that the evidence has established in the case.

___  Given

___  Given as modified

___  Refused

Authority (*adapted from*):
4 Sand, et al., *Modern Federal Jury Instructions* P 75.01, Instruction 75-1; 3 K. O'Malley et al., *Federal Jury Practice and Instructions* §104.20 (5th ed. 2000); *Wilkins v. Am. Exp. Isbrandtsen Lines, Inc.*, 446 F.2d 480, 484 (2d Cir. 1971).

**REQUEST TO CHARGE NO. \_\_\_**

**INFERENCES – EFFECT OF INFERENCE ON BURDEN OF PROOF**

The mere existence of an inference against HealthPort Technologies does not relieve the

Plaintiffs of their burden of establishing their case by a preponderance of the evidence.  If the

Plaintiffs are to obtain a verdict, you must still believe from the credible evidence that they have

sustained the burden cast upon them.  If they have failed, then your verdict must be for

HealthPort Technologies.  If you should find that all of the evidence is evenly balanced, then the

Plaintiffs have failed to sustain the burden of proof and your verdict should be for HealthPort

Technologies.

If and only if you determine, after carefully weighing all the evidence, that the facts favor

the Plaintiffs by the standard I have articulated, then they have met the burden of proof.

\_\_  Given

\_\_  Given as modified

\_\_  Refused

Authority (*adapted from*):
4 Sand, et al., *Modern Federal Jury Instructions* P 75.01, Instruction 75-2 (2010).

**REQUEST TO CHARGE NO. ___**

**CREDIBILITY OF WITNESSES**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, only part of it, or none of it. In deciding what testimony to believe, you should consider:

1.      each witness's intelligence;

2.      the witness's opportunity to have seen or heard the things about which he or she testified;

3.      the witness's memory;

4.      any demonstrated bias, prejudice or hostility on the part of the witness;

5.      the witness's manner while testifying;

6.      whether the witness said or did something at an earlier time, or failed to do or say something, which is inconsistent with the witness's present testimony;

7.      the general reasonableness of the testimony; and

8.      the extent to which the testimony is consistent with any evidence that you believe.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently; innocent mis-recollection is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.  After making your own judgment, give the testimony of each witness such weight as you think it deserves.

24

__ Given

__ Given as modified

__ Refused

Authority (*adapted from*):
3 K. O'Malley et al., *Federal Jury Practice and Instructions* §105.01 (5th ed. 2000); 4 Sand, et al., *Modern Federal Jury Instructions* P 76.01, Instruction 76-1 (2010); *Dyer v. MacDougall*, 201 F.2d 265, 269 (2d Cir. 1952); *Arnstein v. Porter*, 154 F.2d 464, 469-70 (2d Cir. 1946).

**REQUEST TO CHARGE NO. ___**

**EXPERT WITNESSES**

You have heard testimony from persons described as experts.  A witness who has special knowledge, experience, training or education in a particular science, profession, or occupation may give his or her opinion as an expert to any matter in which he or she is skilled and may also state his or her reasons for the opinion.  You should consider each expert opinion received in evidence like any other testimony.  You may accept it or reject it, in whole or in part, and give it such weight as you think it deserves.

In determining the weight to be given such opinion, you should consider the qualifications, professional experience, and credibility of the expert and the reasons that were given for the opinions.  The same standards that govern the credibility of lay witnesses govern the credibility of expert witnesses.

___ Given

___ Given as modified

___ Refused

Authority:
3 K. O'Malley et al., *Federal Jury Practice and Instructions* §104.40 (5th ed. 2000); 4 Sand, et al., *Modern Federal Jury Instructions* P 76.01, Instruction 76-9 (2010); *United States v. Simon*, 425 F.2d 796, 806 (2d Cir. 1969).

**REQUEST TO CHARGE NO. ___**

**CONFLICTING EXPERT WITNESSES TESTIMONY**

You have heard testimony of two expert witnesses who were called by each side to give their opinion about whether it cost HealthPort Technologies more than or less than $0.75 per page to administer and provide medical information in connection with patient records requests directed to Beth Israel.

The expert witnesses who testified in this case did so in order to assist you in reaching a decision on these issues.

The testimony of these expert witnesses is in conflict. They disagree. You must remember that you are the sole trier of the facts and that their testimony relates to a question of fact; it is your job to resolve the disagreement.

The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses. In addition, since they gave their opinions, you should consider the soundness of each opinion, reasons for the opinion and the witness's motive, if any, for testifying.

You may give the testimony of each of these witnesses such weight, if any, that you think it deserves in light of all the evidence. You should not permit a witness's opinion testimony to be a substitute for your own reason, judgment, and common sense.

You may reject the testimony of any expert testimony in whole or in part if you conclude the reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the witness. The determination of the facts in this case rests solely with you.

___ Given

___ Given as modified

___ Refused

Authority (*adapted from*):
4 Sand, et al., *Modern Federal Jury Instructions* P 76.01, Instructions 76-9 and 76-10 (2010); *United States v. Bohle*, 475 F.2d 872, 874 (2d Cir. 1973).

**REQUEST TO CHARGE NO. ___**

**CLASS ACTION DEFINITION AND CLASS DEFINITION**

This lawsuit has been brought as a class action and has been allowed by the Court to proceed as a certified class action.  A class action is a procedural vehicle that allows a group of individuals who have been recognized by the Court as having common legal interests to proceed in court as a group because the Court has concluded that they have met all the requirements for a class action.  Otherwise as I might instruct you, you should not draw any inference (positive or negative) from the fact that the Court has allowed this case to proceed as a class action.  Nor should you draw any inference from the designation of Class Representative, as such designation does not elevate such person, but instead the Class Representative is simply the member of the class that the Court has determined is an adequate class member who can represent the class as a whole.

In this case, the Court has allowed the case to go forward as a class action on behalf of all persons, who, at any time from March 12, 2011 to December 31, 2015 (the "Class Period"), paid for, or are obligated to pay for, copies of an individual's patient information requested from Beth Israel by a "qualified person" as defined in New York Public Health Law § 18(1)(g), for which copies HealthPort Technologies charged $0.75 per page (the "Class"). You are being asked to render a verdict on whether the class has suffered any damages.

___ Given

___ Given as modified

___ Refused

Authority (*adapted from*):
Fed. R. Civ. P. 23; *Velez v. Novartis Pharms. Corp*., 244 F.R.D. 243 (S.D.N.Y. 2007).

**REQUEST TO CHARGE NO. ___**

**NEW YORK PUBLIC HEALTH LAW SECTION 18**

**GENERAL**

Plaintiffs claim that HealthPort Technologies failed to comply with, and thus violated the following statute: New York Public Health Law Section18, titled Access to Patient Information.

The statute governs *who* may be provided access to patient medical information (for example, the patient, a parent or guardian of an infant, or an attorney representing what the statute defines as a qualified person); *what* is considered patient information as it relates to patient treatment (for example, medical treatment records, health assessment records), *when* patient medical information should be furnished to the person requesting the records (upon the written request of any qualified person); and *how much* may be charged for providing copies of the requested medical records.

New York Public Health Law Section18, subsection (e) provides, in relevant part, as follows:

The provider may impose a reasonable charge for all inspections and copies, not exceeding the costs incurred by such provider … However, the reasonable charge for paper copies shall not exceed seventy-five cents per page ….”

The statute does not define what is a “reasonable charge” for the provision of copies of patient medical records.  You must decide based on the evidence presented whether the charge by HealthPort Technologies for administering the requests for patient medical information was reasonable.

___ Given

___ Given as modified

___ Refused

Authority (*adapted from*):
N.Y. Pattern Jury Instructions - Civil 2:25 (2015); New York Public Health Law §18.

**REQUEST TO CHARGE NO. ___**

**NEW YORK PUBLIC HEALTH LAW SECTION 18**

**ELEMENTS**

Plaintiffs must prove, by a preponderance of the evidence, that HealthPort Technologies violated New York Public Health Law Section 18.

If you find that HealthPort Technologies did in fact violate the statute, you must next determine if Plaintiffs have established that the statutory violation was the proximate cause of the Plaintiffs' injury.  Proximate causation means that the act or omission complained of is regarded as a cause of an injury if it was a substantial factor in bringing about the injury that is, if it had such an effect in producing the injury that reasonable people would regard it as a cause of the injury.  Plaintiffs must prove that HealthPort Technologies' acts were a substantial factor in causing the injuries claimed by the Plaintiffs.

Plaintiffs must prove each and every element by a preponderance of the evidence.  If you conclude that Plaintiffs failed to establish even a single element of their claim, you must decide against Plaintiffs and return a verdict in favor of HealthPort Technologies.

___  Given

___  Given as modified

___  Refused

Authority (*adapted from*):
N.Y. Pattern Jury Instructions – Civil 2:25 (2015), Statutory Standard of Care–Statute of General Application; *Sanchez v. United States*, 13-CV-2536 (JPO), 2015 U.S. Dist. LEXIS 19276 (S.D.N.Y. Feb. 17, 2015); 5 Sand, et al., *Modern Federal Jury Instructions* P 87.03, Instruction 87-89 (2010); *Gierlinger v. Gleason*, 160 F.3d 858 (2d Cir. 1998); N.Y. Pattern Jury Instruction – Civil 2:70, Proximate Cause–In General (2015).

**REQUEST TO CHARGE NO. ___**

**NEW YORK GENERAL BUSINESS LAW SECTION 349**

**GENERAL**

Plaintiffs also brought a claim against HealthPort Technologies for a violation of New York General Business Law Section 349.  General Business Law Section 349 prohibits deceptive business practices.  Plaintiffs' claim against HealthPort Technologies for a violation of New York General Business Law Section 349 relates only to Plaintiffs' claim that HealthPort Technologies' charge of $0.75 per page for administering requests for patient medical information constitutes a violation of New York Public Health Law Section 18.

As such, if you have already determined that HealthPort Technologies did not violate New York Public Health Law Section 18 (Count I), you must decide against Plaintiffs and return a verdict in favor of HealthPort Technologies.

If you have determined that Plaintiffs have established, by a preponderance of the evidence, that HealthPort Technologies violated New York Public Health Law Section 18, then you must proceed to determine the elements necessary to establish a separate claim for violation of New York General Business Law Section 349.

___  Given

___  Given as modified

___  Refused


Authority (*adapted from*):
NY Pattern Jury Instruction – Civil 3:20 (2015); New York Gen. Bus. Law § 349(a).

**REQUEST TO CHARGE NO. ___**

**NEW YORK GENERAL BUSINESS LAW SECTION 349**

**ELEMENTS**

There are three elements Plaintiffs' must prove to state a claim under New York General Business Law Section 349(a) with regard to HealthPort Technologies' act of charging $0.75 per page for administering requests for patient medical information:

Plaintiffs must, by a preponderance of the evidence, prove each of the following elements:

1.    The act or practice of charging Plaintiffs $0.75 per page was directed to consumers (consumer oriented), as distinguished from merely a private contractual dispute between HealthPort Technologies and Plaintiffs / Simonson Hess Leibowitz & Goodman, P.C. ("Plaintiffs' Lawyers").

2.    The act of invoicing Plaintiffs' Lawyers, reflecting the $0.75 per page charge, was deceptive or misleading in a material way (and not disclosing that the governing statute states that a reasonable charge for all inspections and copies is permissible, not exceeding the costs incurred by HealthPort Technologies, and that the reasonable charge for paper copies shall not exceed seventy-five cents per page); and

3.    Plaintiffs have been injured by reason thereof.

Plaintiffs must prove each and every one of these elements by a preponderance of the evidence.  If you conclude that Plaintiffs failed to establish even a single element of their claim, you must decide against Plaintiffs and return a verdict in favor of HealthPort Technologies.

__ Given

___ Given as modified

___ Refused

Authority (*adapted from*)
N.Y. Pattern Jury Instruction – Civil 3:20 (2015); New York Gen. Bus. Law § 349(a); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25–26 (1995).

**REQUEST TO CHARGE NO. ___**

**NEW YORK GENERAL BUSINESS LAW SECTION 349**

**DECEPTIVE ACT**

The statute requires that Plaintiffs prove that the act or practice of charging $0.75 per page for administering requests for patient medical information was a deceptive act or practice.

A deceptive act or practice is a material misrepresentation or omission likely to mislead a reasonable consumer acting reasonably under the circumstances.

You are to use an objective definition of deceptive acts and practices, viewing the representations or omissions, as limited to those likely to mislead a reasonable consumer acting reasonably under the circumstances.

A challenged business practices does not violate the prohibition against deceptive business practices under General Business Law Section 349, if the practices are fully disclosed prior to the transaction.  If you find that Plaintiffs did not prove that HealthPort Technologies' alleged act or practice was deceptive, or if you find that the practice of charging $0.75 per page for administering requests for patient medical information was fully disclosed to Plaintiffs / Plaintiffs' Lawyers prior to payment, then you must find in favor of HealthPort Technologies on this claim.

___  Given

___  Given as modified

___  Refused

Authority (*adapted from*):
N.Y. Pattern Jury Instruction – Civil 3:20 (2015); New York Gen. Bus. Law § 349; S*t. Patrick's Home for the Aged & Infirm v. Laticrete Int'l*, 264 A.D. 2d 652, 655 (1st Dep't 1999); *Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 344-46, 704 N.Y.S.2d 177 (1999) (deceptive act definition); *Karlin v. IVF Am., Inc.*, 93 N.Y.2d 282 (1999); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, N.A., 85 N.Y.2d 20 (1995); *Wilner v. Allstate Ins. Co.*,

71 A.D.3d 155, 160 (2d Dep't 2010); *Zurakov v. Register.com, Inc.*, 304 A.D.2d 176, 180 (1st Dep't 2003).

**REQUEST TO CHARGE NO. ___**

**NEW YORK GENERAL BUSINESS LAW SECTION 349**

**CONSUMER ORIENTED**

Consumers generally are defined as those who purchase goods and services for personal, family or household use.

If you find that Plaintiffs proved HealthPort Technologies' alleged act or practice was deceptive (in charging $0.75 for administering requests for patient medical information) you must next decide whether Plaintiffs proved that HealthPort Technologies' alleged deceptive conduct in connection with the provision and processing of Plaintiffs' / Plaintiffs' Lawyers' request for medical records, and HealthPort Technologies' charging of $0.75 per page) was consumer oriented.

The alleged deceptive conduct was consumer-oriented if it had a broader impact on consumers at large.  When deciding whether Plaintiffs proved that HealthPort Technologies' alleged deceptive conduct was consumer-oriented, you may consider that New York General Business Law Section 349 was not intended to protect sophisticated parties to private contracts. Where the transaction at issue is a private, arm's-length business transaction between two sophisticated parties who each have substantial prior experience in the relevant field, the conduct is not targeted at consumers.

If you find that Plaintiffs did not prove that HealthPort Technologies' alleged deceptive conduct was consumer-oriented, then you must find in favor of HealthPort Technologies on this claim and return a verdict in favor of HealthPort Technologies.

__ Given

___ Given as modified

___ Refused

Authority (*adapted from*):

N.Y. Pattern Jury Instruction – Civil 3:20 (2015); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25–26 (1995); *Elacqua v. Physicians' Reciprocal Insurers*, 52 A.D.3d 886, 860 N.Y.S.2d 229 (3d Dep't 2008); *Benetech, Inc. v. Omni Fin. Grp. Inc.*, 116 A.D.3d 1190, 984 N.Y.S.2d 186 (3d Dep't 2014) (consumer definition); s*ee also Merrill Lynch Capital Mkts. Ag v. Controladora Comercial Mexicana S.A.B. DE C.V.*, No. 603214/08, 2010 N.Y. Misc. LEXIS 6743, at *30-31 (N.Y. Sup. Ct. Mar. 16, 2010); *U.W. Marx, Inc. v. Bonded Concrete, Inc.*, 7 A.D.3d 856, 858 (3d Dep't 2004); *Andre Strishak & Assoc., P.C. v. Hewlett Packard Co.*, 300 A.D.2d 608, 608-09 (2d Dep't 2002); *Wilson v. Northwestern Mut. Ins. Co.*, 625 F.3d 54, 64-65 (2d Cir. 2010); *Wells Fargo Bank Northwest N.A. v. TACA Int'l Airlines*, S.A., 247 F. Supp. 2d 352 (S.D.N.Y. 2002); *Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330 (1999); *Kforce, Inc. v. Alden Personnel, Inc.*, 288 F. Supp. 2d 513 (S.D.N.Y. 2003).

**REQUEST TO CHARGE NO. ___**

**NEW YORK GENERAL BUSINESS LAW SECTION 349**

**INTENT**

   Plaintiffs must be able to establish that HealthPort Technologies intended to deceive its customers to the customers' detriment and was successful in doing so.

__ Given

___ Given as modified

___ Refused

Authority (*adapted from*):
N.Y. Pattern Jury Instruction – Civil 3:20 (2015); *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70, 854 N.Y.S.2d 83, 883 N.E.2d 990 (2008)(intent).

**REQUEST TO CHARGE NO. ___**

**NEW YORK GENERAL BUSINESS LAW SECTION 349**

**MATERIALITY–MISLEADING IN A MATERIAL WAY**

If you find that Plaintiffs proved HealthPort Technologies' alleged deceptive conduct was consumer oriented, you must next decide whether Plaintiffs proved that HealthPort Technologies' alleged deceptive act or practice was misleading in a material way.

A deceptive act or practice is misleading in a material way if it would be likely to mislead a reasonable consumer acting reasonably under the circumstances. A deceptive act or practice is material if it is so substantial or important as to influence the party to whom it is made. A material claim is one that involves information that is important to consumers and, hence, likely to affect their choice of, or conduct regarding, a product.

When deciding whether Plaintiffs proved that HealthPort Technologies' alleged deceptive conduct was materially misleading under the circumstances here, you may consider: the entire written contract between HealthPort Technologies and Plaintiffs' Lawyers; that the written contract disclosed the cost of administering requests for patient medical information was to be $0.75 per page prior to payment by Plaintiffs' Lawyers; the admissions related thereto; and Plaintiffs' Lawyers' sophistication and experience.

If you decide that Plaintiffs did not prove that HealthPort Technologies' alleged deceptive conduct was misleading in a material way, then you must find in favor of HealthPort Technologies on this claim.

__  Given

___  Given as modified

___  Refused

Authority (*adapted from*):
N.Y. Pattern Jury Instruction – Civil 3:20 (2015); New York Gen. Bus. Law § 349; *Bildstein v.*

*MasterCard Int'l Inc.*, 329 F. Supp. 2d 410, 414 (S.D.N.Y. 2004)(materiality); *Medisim Ltd. v. BestMed LLC*, 10 Civ. 2463 (SAS), 2012 U.S. Dist. LEXIS 169042, at *24 (S.D.N.Y. Nov. 28, 2012); *Novartis Corp. v. F.T.C.,* 223 F.3d 783, 787 (D.C. Cir. 2000) *(quoting In re Cliffdale Assocs., Inc.,* 103 F.T.C. 110, 165 (1984))*; Phillips v. Am. Int'l Grp., Inc.,* 498 F. Supp. 2d 690, 699 (S.D.N.Y. 2007)*; Oswego Laborers' Local 214 Pension Fund. v. MarineMidland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995); *Andre Strishak & Assoc., P.C. v. Hewlett Packard Co.*, 300 A.D.2d 608, 608-09 (2d Dep't 2002); *Weiner v. Snapple Beverage Corp.*, 07 Civ. 8742 (DLC), 2010 U.S. LEXIS 79647, at *16-17 (S.D.N.Y. Aug. 3, 2010); *Rabin v. MONY Life Ins. Co.*, 387 F. App'x 36, 41-42 (2d Cir. 2010).

**REQUEST TO CHARGE NO. ___**

**NEW YORK GENERAL BUSINESS LAW SECTION 349**

**ACTUAL INJURY**

If you find that Plaintiffs proved HealthPort Technologies' alleged deceptive conduct was misleading in a material way, you must next decide whether Plaintiffs proved that they suffered injury as the result of HealthPort Technologies' alleged deceptive act or practice.  The claimed deception (HealthPort Technologies' charging $0.75 per page for administering requests for patient medical information  /  Plaintiffs' or Plaintiffs' Lawyers' payment of $0.75 per page of the requested medical records) cannot itself be the only injury.  The injury suffered must be something beyond the claimed monetary loss, something other than payment of the fee charged by HealthPort Technologies.

If you decide that Plaintiffs did not prove that they suffered injury, then you must find in favor of HealthPort Technologies on this claim.

__  Given

__  Given as modified

__  Refused

Authority (*adapted from*):
N.Y. Pattern Jury Instruction – Civil 3:20 (2015); New York Gen. Bus. Law § 349; *Medisim Ltd. v. BestMed LLC*, 10 Civ. 2463 (SAS), 2012 U.S. Dist. LEXIS 169042, at *24 (S.D.N.Y. Nov. 28, 2012); *Oswego Laborers' Local 214 Pension Fund. v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995); *Bildstein v. MasterCard Int'l Inc.*, 329 F. Supp. 2d 410, 414 (S.D.N.Y. 2004)(materiality, actual injury); *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43 (N.Y. 1999)(actual injury); *Donahue v. Ferolito, Vultaggio & Sons*, 13 A.D.3d 77, 786 N.Y.S.2d 153 (1st Dep't 2004) (rejecting theory of deception as both act and injury); *Andre Strishak & Assoc., P.C. v. Hewlett Packard Co.*, 300 A.D.2d 608, 608-09 (2d Dep't 2002).

**REQUEST TO CHARGE NO. ___**

**NEW YORK GENERAL BUSINESS LAW SECTION 349**

**DAMAGES**

If you find that Plaintiffs did prove that they suffered an actual injury, then you have found that HealthPort Technologies violated New York General Business Law Section 349 and you must then decide how much money, if any, to award to Plaintiffs. This is called damages.

The law governing damages for a violation of New York General Business Law Section 349 permits you to award Plaintiffs compensatory damages up to the amount of damages they suffered as a result of HealthPort Technologies' actions. Plaintiffs must prove the amount of their damages, by a preponderance of the evidence.

In addition, if you find that HealthPort Technologies acted willfully or knowingly in its deceptive act or practice, you may award what are called treble damages. An award of treble damages can be an amount up to $1,000 for each violation.

An award of punitive damages is only warranted for conduct that represents a high degree of immorality and shows such wanton dishonesty as to imply a criminal indifference to civil obligations. In order to recover punitive damages, the Plaintiff must show, by clear, unequivocal and convincing evidence, egregious and willful conduct that is morally culpable or is actuated by evil and reprehensible motives.

__ Given

___ Given as modified

___ Refused

Authority (*adapted from*):
N.Y. Pattern Jury Instruction – Civil 3:20 (2015); New York Gen. Bus. Law § 349; *Sands v. Ticketmaster-New York*, 207 A.D.2d 687 (1st Dep't 1994)(same); *Wilner v. Allstate Ins. Co.*, 71 A.D.3d 155, 893 N.Y.S.2d 208 (2d Dep't 2010) (damages); *Pellegrini v. Richmond Cnty. Ambulance Serv., Inc.*, 48 A.D.3d 436, 437, 851 N.Y.S.2d 268 (2008), quoting *Buckholz v. Maple Garden Apts., LLC*, 38 A.D.3d 584, 585, 832 N.Y.S.2d 255 (2d Dep't 2007); *Barkley v.*

44

*United Homes, LLC*, 04-cv-875 (KAM), 2012 U.S. Dist. LEXIS 85793, at *19-20 (E.D.N.Y. June 20, 2012); N.Y. Pattern Jury Instruction – Civil 2:278 (Damages-Punitive) (2014); *Munoz v. Puretz*, 301 A.D.2d 382, 384 (1st Dept 2003).

**REQUEST TO CHARGE NO. ___**

**UNJUST ENRICHMENT**

**INTRODUCTION–A VALID CONTRACT BARS UNJUST ENRICHMENT CLAIM**

Plaintiffs have alleged a claim of unjust enrichment.  However, the law provides that if the you find that the parties entered into a contract that covers the same subject matter that makes up Plaintiffs' claim for unjust enrichment, then Plaintiffs cannot recover on their unjust enrichment claim.  So you are first asked to determine if there is a governing contract that concerns the same subject matter.

__ Given

__ Given as modified

__ Refused

Authority (*adapted from*):
N.Y. Pattern Jury Instruction – Civil 4:1 Contracts – Formation (2015), *see also* Restatement (Second) of Contracts §§ 9, 12, 23 (1981); 1 Williston, Contracts 200-09, § 3:2 (4th ed. 2010); 2 Williston, Contracts 15-82, §§ 6:3- 6:10 (4th ed. 2010); *Hamer v. Sidway*, 124 N.Y. 538, 27 N.E. 256 (1891) (consideration); N.Y. Pattern Jury Instruction – Civil 4:1-Caveat 2 (2015); *Krigsfeld v. Feldman*, 115 A.D.3d 712, 982 N.Y.S.2d 487 (2d Dep't 2014); *Learning Annex Holdings, LLC v. Rich Global, LLC*, No. 09-cv-4432 (SAS), 2011 U.S. Dist. LEXIS 76081, 2011 WL 2732550, at *1 n.3 (S.D.N.Y. July 11, 2011) (citing N.Y. Pattern Jury Instruction – Civil 4:2 comment).

**REQUEST TO CHARGE NO. ___**

**CONTRACT–FORMATION**

HealthPort Technologies contends, by way of defense, and so it carries the burden of proof, that it had a contract with the Plaintiffs' Lawyers, Simonson Hess Leibowitz & Goodman, P.C. (already defined as Plaintiffs' Lawyers), whereby Plaintiffs' Lawyers requested certified copies of Plaintiff's mother's medical records from Beth Israel on Plaintiffs' behalf, and stated in such request that the firm would be "glad to forward their check in the amount of $.75 per page."

HealthPort Technologies sent Plaintiffs' Lawyers an invoice setting forth the fee associated with processing and providing the medical records. Plaintiffs' Lawyers were charged a $0.75 per page fee for the medical records. Plaintiffs' Lawyers paid the invoice. HealthPort Technologies accepted the payment, processed the request for medical records, and provided the medical records to Plaintiffs' Lawyers.

If you find that there is a governing contract that concerns the same subject matter that gives rise to Plaintiffs' unjust enrichment claim, you must deny Plaintiffs' claim for unjust enrichment and find for HealthPort Technologies on this claim.

__ Given

__ Given as modified

__ Refused

Authority (*adapted from*):
N.Y. Pattern Jury Instruction – Civil 4:1 Contracts–Formation (2015), *see* also Restatement (Second) of Contracts §§ 9, 12, 23 (1981); 1 Williston, Contracts 200-09, § 3:2 (4th ed. 2010); 2 Williston, Contracts 15-82, §§ 6:3- 6:10 (4th ed. 2010); *Hamer v. Sidway*, 124 N.Y. 538, 27 N.E. 256 (1891) (consideration).

**REQUEST TO CHARGE NO. ___**

**CONTRACT–FORMATION ELEMENTS**

There are three elements HealthPort Technologies must prove to demonstrate that there was a contract as between HealthPort Technologies and Plaintiffs' Lawyers that concerned HealthPort Technologies' act of charging $0.75 per page for administering requests for patient medical information:

HealthPort Technologies must, by a preponderance of the evidence, prove each of the following elements:

1.      That Plaintiffs' Lawyers and HealthPort Technologies each had legal capacity to contract – Plaintiffs' Lawyers had the capacity to enter into the contract in requesting copies of Plaintiffs' medical records, and HealthPort Technologies had legal capacity to enter into a contract with Plaintiffs' Lawyers by providing the requested patient medical information.

2.      HealthPort Technologies must prove there was mutual assent to the terms of the contract.  If HealthPort Technologies has proven these first two elements, legal capacity to enter a contract and mutual assent to the contract, then you must next consider if there was consideration to support the formation of a contract between them.

3.      HealthPort Technologies must next prove there was consideration exchanged between HealthPort Technologies and Plaintiffs' Lawyers to support the contract.

Consideration is defined to mean some right, interest, profit or benefit accruing to one party or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other.

HealthPort Technologies must prove each and every one of these elements by a preponderance of the evidence.  If you find that HealthPort Technologies and Plaintiffs' Lawyers each had legal capacity to contract, that they each agreed to the terms of the contract, and

consideration was exchanged (money in return for processing, copying, and supplying Plaintiffs' Lawyers with Plaintiff's mothers' medical records), then you must find that there was a contract between HealthPort Technologies and Plaintiffs' Lawyers for the provision of copies of Plaintiff's mother's medical records.

If you find that there was a contract between HealthPort Technologies and Plaintiffs / Plaintiffs' Lawyers, you must next determine if the subject matter of the contact is the concerns the same subject matter that gives rise to Plaintiffs' unjust enrichment claim.

__  Given

___  Given as modified

___  Refused

Authority (*adapted from*):
N.Y. Pattern Jury Instruction – Civil 4:1-Elements (2015); *see* Restatement (Second) of Contracts §§ 9, 12, 23 (1981); 1 Williston, Contracts 200-09, § 3:2 (4th ed. 2010); 2 Williston, Contracts 15-82, §§ 6:3- 6:10 (4th ed. 2010); U.C.C. § 1-201(3), (11) (2015) (contract formation).

**REQUEST TO CHARGE NO. ___**

**CONTRACT–SUBJECT MATTER**

If you find that there was a contract between HealthPort Technologies and Plaintiffs / Plaintiffs' Lawyers, you must next determine if the subject matter of the contract the same subject matter that gives rise to Plaintiffs' unjust enrichment claim.

The contract that was formed between HealthPort Technologies and Plaintiffs / Plaintiffs' Lawyers concerned Plaintiffs' Lawyers' request to HealthPort Technologies to supply copies of Plaintiff's mother's medical records for $0.75 per page.  HealthPort Technologies invoiced Plaintiffs' Lawyers for the medical records at $0.75 per page, received payment from Plaintiffs' Lawyers, processed the request, and provided Plaintiffs' Lawyers with Plaintiff's  mother's medical records.

Plaintiffs' claim for unjust enrich, as set forth in the Second Amended Complaint, at paragraphs 94, and 108-110,  states as follows:

"Plaintiff, her legal representative and the members of the class justifiably relied upon defendants' invoices and representations to their detriment, and were caused to pay fees for copies of medical records in excess of the maximum fees permitted by law.

As a result of their aforesaid conduct, defendant, HealthPort Technologies, has wrongfully collected from plaintiff and the members of the Class, amounts of money in excess of those to which they are entitled and limited as charges for providing medical records pursuant to New York Public Health Law §18 and other applicable laws.

The receipt of payments of those excessive, improper and unlawful fees has unjustly enriched, benefitted and created a windfall for defendant, HealthPort Technologies, to the detriment and damage of plaintiff and the members of the Class.

Based on the foregoing, plaintiff and the members of the Class are entitled to recover from defendant, HealthPort Technologies, all damages and costs permitted by law including all amounts to which defendant has been unjustly enriched, with interest accruing from the time of payment, trebling of the damages, costs, disbursements and attorneys fees."

If you find that the contract for the provision of copies of Plaintiff's mother's medical records at a rate of $0.75 per page and Plaintiffs' third count for unjust enrichment concerned the same subject matter, then you must reject Plaintiffs' claim for unjust enrichment and return a verdict for HealthPort Technologies.

__ Given

__ Given as modified

__ Refused

Authority (*adapted from*):
N.Y. Pattern Jury Instruction – Civil 4:1-Elements (2015); *see* Restatement (Second) of Contracts §§ 9, 12, 23 (1981); 1 Williston, Contracts 200-09, § 3:2 (4th ed. 2010); 2 Williston, Contracts 15-82, §§ 6:3- 6:10 (4th ed. 2010); *see also* UCC § 1-201(3), (11) (2015) (contract formation); *Krigsfeld v. Feldman*, 115 A.D.3d 712, 982 N.Y.S.2d 487 (2d Dep't 2014); *Learning Annex Holdings, LLC v. Rich Global, LLC*, No. 09-cv-4432 (SAS), 2011 U.S. Dist. LEXIS 76081, 2011 WL 2732550, at *1 n.3 (S.D.N.Y. July 11, 2011) (citing N.Y. Pattern Jury Instruction – Civil 4:2 comment).

**REQUEST TO CHARGE NO. ___**

**UNJUST ENRICHMENT–INTRODUCTION**

If you find that there was no governing contract between HealthPort Technologies and

Plaintiffs' Lawyers or that the contract concerned matters different than Plaintiffs' unjust

enrichment claim, then you must next inquire if the Plaintiffs have proved their claim for unjust

enrichment.

As you have heard, Plaintiffs claim that HealthPort Technologies was unjustly enriched

at Plaintiffs' expense in that HealthPort Technologies charged Class Representative Ruzhinskaya

$0.75 per page for administering the request for copies of the medical records of her mother,

Marina Rochniak.  Plaintiffs contend that the governing statute, New York Public Health Law

Section 18, only permits HealthPort Technologies to charge a fee that does not exceed the costs

incurred by HealthPort Technologies for processing and fulfilling this request.  HealthPort

Technologies denies Plaintiffs' claims and contends that the governing statute authorizes it to

charge a fee that does not exceed the costs incurred and the reasonable charge for paper copies

shall not exceed $0.75 per page.  HealthPort Technologies further contends that the statute does

not define what is a reasonable charge for administering requests for patient medical information.

Unjust enrichment is not a catch-all cause of action to be used when others fail, and it

may not be asserted where it merely duplicates or replaces a conventional contract or tort claim.

Unjust enrichment is available only in unusual situations when, although a defendant has not

breached a contract nor committed a recognized tort, circumstances create an equitable

obligation running from HealthPort Technologies to Plaintiffs.  A typical unjust enrichment case

is one in which defendant, though guilty of no wrongdoing, has received money to which he or

she is not entitled.

__ Given

__ Given as modified

__ Refused

Authority (*adapted from*):
Modified N.Y. Pattern Jury Instruction – Civil 4.2 (2015); *Kaye v. Grossman*, 202 F.3d 611,616 (2d Cir. 2000)(elements); *see Learning Annex Holdings, LLC v. Rich Global, LLC*, No. 09-cv-4432 (SAS), 2011 U.S. Dist. LEXIS 76081, 2011 WL 2732550, at *1 n.3 (S.D.N.Y. July 11, 2011) (citing N.Y. Pattern Jury Instruction – Civil 4:2 comment); *Corsello v. Verizon New York, Inc.*, 18 NY3d 777, 944 N.Y.S.2d 732, 967 NE2d 1177 (2012); *Maya NY, LLC v. Hagler*, 106 A.D.3d 583, 965 N.Y.S.2d 475 (1st Dep't 2013).

**REQUEST TO CHARGE NO. ___**

**UNJUST ENRICHMENT–ELEMENTS**

There are three elements Plaintiffs must prove to state a claim for unjust enrichment with regard to HealthPort Technologies' act of charging $0.75 per page for administering requests for patient medical information:

Plaintiffs must, by a preponderance of the evidence, prove each of the following elements

1.    That HealthPort Technologies received a direct benefit from the Plaintiffs;

2.    That the benefit was received at the Plaintiffs' expense; and

3.    That equity and good conscience require HealthPort Technologies to return the benefit.

Plaintiffs have the burden of proving their claim for unjust enrichment.  If you decide that HealthPort Technologies did not wrongfully invoice Plaintiffs / Plaintiffs' Lawyers amounts of money in excess of the maximum amounts allowed by law or that Plaintiffs / Plaintiffs' Lawyers did not justifiably rely on these invoices and representations to their detriment and were not caused to pay fees in excess of the maximum amount allowed by law, you will find for HealthPort Technologies on this claim.  If you decide that  HealthPort Technologies wrongfully invoiced Plaintiffs / Plaintiffs' Lawyers amounts of money in excess of the maximum amounts allowed by law and that Plaintiffs / Plaintiffs' Lawyers justifiably relied on these invoices and representations to their detriment and were caused to pay fees in excess of the maximum amount allowed by law, you will find that HealthPort Technologies is liable to plaintiff and you will go on to consider the value of the property HealthPort Technologies obtained.

___ Given

___ Given as modified

___ Refused

Authority (*adapted from*):
Modified N.Y. Pattern Jury Instruction – Civil 4.2 (2015); *Kaye v. Grossman*, 202 F.3d 611,616 (2d Cir. 2000)(elements); *See Learning Annex Holdings, LLC v. Rich Global, LLC*, No. 09-cv-4432 (SAS), 2011 U.S. Dist. LEXIS 76081, 2011 WL 2732550, at *1 n.3 (S.D.N.Y. July 11, 2011) (citing N.Y. Pattern Jury Instruction – Civil 4:2 comment); N.Y Pattern Jury Instruction – 4:2 (2014).

**REQUEST TO CHARGE NO. ___**

**JUDICIAL ESTOPPEL DOCTRINE**

The judicial estoppel doctrine provides that where a party against whom it is asserted has advanced an inconsistent position in a prior legal proceeding, and the inconsistent position was adopted by the court in some manner, then that party is barred by judicial estoppel from taking a contrary position in the current legal proceeding.

To establish that judicial estoppel applies in this case, HealthPort Technologies must show by a preponderance of the evidence that Plaintiff and/or her attorney's sworn affidavits submitted in support of the settlement of the underlying medical malpractice action stated that the copying charges charged by HealthPort Technologies contained the statements that "the attorney's fees and disbursements requested therein [were] fair and reasonable under the circumstances, in view of the services rendered and the results achieved."

Next, HealthPort Technologies must show by a preponderance of the evidence that the New York Supreme Court issued an Order that specifically references the affidavits of Plaintiff and her attorney, Ms. Adimey, as having been considered and relied upon by the Court in connection with its decision to authorize the settlement payments (including those fees paid to HealthPort Technologies) to Plaintiff and in reaching its conclusion that "the Court hereby approves disbursements and attorney's fees and other payable expenses."

To make this finding, you must determine that HealthPort Technologies have proved by a preponderance of the evidence that Plaintiff advanced a factual position in the New York Supreme Court, that the copying charges of $0.75 per page for administering requests for patient medical information charged by HealthPort Technologies were reasonable, and that position is inconsistent with the position Plaintiff has advanced to you, that the $0.75 per page for administering requests for patient medical information is unreasonable, in this case. If after

considering the evidence before you, you find that the Defendants has met its burden of proof on this issue by a preponderance of the evidence, you must find that Plaintiff is judicially estoppel from claiming that HealthPort Technologies' charge of .75 cents was unreasonable.

__ Given

___ Given as modified

___ Refused

Authority (*adapted from*):
*Galin v. Goldfischer*, 2008 U.S. Dist. LEXIS 106603 (S.D.N.Y. Dec. 31, 2008); *New Hampshire v. Maine*, 532 U.S. 742 (U.S. 2001).

**REQUEST TO CHARGE NO. ___**

**VOLUNTARY PAYMENT DOCTRINE**

At common law, the voluntary payment doctrine bars recovery of payments voluntarily made with full knowledge of the facts, even if made under a mistake of law.  When relief against a mistake is sought in an action, relief shall not be denied merely because the mistake is one of law rather than one of fact.

If you find that Plaintiff / Plaintiffs' Lawyers knew that HealthPort Technologies would charge $0.75 per page for administering requests for patient medical information, and you find that Plaintiffs / Plaintiffs' Lawyers voluntarily made payment for the requested patient medical information at $0.75 per page, you must apply the voluntary payment doctrine and find for HealthPort Technologies on Plaintiffs' claim for unjust enrichment.

___ Given

___ Given as modified

___ Refused

Authorities: (*adapted from*):
N.Y. Pattern Jury Instruction – Civil 4:2 (2015); *Dillon v. U-A Columbia Cablevision of Westchester, Inc.*, 292 AD2d 25, 740 N.Y.S.2d 396 (2d Dep't 2002), *aff'd*, 100 N.Y.2d 525, 760 N.Y.S.2d 726, (2003); CPLR § 3005; *Gimbel Bros., Inc. v. Brook Shopping Ctrs., Inc.*, 118 A.D.2d 532, 499 N.Y.S.2d 435 (2d Dep't 1986); *see Citicorp North America, Inc. v. Fifth Ave. 58/59 Acquisition Co., LLC*, 70 A.D.3d 408, 895 N.Y.S.2d 39 (1st Dep't 2010); *see also W. Park Assocs., Inc. v. Everest Nat'l Ins. Co.*, 113 A.D.3d 38, 975 N.Y.S.2d 445 (2d Dep't 2013).

**REQUEST TO CHARGE NO. ___**

**EFFECT OF INSTRUCTION AS TO DAMAGES**

The fact I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the Plaintiffs from a preponderance of the evidence in the case in accordance with the other instructions.

__ Given

___ Given as modified

___ Refused

Authority: (*adapted from*)
3 Kevin F. O'Malley, *Federal Jury Practice and Instructions* § 106:02 (6th ed. 2011).

**REQUEST TO CHARGE NO. ___**

**JURY DELIBERATIONS**

You are about to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room.  If you want any of the testimony read back to you, may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony–in fact any communication with the court–should be made to me in writing, signed by your foreperson, and given to one of the Marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

___  Given

___  Given as modified

___  Refused

Authority:
4 Sand, et al., *Modern Federal Jury Instructions* P 78.01, Instruction 78-1 (2010).

Dated:  September 2, 2016
        New York, New York

                               Respectfully submitted,

                               THOMPSON HINE LLP

                               By: /s/ Seth A. Litman_____

                                     Seth A. Litman (admitted *pro hac vice*)
                                     (seth.litman@thompsonhine.com)
                                     Rebecca Brazzano
                                     (rebecca.brazzano@thompsonhine.com)

                               335 Madison Avenue
                               New York, New York  10017
                               (212) 344-5680

                               -and-

                               LYNCH DASKAL EMERY LLP
                               James R. Lynch
                               Scott R. Emery
                               137 West 25th Street, Fifth Floor
                               New York, New York  10001
                               (212) 302-2400

                               *Attorneys for HealthPort Technologies, LLC*

61

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 2, 2016, I caused a true and correct copy of the foregoing to be served by depositing a true copy of the same in a properly addressed postage-prepaid wrapper by Federal Express and by electronic mail to:

> MOTLEY RICE LLC
> William H. Narwold
> Mathew P. Jasinski
> Michael J. Pendell
> Laura W. Ray
> 20 Church Street, 17th Floor
> Hartford, CT  06103
> mjaskinski@motleyrice.com
> bnarwold@motleyrice.com
> mpendell@motleyrice.com
> lray@motleyrice.com
>
> *Class Counsel*

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*/s/Dwayne Lunde*
Dwayne Lunde
