UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TATYANA RUZHINSKAYA, as Administratrix of the Estate of MARINA ROCHNIAK, Deceased, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>HEALTHPORT TECHNOLOGIES, LLC,<br><br>　　　　　　Defendant. | Case No.: 1:14-cv-02921 (PAE)<br><br>ECF Case |

**DEFENDANT HEALTHPORT TECHNOLOGIES, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NUMBER ONE TO PRECLUDE EVIDENCE AND ARGUMENT THAT PLAINTIFF WAS NOT INJURED**

### I. Introduction

One of Plaintiffs' claims against Defendant HealthPort Technologies, LLC ("HealthPort") is that HealthPort violated General Business Law § 349 by charging Beth Israel patients and/or their authorized representatives, including Plaintiff Ruzhinskaya's attorneys, 75¢ per page for the production of the medical records they requested. To state a claim under New York General Business Law § 349 ("§ 349") Plaintiffs bear the burden of proving three elements: (1) the act or practice of charging 75¢ was consumer-oriented, (2) HealthPort's conduct in invoicing qualified representatives 75¢ per page was deceptive or misleading in a material way; and (3) Plaintiffs have been injured by reason thereof. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.,* 85 N.Y.2d 20, 25-26 (1995).

Plaintiff Ruzhinskaya's claims arise out of a medical record request her lawyers made in a medical malpractice action (the "Underlying Action") which was brought on behalf of her mother's estate.  (*See generally* Second Amended Complaint (Dkt. No. 39).)  Plaintiff

Ruzhinskaya alleges that HealthPort violated § 349 when it charged her lawyers 75¢ per page for the medical records her lawyers needed to support the malpractice claims in the Underlying Action. (*Id.* ¶¶ 105-108.) The Underlying Action later settled and, as part of the settlement, the court approved and her lawyers received reimbursement of their litigation expenses from the settlement funds, including reimbursement for the medical records requested from Beth Israel.

It is HealthPort's contention that Plaintiffs' § 349 claim fails, in part, because Plaintiff Ruzhinskaya cannot prove an actual injury. In support of its defense here (and elsewhere) HealthPort intends to introduce evidence showing that Plaintiff Ruzhinskaya's lawyers received reimbursement of all of their litigation costs, including the cost to obtain medical records, as part of the settlement of her Underlying Action. More specifically, HealthPort intends to introduce: (1) the retainer letter between Ruzhinskaya and her attorneys in the Underlying Action (Defense Exhibit No. 203) that provided for reimbursement of the attorneys' costs incurred from settlement funds (*See* Declaration of Seth Litman submitted in Support of HealthPort's opposition to Plaintiffs' Motion *In Limine* Number One, dated September 16, 2016 ("Litman Decl.") Ex. A); and (2) pleadings from the Underlying Action relating to the reimbursement to Plaintiff Ruzhinskaya's attorneys of their costs incurred in pursing the Underlying Action, including for their costs paid for the medical records requested from Beth Israel (*Id*., Ex. B (the submitted order with affidavits from the Supreme County of New York, County of Kings, bates stamped RUZ0306-348), Ex. C (the signed order from the Supreme Court of the State of NY, County of Kings, bates stamped RUZ0382-385), Ex. D (the stipulation from the Supreme Court of the State of NY, bates stamped RUZ0364-365), and Ex. F (the closing statement from the Office of Court Administration, bates stamped RUZ0396-0402)). HealthPort also intends to introduce testimony from Plaintiff Ruzhinskaya that she played no role and never paid a penny

2

out of her own pocket to obtain medical records from Beth Israel Medical Center or any other medical facility from which her lawyers sought records to prosecute the Underlying Action. (*See* Litman Decl., Ex. G).  Because this evidence supports HealthPort's defenses to Plaintiffs' claims it is relevant and should be admitted.

## II.  Standard

"Evidence should be excluded on a motion in limine *only* when the evidence is clearly inadmissible on all potential grounds."  *MBIA Ins. Corp. v. Patriarch Partners VIII, LLC,* 09 Civ. 3255, 2012 U.S. Dist. LEXIS 92435, at *4 (S.D.N.Y. July 3, 2012) (emphasis added).  Relevant evidence should be admitted.  Fed. R. Evid. 402.  Evidence is relevant if it has "**any** tendency" to make a material fact more or less probable than it would be without the evidence. Fed. R. Evid. 401 (emphasis added).

## III.  Argument

An element of Plaintiff's § 349 claim is that Plaintiffs suffered an injury in fact.  The evidence, however, shows that Plaintiff Ruzhinskaya played no role in and never paid money out of her own pocket towards obtaining medical records from Beth Israel to prosecute the Underlying Action, and certainly paid no money directly to HealthPort.  For example, the retainer letter between Ruzhinskaya and her attorneys in the Underlying Action (Litman Decl. Ex. A) shows that Plaintiff Ruzhisnkaya was never obligated to reimburse her attorneys if a settlement was not reached.  Additionally, pleadings from the Underlying Action (*Id.,* Exs. B-F) show that Plaintiff Ruzhinskaya's attorneys were reimbursed for their costs incurred, including their costs incurred in obtaining the medical records from Beth Israel directly from the settlement funds.  Finally, testimony from Plaintiff Ruzhinskaya shows that Plaintiff Ruzhinskaya neither requested nor paid out of pocket for the medical records from the Underlying Action.  (*Id*., Ex. G).

This evidence and argument relating thereto supports HealthPort's defense to Plaintiffs' § 349 claim that Plaintiff Ruzhinskaya did not suffer an injury in fact. As a result, this evidence and argument is relevant and should not be excluded. Fed. R. Evid. 402[1].

In support of their motion *in limine* no. 1 Plaintiffs point to this Court's statement in its order on HealthPort's sanctions motion ("Sanctions Order") that Plaintiff Ruzhinskaya's net recovery was reduced by the amount paid to HealthPort. (Dkt. No. 152.) However, by this finding the Court did not, as Plaintiffs contend, conclusively establish that Plaintiff Ruzhinskaya suffered an injury necessary to support a § 349 claim. As a result, HealthPort should be permitted to offer, and the jury should be permitted to consider, evidence that supports its claim that Plaintiff Ruzhinskaya did not suffer an injury in fact.

Moreover, there is no basis to exclude evidence relating to Plaintiff Ruzhinskaya's injury pursuant to Fed. R. Evid. 403. Indeed, "[e]vidence cannot be excluded under Fed. R. Evid. 403 on the basis that, due to its relevance, such evidence has a negative impact on a party's litigation position." *MBIA Ins. Corp.,* 2012 U.S. Dist. LEXIS 92435 at *31; *See also Shea v. Royal Enters.,* 09 Civ. 8709 (THK), 2011 U.S. Dist. LEXIS 63763, at *29 (S.D.N.Y. June 16, 2011) ("Plaintiff's case may be harmed by reference to [the evidence at issue], but such harm is not the 'unfair' prejudice that Federal Rule of Evidence 403 is intended to protect against."). It is a fact that Plaintiff Ruzhinskaya did not incur any out of pocket expenses or loss as a result of HealthPort's charges for medical records in the underlying litigation. That evidence supporting this fact may have a negative impact on Plaintiffs' positions in this litigation does not warrant the exclusion of this evidence.

---

[1] This evidence supports HealthPort's defense to Plaintiffs' § 349 claim for the additional reason that it demonstrates that Plaintiff Ruzhinskaya had no direct contact with HealthPort, and thus could not have been misled or deceived by HealthPort, a required element of Plaintiffs' § 349 claim.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion *in limine* No. 1 to preclude evidence and argument that Plaintiff was not injured should be denied.

Dated:  September 16, 2016
        New York, New York

Respectfully submitted,

THOMPSON HINE LLP

By: /s/   Seth A. Litman
Seth A. Litman (admitted *pro hac vice*)
(seth.litman@thompsonhine.com)
Rebecca Brazzano
 (rebecca.brazzano@thompsonhine.com)

335 Madison Avenue
New York, New York  10017
 (212) 344-5680

-and-

LYNCH DASKAL EMERY LLP
James R. Lynch
Scott R. Emery
137 West 25th Street, Fifth Floor
New York, New York  10001
(212) 302-2400

*Attorneys for HealthPort Technologies, LLC*

## **CERTIFICATE OF SERVICE**

      I certify that on September 16, 2016, a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/EMF system.

                                              */s/Seth A. Litman*
                                              Seth A. Litman