**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TATYANA RUZHINSKAYA, as Administratrix of the Estate of MARINA ROCHNIAK, Deceased, on behalf of herself and all others similarly situated,<br><br>             Plaintiff,<br><br>    v.<br><br>HEALTHPORT TECHNOLOGIES, LLC,<br><br>           Defendant. | Case No.: 1:14-cv-02921 (PAE)<br><br>ECF Case<br><br>Electronically Filed<br><br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S PRE-TRIAL MEMORANDUM OF LAW** |

William H. Narwold
Mathew P. Jasinski
Michael J. Pendell
Laura W. Ray
**MOTLEY RICE LLC**
20 Church St., 17th Floor
Hartford, CT 06103
(860) 882-1681
(860) 882-1682 (fax)

*New York Office*:
600 Third Ave., Ste. 2101
New York, NY 10016

## <u>TABLE OF CONTENTS</u>

I.      NEW YORK PUBLIC HEALTH LAW ("PHL") § 18 .................................................... 1

    A.      The "Costs Incurred" Must Be Fairly Attributable to Responding to the Requests for Medical Records............................................................................................... 1

    B.      This Court Already Has Held that Plaintiff Is Not Judicially Estopped. ................ 2

II.     NEW YORK GENERAL BUSINESS LAW ("GBL") § 349 ........................................... 3

    A.      "Qualified Persons" Under PHL § 18 Are Consumers. ......................................... 3

    B.      An Act or Practice Is Deceptive or Misleading in a Material Way if It Is Likely To Mislead a Reasonable Consumer. .......................................................................... 4

    C.      Plaintiffs Who Used Settlement Proceeds To Reimburse Their Attorneys for Medical Records Costs Have Suffered an Injury.................................................... 6

    D.      The "Willfully or Knowingly" Standard for Awarding Treble Damages Under § 349(h) Does Not Require a High Degree of Moral Culpability, Flagrant Conduct, or Willful or Wanton Negligence or Recklessness. ............................... 6

III.    UNJUST ENRICHMENT .................................................................................................. 7

IV.     CONCLUSION.................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Bildstein v. MasterCard Int'l Inc.*,
  329 F. Supp. 2d 410 (S.D.N.Y. 2004)................................................................. 4

*Feder v. Staten Island Univ. Hosp.*,
  11 N.Y.S.2d 719 (Mem.) (1st Dep't 2000) ....................................................... 7

*Gaidon v. Guardian Life Ins. Co. of Am.*,
  94 N.Y.2d 330 (N.Y. 1999) ............................................................................. 5

*In re Coordinated Title Ins. Cases*,
  784 N.Y.S.2d 919 (N.Y. Sup. Ct. 2004) ......................................................... 5

*Kaye v. Grossman*,
  202 F.3d 611 (2d Cir. 2000)............................................................................ 7

*Kirby v. Coastal Sales* Ass'n,
  82 F. Supp. 2d 193 (S.D.N.Y. 2000)............................................................... 2

*Manufacturers Hanover Trust Co. v. Chem. Bank*,
  559 N.Y.S.2d 704 (1st Dep't 1990) ................................................................ 7

*McCracken v. Verisma Sys.*,
  131 F. Supp. 3d 38 (W.D.N.Y. 2015).............................................................. 4

*MEI Int'l, Inc. v. Schenkers Int'l Forwarders, Inc.*,
  807 F. Supp. 979 (S.D.N.Y. 1992) .................................................................. 3

*Moore v. Ackerman*,
  24 Misc. 3d 275 (N.Y. Sup. Ct. 2009) ............................................................ 7

*North State Autobahn, Inc. v Progressive Ins. Group Co.*,
  953 N.Y.S.2d 96 (2d Dep't 2012) .................................................................... 4

*Schlessinger v. Valspar Corp.*,
  21 N.Y.3d 166 (N.Y. 2013) ............................................................................. 3

*Scott v. Pro Mgt. Servs. Group, LLC*,
  2 N.Y.S.3d 90 (1st Dep't 2015) ...................................................................... 7

*Uzdavines v. Weeks Marine, Inc.*,
  418 F.3d 138 (2d Cir. 2005)............................................................................ 2

*Wilner v. Allstate Ins. Co.*,
  893 N.Y.S.2d 208 (2d Dep't 2010)................................................................... 6

**Statutes**

N.Y. Pub. Health Law § 18......................................................................... passim

**Other Authorities**

N.Y. Pattern Jury Instr. – Civil 4:2 comment ......................................................... 8

Restatement (First) of Restitution § 107A (1937) .................................................. 8

Pursuant to section 5(D) of the Court's Individual Rules and Practices in Civil Cases, Plaintiff Tatyana Ruzhinskaya, as Administratrix of the Estate of Marina Rochniak (individually, "Plaintiff") and on behalf of the members of the Class (collectively, "Plaintiffs"), respectfully submits the following response in opposition to the legal arguments set forth in the pre-trial memorandum filed by Defendant HealthPort Technologies, LLC ("HealthPort") on September 2, 2016 (Dkt. #229) ("Def.'s Mem.").

## I.   NEW YORK PUBLIC HEALTH LAW ("PHL") § 18

### A.   The "Costs Incurred" Must Be Fairly Attributable to Responding to the Requests for Medical Records.

According to HealthPort, "[t]his Court has already rejected a narrow construction of 'costs incurred,' and held that costs incurred includes 'all demonstrable and reasonable costs incurred in providing its services to a requester,' including both direct and indirect costs." (Def.'s Mem. at 1-2 (quoting Dkt. #151, Op. & Order ("Class Cert. Op."), at 10-13 (Nov. 9, 2015)).) Although Plaintiffs continue to maintain that PHL § 18 should be construed in a manner in line with its federal analog, the Health Insurance Portability and Accountability Act ("HIPAA"), Plaintiffs respect this Court's decision regarding the costs allowed in PHL § 18.

Plaintiffs disagree with HealthPort's recitation of this Court's holding, however, because it omits the requirement that the allowable costs under PHL § 18 must be "*fairly attributable to responding to patient requests* for medical records." (Class Cert. Op. at 13 (emphases added).) The fact that Beth Israel has indirect costs associated with medical records , for example, does not *ipso facto* mean that those costs are fairly attributable to responding to patient requests for copies of those records.

Although Plaintiffs disagree that assessing average costs on an annual basis would impair Plaintiff's ability to represent the Class as presently defined, Plaintiffs agree with HealthPort that

1

the average per page costs may be assessed based upon the costs and page volume observed over the entire Class Period. (Def.'s Mem. at 2-3.) Nothing in PHL § 18 suggests that the statute requires healthcare providers to price their per-page fees based upon a single-year's financial metrics. Thus, it stands to reason that such providers—and the jury in this case—may look to the average costs incurred over any reasonable period of time. Plaintiffs disagree, of course, that the costs at issue here averaged more than $0.75 per page.

### B.     This Court Already Has Held that Plaintiff Is Not Judicially Estopped.

Plaintiffs generally agree with the standard for judicial estoppel recited by HealthPort (*see* Def.'s Mem. at 3-4), except that HealthPort neglects to mention that "a party's later position must be *clearly inconsistent* with its earlier position" and that the doctrine is limited "to situations where *the risk of inconsistent results* with its impact on judicial integrity is certain." *Uzdavines v. Weeks Marine, Inc.*, 418 F.3d 138, 147-48 (2d Cir. 2005) (emphasis added).

Neither criterion is satisfied here. This Court already has held that Plaintiff's approval of her attorneys' disbursements, including for medical records, as "fair and reasonable" in the underlying medical malpractice action "cannot fairly be portrayed as reflecting an inconsistent earlier position . . . as to whether HealthPort was in compliance with § 18." (Class Cert. Op. at 19 (emphases added).) Indeed, there is no risk of inconsistent results in this case because the conclusion that $0.75 per page was a reasonable price for Plaintiff *to pay* for copies of medical records—given the absence of any possible knowledge of the actual costs incurred—would be entirely compatible with a determination in this case that $0.75 was not a reasonable price for HealthPort *to charge* for those copies.

Moreover, HealthPort did not raise judicial estoppel in the parties' joint propose pre-trial order. (*See* PTO at 3-8.) Thus, HealthPort has abandoned this defense. *See Kirby v. Coastal Sales Ass'n*, 82 F. Supp. 2d 193, 203 (S.D.N.Y. 2000); *see also MEI Int'l, Inc. v. Schenkers Int'l*

2

*Forwarders, Inc.*, 807 F. Supp. 979, 989 (S.D.N.Y. 1992) (failure to include defense in joint pre-trial order waived the defense).

## II.   NEW YORK GENERAL BUSINESS LAW ("GBL") § 349

Plaintiffs generally agree with HealthPort's recitation of the elements of their claim under GBL § 349. Plaintiffs must show that HealthPort's acts "are (1) directed to consumers and (2) deceptive or misleading in a material way, and that (3) plaintiffs have been "injured by reason thereof." (Dkt. #38, Op. & Order ("Mot. to Dismiss Op."), at 19 (Aug. 29, 2014).)

Plaintiffs disagree, however, with HealthPort's suggestion that their § 349 claim is based solely upon the contention that HealthPort violated PHL § 18. Section 349 "cannot fairly be understood to mean that everyone who acts unlawfully, and does not admit the transgression, is being 'deceptive.'" *Schlessinger v. Valspar Corp.*, 21 N.Y.3d 166, 172 (N.Y. 2013). In this regard, Plaintiffs' § 349 claim does not merely challenge "the act or practice of charging . . .75¢" (Def.'s Mem. at 5), but rather the fact that HealthPort charged the statutory cap without disclosing that it had never calculated its costs and that its costs were less than $0.75 per page.

### A.   "Qualified Persons" Under PHL § 18 Are Consumers.

HealthPort insists that "Plaintiffs cannot meet the 'consumer oriented' standard" because "(1) the records requests were business-to-business transactions between equally sophisticated parties with knowledge of the law (*i.e.*, HealthPort and experienced counsel); and (2) they were transactions in support of that counsel's litigation efforts, which is not a personal, family or household use." (*Id.* at 6.) HealthPort has the law wrong on both counts.

***First***, this Court has noted that PHL § 18 itself is a "consumer-protective statute." (Class Cert. Op. at 12.) The statute protects "qualified persons," which "include patients, their estates, and attorneys acting on behalf of patients and their estates." (Dkt. #193, [Proposed] Joint Pre-Trial Order ("PTO"), at 10, Stip. No. 13 (Aug. 11, 2016).) In this regard, the legislature has

3

extended the protections afforded to patients to those acting on their behalf—including attorneys. "Without Plaintiffs as clients presenting potential legal claims, Plaintiffs' medical records [are] of no use to their attorneys' 'business or commercial enterprise.'"[1] *McCracken v. Verisma Sys*., 131 F. Supp. 3d 38, 47 (W.D.N.Y. 2015).[2] At any rate, HealthPort ignores the fact that many requests are made by patients directly.

**Second**, HealthPort is wrong that using medical records in the course of prosecuting a medical malpractice or personal injury lawsuit is not a personal use. "[U]sing medical records to secure compensation for injuries in a lawsuit is no less 'personal' than is using them to secure insurance coverage or, for that matter, a second medical opinion, employment, medical leave, and other personal benefits." *McCracken*, 131 F. Supp. 3d at 47 (internal quotation marks omitted).

### B. An Act or Practice Is Deceptive or Misleading in a Material Way if It Is Likely To Mislead a Reasonable Consumer.

Reciting the standard under the Federal Trade Commission Act ("FTCA")—i.e., that information is material if it "is important to consumers and, hence, likely to affect their choice of, or conduct regarding, a product," *Bildstein v. MasterCard Int'l Inc.*, 329 F. Supp. 2d 410, 414 (S.D.N.Y. 2004) (internal quotation marks omitted)—HealthPort maintains that "Plaintiffs must

---

[1] Even if they were, "[t]he Court has never explicitly held that section 349(h) only confers standing on individual members of the consuming public. To the contrary, the Court has indicated that limit[ing] the scope of section 349 to only consumers would be in contravention of the statute's plain language permitting recovery by any person injured by reason of' any violation . . . ." *North State Autobahn, Inc. v Progressive Ins. Group Co*., 953 N.Y.S.2d 96, 104 (2d Dep't 2012) (citation and internal quotation marks omitted).

[2] HealthPort's attempt to distinguish *McCracken* on the ground that it was decided at the motion to dismiss stage is not well taken. (Def.'s Mem. at 7 n.3.) The point is one of law: medical records requests made on behalf of a patient or other qualified person are no less consumer-oriented simply because they are made by her lawyer.

4

show that whatever they claim was misleading, had it been disclosed, would have impacted their decision." (Def.'s Mem. at 7.)

As this Court has observed, however, "paying HealthPort's per-page charge was the sole means by which persons who, like [Plaintiff], sought such records could obtain them." (Dkt. #152, Op. & Order ("Sanctions Order"), at 8 (Nov. 19, 2015).) Thus, HealthPort's deception could not have affected Plaintiffs' choice of *product* because Plaintiffs had no choice. (Hence, the reason for PHL § 18.) In no way, however, does this fact undermine the importance of HealthPort's deception. *Cf. In re Coordinated Title Ins. Cases*, 784 N.Y.S.2d 919 (N.Y. Sup. Ct. 2004) ("[I]t is not plausible to think that a consumer, made aware of the opportunity to save hundreds of dollars, would choose to pay the higher rate and forego a savings mandated by law."). Requiring Plaintiffs to prove that they would have made a different decision—e.g., not to obtain the copies in order to avoid paying the overcharge—if they had known the truth, is simply a different way of asking whether they *relied* upon the misrepresentation; but Plaintiffs need not prove justifiable reliance to prevail on their § 349 claim. (Mot. to Dismiss Op. at 19.)

In any event, HealthPort does not cite any New York state court cases that employ the FTCA standard. Instead, New York cases simply provide that an act or practice is deceptive or misleading in a material way if it is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *See Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 344 (N.Y. 1999) (internal quotation marks omitted). This Court already has rejected HealthPort's position (on pages 8-9) that it did not act in a deceptive or misleading manner simply because it disclosed its charges or because Plaintiff's "attorneys specifically offered to pay 75¢ per page for the copies." (*See* Mot. to Dismiss Op. at 20-21 ("That defendants disclosed in advance their intention to charge $0.75 per page, or that plaintiffs 'voluntarily agreed' to pay this figure, does

not preclude a claim under Section 349(a), where defendants allegedly failed to disclose that their actual costs were below that figure.").)

### C. Plaintiffs Who Used Settlement Proceeds To Reimburse Their Attorneys for Medical Records Costs Have Suffered an Injury.

HealthPort asserts that Plaintiff cannot prove actual injury because she "was fully reimbursed for the costs of her litigation, including the cost to obtain medical records, as part of the settlement of her underlying case, and thus, did not incur any out-of-pocket expense or loss." (Def.'s Mem. at 8.) This is wrong as a matter of law. Contrary to HealthPort's position that, "once a settlement is reached the advanced costs are reimbursed and the [p]laintiff has no out of pocket loss" (Def.'s Mem. at 9), using the client's settlement proceeds to reimburse her attorneys reduces the amount of the settlement available to her. That is an out of pocket loss. (*See* Sanctions Order at 8.)

### D. The "Willfully or Knowingly" Standard for Awarding Treble Damages Under § 349(h) Does Not Require a High Degree of Moral Culpability, Flagrant Conduct, or Willful or Wanton Negligence or Recklessness.

"Under General Business Law § 349 consumers may recover actual damages in any amount, and may recover treble damages under General Business Law § 349(h) up to $1,000 . . . . Moreover, the plaintiffs may seek both treble damages and punitive damages . . . ." *Wilner v. Allstate Ins. Co.*, 893 N.Y.S.2d 208, 218 (2d Dep't 2010) (citations omitted).

To be sure, HealthPort's recitation of the standard for *punitive damages* is correct. (Def.'s Mem. at 9.) But Plaintiffs are seeking treble damages in this case; they are not seeking punitive damages. Thus, the punitive damages standard does not apply. Instead, the question is simply whether HealthPort "willfully or knowingly violated [§ 349]." GBL § 349(h) (emphasis added).

Although Plaintiffs will refrain here from addressing the factual assertions made by HealthPort on this point (Def.'s Mem. at 9), it bears noting that whether "Plaintiff's attorneys

6

interpreted Section 18 to allow 75¢ per page, demonstrated by their affirmative offer to pay 75¢ per page," is legally irrelevant. (*See* Sanctions Order at 7 ("the subjective reactions of Ruzhinskaya and Simonson Hess are irrelevant to this case").) Likewise, the notion that "there was no clear guidance in New York law indicating that HealthPort's policy of charging 75¢ was unlawful" is not correct. (*See* Dkt. #208-1, Ex. M. to Decl. of S. Litman in Supp. of Def.'s Mot. *in Limine* No. 5 (discussing *Feder v. Staten Island Univ. Hosp.*, 11 N.Y.S.2d 719 (Mem.) (1st Dep't 2000) (affirming New York Supreme Court order holding that fee charged under PHL § 18 cannot exceed provider's cost)).) *See also Moore v. Ackerman*, 24 Misc. 3d 275, 284 (N.Y. Sup. Ct. 2009) ("[T]he statute clearly does not establish $0.75 per page as the reasonable cost of copying.").

## III.   UNJUST ENRICHMENT

Plaintiffs also generally agree with HealthPort's recitation of the three elements of unjust enrichment. (Def.'s Mem. at 10-11.) That is, "[t]o prevail on a claim for unjust enrichment in New York, a plaintiff must establish 1) that the defendant benefitted; 2) at the plaintiff's expense; and 3) that 'equity and good conscience' require restitution." *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000).

Plaintiffs disagree, however, that HealthPort must have received a "*direct* benefit." (Def.'s Mem. at 10 (emphasis added).) "It does not matter whether the benefit is directly or indirectly conveyed." *Manufacturers Hanover Trust Co. v. Chem. Bank*, 559 N.Y.S.2d 704, 708 (1st Dep't 1990). The fact that Plaintiff and other Class members acted through and reimbursed their agents—namely, their attorneys—in no way undermines their right to recover. *Cf. Scott v. Pro Mgt. Servs. Group, LLC*, 2 N.Y.S.3d 90, 91 (1st Dep't 2015) ("Plaintiff's unjust enrichment claim is direct . . . because plaintiff suffered the alleged harm individually, and he would receive the benefit of any recovery").

7

For two principal reasons, Plaintiffs also disagree with HealthPort's assertion that, "if the parties entered into a contract, there is no unjust enrichment claim. (Def.'s Mem. at 11.)

*First*, this Court already has held that "[a] class member's voluntary accession to [HealthPort's charged fee] is no defense" to Plaintiffs' unjust enrichment claim. (Dkt. #166, Op. & Order, at 4 (Dec. 17, 2015).)

*Second*, even assuming that a contract existed, it does not conflict with Plaintiffs' claims, but rather is subject to them. *See* N.Y. Pattern Jury Instr. – Civil 4:2 comment ("Recovery in quasi contract may not be obtained where there is a valid enforceable contract between the parties as to the same subject matter *and a conflict would result* . . . ." (citation omitted) (emphasis added)). Irrespective of whether Plaintiffs "agreed" to pay $0.75 per page, HealthPort may not overcharge Plaintiffs or misrepresent its costs. *Cf.* Restatement (First) of Restitution § 107A (1937) ("A person of full capacity who, pursuant to a contract with another, has . . . transferred property to the other or otherwise has conferred a benefit upon him, is not entitled to compensation therefor other than in accordance with the terms of such bargain, *unless the transaction is rescinded for fraud, mistake, duress, undue influence or illegality* . . . ." (emphasis added)).

Finally, Plaintiffs are not seeking a double recovery. (*See* Def.'s Mem. at 12.) In the event that the jury finds that liability is warranted on multiple grounds, Plaintiffs have proposed a jury instruction that makes it clear that "duplicate damages cannot be awarded for the same injury." (Dkt. #215 at 29, Instr. No. 19.)

**IV.     CONCLUSION**

For the foregoing reasons, HealthPort misapprehends the relevant law in several important respects. Plaintiffs look forward to resolving the parties' factual disputes—most notably, the issue of the "costs incurred" for copies—at trial.


Dated: September 16, 2016                           Respectfully submitted,

By: */s/ Mathew P. Jasinski*
    William H. Narwold
    Mathew P. Jasinski
    Michael J. Pendell
    Laura W. Ray
    MOTLEY RICE LLC
    20 Church St., 17th Floor
    Hartford, CT 06103
    (860) 882-1681
    (860) 882-1682 (fax)
    bnarwold@motleyrice.com
    mjasinski@motleyrice.com
    mpendell@motleyrice.com
    lray@motleyrice.com

    *Class Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that September 16, 2016, a copy of the foregoing Plaintiffs' Response to Defendant's Pre-Trial Memorandum of Law was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

<u>*/s/ Mathew P. Jasinski*</u>
Mathew P. Jasinski