UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                     :

TATYANA RUZHINSKAYA, *as Administratix of the*  :
*Estate of Marina Rochniak, Deceased, on behalf of*  :
*themselves and all others similarly situated,*    :          14 Civ. 2921 (PAE)
                                     :
                       Plaintiff,    :        OPINION & ORDER
                                     :
           -v-                          :
                                     :

HEALTHPORT TECHNOLOGIES, LLC,       :
                                     :
                      Defendant.    :
                                     :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      Two motions are presently pending before the Court in which a party seeks to preclude

the testimony of an adverse witness bearing on the subject of the "costs incurred" by defendant

HealthPort Technologies, LLC ("HealthPort") in connection with meeting requests for records

made by or on behalf of Beth Israel Hospital patients.  This order resolves those motions.

      In its motion, Dkt. 212, HealthPort moves to exclude the testimony of Richard Royston.

Plaintiff Tatyana Ruzhinskaya proposes to call Royston to testify as to HealthPort's "costs

incurred."  Royston has issued three reports—an original report in April 2016, a corrected report

in May 2016, and a rebuttal report in June 2016, each containing different tabulations of

HealthPort's per-page costs incurred.  In his latest report, Royston concludes that HealthPort's

costs incurred, although above 75 cents per page in 2011 and 2015, were below 75 cents per

page in 2012, 2013, and 2014, a finding which, if credited, would support Ruzhinkskaya's claim

that, at least in those three years, HealthPort charged fees exceeding that allowed by New York

Public Health Law § 18.  HealthPort argues that Royston's report should be excluded for two

broad reasons: because (1) he lacks expertise in the "release of information" (ROI) and healthcare industries, and (2) methodological flaws that HealthPort perceives in his analysis make his work unreliable.

The Court denies HealthPort's motion to preclude Royston's testimony.  Having reviewed Royston's report, Dkt. 84, the Court does not agree that expertise in the ROI or healthcare industries, while it might be helpful, is necessary for him, or a similar witness, to tabulate and allocate HealthPort's "costs incurred."  Such calculations, by any witness, must of course be based on a competent factual record.  The Court will not allow a witness, whether or not designated as an expert, to make assumptions that lack a basis in the trial evidence as to (1) the purpose—or purposes—for which a particular expenditure of HealthPort's was put or (2) the extent to which costs of a particular type are properly allocated to responses to records requests by "qualified persons" within the meaning of § 18.  But while such a witness will require some facility with financial records and concepts, and perhaps with discrete accounting concepts, the Court is unpersuaded that industry expertise is needed to perform this task.  Instead, the task appears to be more a prosaic one, based on the trial record, of allocating, synthesizing, and allocating costs to the function, within HealthPort's operations, of meeting requests for patient information.

The Court is also unconvinced that HealthPort's critiques of aspects of Royston's work require excluding his testimony altogether.  To be sure, some aspects of his testimony ultimately may prove inadmissible (*e.g.*, for lack of an adequate foundation in the trial evidence).  But as to the portions of his analysis that are received, the Court is confident that the jury will be fully capable of determining which aspects are and are not persuasive.  It will be assisted in doing so by counsel's examinations; the competing testimony of Gregory Trerotola, HealthPort's witness

as to "costs incurred," who has industry experience; counsel's closing arguments; and its own common sense and reason.

Ruzhinskaya, for her part, moves, Dkt. 220, to exclude HealthPort's proposed rebuttal witness, Bryan Hirsch. Unlike Trerotola and Royston's reports, Hirsch's report, Dkt. 228, Ex. D, does not draw any conclusions about HealthPort's "costs incurred." He proposes instead at trial only to critique certain aspects of Royston's reasoning and methodology on that point.

The Court considered Hirsch's report in deciding whether to exclude Royston's testimony as unreliable. But, because Hirsch's testimony is directed not to an element of a cause of action or a defense, but instead at undermining another witness's conclusions, it is premature for the Court to determine whether there is a proper place at trial for any part of his proposed testimony. No determination yet has been made on the contours of Royston's permissible trial testimony. And the Court has not heard that testimony, assessed its significance in the context of the overall trial, or gauged whether the same impeachment of Royston that Hirsch proposes to accomplish can equally be accomplished through the conventional means of cross-examination.

The Court will therefore deny, as premature, Ruzhinskaya's motion to preclude Hirsch's testimony, much as it would have denied, on the same grounds, a motion *in limine* by HealthPort seeking a pretrial ruling admitting Hirsch's testimony. The Court will permit a timely motion at trial to permit testimony by Hirsch. The Court will resolve any such motion with a close focus on the direction that trial has taken and the probative value, if any, of the particular testimony of Hirsch's that is then proffered. The Clerk of Court is respectfully directed to terminate the motions pending at Dkts. 212 and 220.

SO ORDERED.

Dated: December 20, 2016
New York, New York

PAUL A. ENGELMAYER
United States District Judge

3