IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TATYANA RUZHINSKAYA, as Administratrix of the Estate of MARINA ROCHNIAK, Deceased, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>HEALTHPORT TECHNOLOGIES, LLC,<br><br>Defendant. | Case No. 1:14-cv-02921(PAE) (GWG)<br><br>ECF Case<br><br>Electronically Filed |

**JOINT STATEMENT OF UNDISPUTED FACTS**

Defendant HealthPort Technologies, LLC, and plaintiff Tatyana Ruzhinskaya, as Administratrix of the Estate of Marina Rochniak, Deceased, on behalf of themselves and all others similarly situated, and stipulate to the following undisputed facts.

**The Parties**

1.      Plaintiff Tatyana Ruzhinskaya ("Plaintiff") is the Administratrix of the Estate of Marina Rochniak.

2.      Plaintiff is a representative of all persons, who, at any time from March 12, 2011 to December 31, 2015 (the "Class Period"), paid for, or became obligated to pay for, copies of an individual's patient information requested from Beth Israel Medical Center by a "qualified person" as defined in New York Public Health Law ("PHL") § 18(1)(g), for which copies of HealthPort Technologies, LLC charged $0.75 per page (the "Class").

1

3. Beth Israel Medical Center ("Beth Israel") is a hospital located in Manhattan.

4. HealthPort Technologies, LLC ("HealthPort") is a release of information ("ROI") company headquartered in Alpharetta, Georgia. HealthPort is in the business of processing requests for, copying, and distributing medical records on behalf of healthcare providers. HealthPort's services are performed both on-site at the healthcare providers' facilities and through a central processing service center in Alpharetta, Georgia, that indexes, audits, prints, and distributes copies of medical records to authorized requestors from all of the healthcare facilities that it provides services to nationwide.

5. Following the merger of HealthPort with other entities, which occurred after the Class Period in March 2016, HealthPort changed its name to CiOX Health.

**The Relationship Between HealthPort and Beth Israel**

6. In 1997, Beth Israel entered into a contract with Correspondence Management, Inc. ("CMI") to respond to third-party requests for copies of medical records in Beth Israel's possession (HEALTHPORT009969-9972). The CMI agreement is attached as Exhibit A.

7. Subsequently, CMI was acquired by ChartOne, Inc. ("ChartOne"), which, in turn, became Beth Israel's ROI contractor.

8. HealthPort acquired ChartOne, Inc. ("ChartOne") in 2008, and in so doing replaced ChartOne as Beth Israel's ROI contractor.

9. As part of its acquisition of ChartOne, HealthPort assumed ChartOne's rights and obligations under the Master Professional Services and Equipment Agreement (HEALTHPORT009961-009968), Modification Addendum (HEALTHPORT009959-009960), eWeb Release of Information Service Order (HEALTHPORT009954-009958), and Business Associate Agreement (HEALTHPORT009945-009953) between ChartOne and Beth Israel

effective July 1, 2007. HealthPort and Beth Israel entered into a Business Associate Agreement on September 19, 2011 (HEALTHPORT009937-9944) (the "2011 Business Associate Agreement"). Copies of these agreements (the "Agreements") are attached as Exhibit B.

10.     HealthPort provides Beth Israel a service offering described internally at HealthPort as "ROI Basic Plus."

**The Process of Responding to Records Requests**

11.     Beth Israel and HealthPort both perform tasks related to the process of responding to records requests.

12.     Authorized requestors make a records request directly to Beth Israel. Beth Israel then performs various tasks to respond to medical records requests, including validating the records requests; locating the records (which may be stored in paper and/or electronic format in multiple physical locations and databases); reviewing and screening retrieved medical records to identify contents that are responsive to a particular request and to comply with applicable disclosure limitations or regulations; retrieving requested medical records from storage when necessary and placing them in a designated area for HealthPort to retrieve and copy or scan; and re-filing all medical records. Beth Israel does not bill for its services.

13.     HealthPort's duties under the Agreements include ███████████████████████████████████████████████████████████████████████████████

14. Pursuant to the Agreements, ███████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

15. HealthPort does not bill Beth Israel for its services. In addition, HealthPort does not bill Beth Israel for "In-House" requests for copies of medical records, including requests from Beth Israel's internal departments, or for "continuing care" requests.

**The Applicability of PHL § 18**

16. PHL § 18 limits the charges for copies of medical records requested by "qualified persons" to the provider's "costs incurred" and sets a $0.75 per page cap on such charges. The $0.75 per page cap was added in 1991 and has not been changed since that time.

17. "Qualified persons" include patients, their estates, and attorneys acting on behalf of patients and their estates.

18. Plaintiff's records request made through her attorneys, Simonson Hess Leibowitz & Goodman, P.C. ("Simonson Hess"), was a request from a "qualified person" within the meaning of PHL § 18.

**Plaintiff's Records Request to Beth Israel**

19. In October 2010, Marina Rochniak commenced a medical malpractice action in New York Supreme Court. Beth Israel was not a party to that action.

20. In December 2012, Ms. Rochniak died. Thereafter, Plaintiff continued to prosecute the medical malpractice action as the Administratrix of her mother's estate.

21. On January 15, 2013, Plaintiff executed a retainer agreement with the law firm Simonson Hess, pursuant to which Plaintiff was obligated to reimburse Simonson Hess for its disbursements in the event of a monetary recovery.

22. On or about June 4, 2013, Beth Israel received a written request from Simonson Hess, for Ms. Rochniak's medical records (the "Request"). The Request is attached as Exhibit C.

23. In this Request, Simonson Hess stated: "If you would inform us as to the number of pages with constitutes the record of the above named, we would be glad to forward our check in the amount of $.75 per page."

24. In response to the Request, HealthPort forwarded an invoice ending in 3579 (the "Invoice") to Simonson Hess for the processing, copying, and delivering of 185 pages of Ms. Rochniak's medical records. The charge for the records was $0.75 per page and the total amount of the invoice was $140.75. The Invoice is attached as Exhibit D.

25. On or about July 8, 2013, Simonson Hess paid the Invoice in full, and HealthPort delivered copies of Ms. Rochniak's medical records to Simonson Hess.

26. On or about August 19, 2013, the New York Supreme Court approved the settlement of the medical malpractice action, and thus a monetary recovery for Plaintiff. The court also approved reimbursing Simonson Hess from these settlement funds for itemized disbursements advanced in prosecuting the medical malpractice action. The Order approving the settlement is attached as Exhibit E.

27. The cost of obtaining Ms. Rochniak's Beth Israel medical records through HealthPort was an itemized expense approved for reimbursement by the New York Supreme Court. The list of disbursements is attached as Exhibit F.

**Other Requests Made by Simonson Hess for**
**Ms. Rochniak's Medical and Medical-Related Records**

28.     On or about July 20, 2010, Simonson Hess received a response from Dr. Irina Klebanov, M.D.D.O in connection with their request for Marina Rochniak's medical records. The response states "Please be advised, that we have charge 75¢ per page. Your total is 75¢ x 83 pages + shipping = $72.00." The response from Dr. Klebanov is attached as Exhibit G.

29.     On or about August 25, 2010, Simonson Hess sent Doshi Diagnostic a written request for Marina Rochniak's medical records. In this request Simonson Hess stated: "If you would inform us as to the number of pages with constitutes the record of the above named, we will be glad to forward our check in the amount of $.75 per page." The request to Doshi Diagnostic is attached as Exhibit H.

30.     On or about May 21, 2012, Simonson Hess sent WellCare Health Plans, Inc. a written request for the lien amount asserted by WellCare. In this request Simonson Hess stated: "If you would inform us as to the number of pages with constitutes the record of the above named, we will be glad to forward our check in the amount of $.75 per page." The request to WellCare Health Plans is attached as Exhibit I.

31. On or about July 9, 2013, Simonson Hess sent Medicaid a written request for records. In this request, Simonson Hess stated: "If you would inform us as to the number of pages with constitutes the record of the above named, we will be glad to forward our check in the amount of $.75 per page." The request to Medicaid is attached as Exhibit J.

Dated: New York, New York
July 27, 2017

**LYNCH DASKAL EMERY LLP**

/s/ Scott R. Emery
Scott R. Emery
137 West 25th Street, 5th Floor
New York, New York 10001
(212) 302-2400
emery@lde.law

-and-

THOMPSON HINE LLP
Seth A. Litman (admitted *pro hac vice*)
Rebecca Brazzano
335 Madison Avenue
New York, New York 10017
(212) 344-5680

*Attorneys for HealthPort Technologies, LLC*

**MOTLEY RICE LLC**

/s/ Mathew P. Jasinski
Mathew P. Jasinski
One Corporate Center
20 Church Street, 17th Floor
Hartford, Connecticut  06103
(860) 218-2725
mjasinski@motleyrice.com

*Attorneys for Plaintiffs*