UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

TATYANA RUZHINSKAYA, *as Administratix of the Estate of Marina Rochniak, Deceased, on behalf of themselves and all others similarly situated*,

                Plaintiff,

-v-

HEALTHPORT TECHNOLOGIES, LLC,

                Defendant.

------------------------------------------------------------------------X

14 Civ. 2921 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has reviewed the parties' joint letter, Dkt. 367 ("Joint Letter"), addressing next steps in this litigation, in light of the Second Circuit's November 1, 2019 remand. The limited purpose of the remand was to return Beth Israel to the case and to litigate plaintiff's dismissed claims against Beth Israel to conclusion, so as to assure that any answers to the questions that the Second Circuit intends to certify to the New York Court of Appeals are given with due sensitivity to the distinct postures presented by claims against a non-provider, such as defendant HealthPort Technologies, LLC ("HealthPort"), and a provider, such as voluntarily dismissed defendant Beth Israel Medical Center ("Beth Israel").[1]

---

[1] Of the two questions that the Circuit has stated it intends to certify, the first—whether a non-provider can be liable to a records requester under § 18—applies only to claims against a non-provider such as HealthPort. The second question—how "costs incurred" should be calculated under § 18—is germane to claims against a provider. It would be germane to claims against a non-provider only if this Court's holding that a non-provider cannot be statutorily liable under § 18 were reversed. (This Court's ruling earlier in the case as to how "costs incurred" are properly tabulated in a case against vendor HealthPort was mooted by its later determination that § 18 does not permit claims against a non-provider.)

The limited purpose of this remand—to restore Ruzhinskaya's claims against Beth Israel and to bring these to a final judgment—informs the Court's resolution of the issues raised by the parties:

1. *Temporal expansion of class period*: Ruzhinskaya asks the Court to move the end date of the Class Period from December 31, 2015 to the present (i.e., December 2019). Joint Letter at 2. The Circuit's limited remand, however, was for an entirely separate purpose. It does not afford any charter for expanding the class period or the temporal scope of the litigation. And an order to this effect would significantly expand the scope of this case, and needlessly reopen discovery, including as to whether the various practices at issue (e.g., as to charges imposed upon records requesters) during the four ensuing years differed from those in the class period. Further, there is no reason to assume that Ruzhinskaya, the sole plaintiff, made any records requests of Beth Israel during the past four years, potentially raising questions about whether she would be an adequate class representative as to a later period, during which relevant practices may differ. The Court accordingly denies the request to modify the class period. In light of this ruling, the Court denies as moot Ruzhinskaya's request for discovery from any party as to any subjects covering the years 2016 forward. *See* Joint Letter at 3 (noting that plaintiff will seek data as to records requests and costs incurred from 2016 forward).

2. *Expansion of nature of Ruzhinskaya's claims against Beth Israel*: In its ruling granting summary judgment to HealthPort, the Court recognized that, although a provider such as Beth Israel who passes along a vendor's charge for its services to the record requester may ordinarily treat these as a "cost incurred" by the provider, in theory, a plaintiff could allege under § 18 that a provider had failed to explore the availability of lower cost vendors and thereby came to impose an unreasonable charge. Seizing on this language, Ruzhinskaya proposes to undertake discovery into Beth Israel's diligence in connection with the retention of HealthPort. The Court,

however, has examined Ruzhinskaya's Second Amended Complaint against Beth Israel, Dkt. 39, and neither it nor Ruzhinskaya's preceding complaints make allegations along these lines. The Court accordingly will not permit Ruzhinskaya to pursue such a new theory of § 18 liability, or to seek discovery aimed at substantiating such a new theory. *See* Joint Letter at 3 (noting that plaintiff intends to seek discovery from Beth Israel regarding its diligence as to the availability of lower-priced vendors).

3. *Completion of discovery*: Because Beth Israel was voluntarily dismissed from the case before discovery closed, both Ruzhinskaya and Beth Israel are entitled to complete discovery as to the claims that Ruzhinskaya has brought against Beth Israel. As to the additional discovery Ruzhinskaya seeks, in light of the above rulings declining to allow the expansion of her claims temporally or otherwise, the only added discovery she seeks consists of "updated cost data for Beth Israel and HealthPort" during the existing class period. *Id*. at 3. Although it is not clear what if any additional cost data Ruzhinskaya intends to pursue for this period, the Court will permit Ruzhinskaya to pursue discovery, if any, on this discrete subject, albeit on an expedited basis. As to Beth Israel, it does not identify any additional discovery it seeks. That, however, may be based on Beth Israel's proposal—which the Court rejects—that discovery be stayed and the Court permit motions for summary judgment based on the discovery taken to date. *See* Joint Letter at 4.[2] The Court accordingly will permit Ruzhinskaya and Beth Israel a limited period of time in which to complete discovery on the claims against Beth Israel. Such discovery is to be completed by February 7, 2020. This date will not be extended. The Court directs counsel to meet and confer to submit, by January 7, 2020, a letter reflecting their agreed-upon

---

[2] Although existing discovery may prove to supply a basis for resolving this case on summary judgment, to assure that the New York Court of Appeals receives the certified questions on a complete record, it is necessary first to complete discovery. Resolution of Ruzhinskaya's claims on an incomplete record would needlessly invite the risk of a remand to round out the record.

plan as to any outstanding discovery. For avoidance of doubt, counsel are at liberty to agree that no further discovery is merited. Following the close of discovery, the Court will set a schedule for, and entertain, summary judgment motions.

4. *Amendment of class certification order to include claims against Beth Israel*: At present, a class has been certified as to the claims against HealthPort, but, because Beth Israel had been voluntarily dismissed from the case prior to the Court's rulings on class certification, there has not been a class certified as to the claims against Beth Israel. These claims at present are limited to Ruzhinskaya's claims in her individual capacity. Given the nature of the evidence in this case, the Court is not aware of any non-frivolous factual basis on which Beth Israel can oppose amending the class certification order to add class claims against Beth Israel, provided that these track and do not expand upon Ruzhinskaya's existing claims. Further, in light of the forthcoming summary judgment motions practice, such an amendment would ensure that the claims against both defendants arising out of substantially the same facts were resolved on a class basis. The Court directs counsel to confer on this issue and to submit, also by January 7, 2020, a joint letter setting out their respective views as to amending the class certification order to include the claims against Beth Israel. Counsel are also to confer upon the text of, and to submit, a proposed order to this effect.

5. *Summary judgment motions*: Following the completion of outstanding discovery, if any, the Court will set an expedited schedule for the briefing of summary judgment motions. As with the summary judgment motions that the Court resolved as between Ruzhinskaya and HealthPort, the Court will direct counsel for Ruzhinskaya and Beth Israel to file a statement of Joint Stipulated Facts, or JSF, prior to the onset of summary judgment briefing. To expedite this process, counsel for Ruzhinskaya and Beth Israel are directed forthwith to meet and confer to determine whether Beth Israel is prepared to stipulate to the facts contained in the JSF executed

by Ruzhinskaya and HealthPort, *see* Dkt. 320, and whether the parties believe that additional facts can be stipulated to that either party believes are germane to Ruzhinskaya's claims against Beth Israel.  While a JSF will not be due until after the close of additional fact discovery, if any, on February 7, 2020, the Court asks Ruzhinskaya and Beth Israel, in their January 7, 2020 joint letter, to notify the Court whether Beth Israel has agreed to stipulate to the facts contained in the existing JSF between Ruzhinskaya and HealthPort.

    SO ORDERED.

                                                                             PAUL A. ENGELMAYER
                                                                             United States District Judge

Dated: December 23, 2019
       New York, New York