```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
TATYANA RUZHINSKAYA, as Administratrix of the             :
Estate of Marina Rochniak, Deceased, on behalf of         :
themselves and all others similarly situated,             :       14 Civ. 2921 (PAE)
                                                          :
                          Plaintiff,                      :       ORDER
                                                          :
                -v-                                       :
                                                          :
HEALTHPORT TECHNOLOGIES, LLC, et al.                      :
                                                          :
                          Defendants.                     :
                                                          :
------------------------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

This order resolves a discovery dispute regarding several requests for admission served by plaintiff Tatyana Ruzhinskaya on defendant Beth Israel Medical Center ("Beth Israel").

By way of background, on November 1, 2019, the Second Circuit remanded this case for the limited purposes of returning Beth Israel, which had previously been voluntarily dismissed, to the case and litigating Ruzhinskaya's dismissed claims against Beth Israel to conclusion, prior to the Circuit's certification of two questions of state law to the New York Court of Appeals. *See* Dkt. 361. On December 23, 2019, the Court issued an order setting forth the procedure by which this case should proceed, in light of the Second Circuit's remand, including that the court would "permit Ruzhinskaya and Beth Israel a limited period of time in which to complete discovery on the claims against Beth Israel. Such discovery is to be completed February 7, 2020. This date will not be extended." Dkt. 368 at 3. On January 8, 2020, the Court so-ordered the parties' proposed stipulation and order, which, *inter alia*, restored Beth Israel as a defendant under Federal Rule of Civil Procedure 21. Dkt. 372.

On March 17, 2020—more than a month after the close of the limited discovery period—Ruzhinskaya filed a letter seeking to compel Beth Israel to respond to 6 Requests for Admission (the "RFAs") concerning the costs and fees defendant HealthPort Technologies, LLC ("HealthPort") incurs in producing copies of medical records, as well as HealthPort's revenues. Dkt. 377. On March 20, 2020, Beth Israel responded, explaining that: (i) each of the RFAs ask Beth Israel to admit or deny summary statements about HealthPort's costs or revenues made in an expert report proffered by HealthPort summarizing data produced in discovery by HealthPort; (ii) Beth Israel's position, with regard to its proposed motion for summary judgment, is that the relevant cost to Beth Israel is the amount HealthPort charges class members—*i.e.*, $.75/page—not HealthPort's internal costs and revenues; (iii) the admissions sought in the RFAs are wholly outside Beth Israel's knowledge and not readily obtainable through reasonable inquiry because; and (iv) the RFAs ask Beth Israel to adopt expert conclusions, which go to the heart of the dispute between the parties regarding how costs are to be calculated under the statute. Dkt. 379. Beth Israel further notes that it "does not intend to present alternative HealthPort factual data" or to "dispute [Ruzhinskaya's] math," and that there is "no present need to reopen expert discovery to permit a rehashing or examination of these matters." *Id.* at 2.

The Court denies Ruzhinskaya's motion to compel for two independent reasons.

First, the additional factual discovery period allowed by the Court ended February 7, 2020; expert discovery has long been completed. Any discovery motion should have been filed by February 7, 2020. If Ruzhinskaya had filed a letter even shortly after that date, showing cause for its untimely filing in the form of delay by Beth Israel, the Court might have treated the letter as timely. But a March 17, 2020 letter, filed six days after Beth Israel submitted a pre-motion

letter previewing its proposed motion for summary judgment, is unreasonably late. For this reason alone, the Court will not grant the requested relief.

Second, even if Ruzhinskaya had timely filed her motion, it is entirely without merit. Requests for admission are governed by Federal Rule of Civil Procedure 36. Rule 36 "is intended to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial, the truth of which is known to the parties or can be ascertained by reasonable inquiry." *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (quoting 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2252 (3d ed. 2006)). "Generally, a 'reasonable inquiry' is limited to review and inquiry of those persons and documents that are within the responding party's control. *ABKCO Music, Inc. v. Sagan*, No. 15 Civ. 4025 (ER) (HBP), 2017 WL 3236443, at *3 (S.D.N.Y. July 31, 2017) (quoting *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997)). Further, "where requests for admission are not designed to identify and eliminate matters on which the parties agree, but to seek information as to fundamental disagreement at the heart of the lawsuit, or are unduly burdensome, a court may excuse a party from responding to the requests." *Republic of Turkey*, 326 F.R.D. at 399.

The RFAs in dispute here clearly seek information that is outside of Beth Israel's knowledge or control, even upon reasonable inquiry. Moreover, they seek admissions as to fundamental disagreements at the heart of this lawsuit, the relevant costs under PHL § 18, rather than admissions properly sought pursuant to Rule 36.

Accordingly, Ruzhinskaya's motion to compel, Dkt. 377, is denied. Discovery has ended in this litigation. By separate order, the Court will set a prompt briefing schedule for Beth Israel's anticipated motion for summary judgment.

SO ORDERED.

_Paul A. Engelmayer_
PAUL A. ENGELMAYER
United States District Judge

Dated: March 26, 2020
      New York, New York