IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Tatyana Ruzhinskaya, as Administratrix of the Estate of MARINA ROCHNIAK, Deceased, on behalf of themselves and all others similarly situated<br><br>                              Plaintiff,<br><br>  -against-<br><br>HEALTHPORT TECHNOLOGIES LLC and BETH ISRAEL MEDICAL CENTER,<br><br>                              Defendants. | Case No. 1:14-cv-02921 (PAE) (GWG) |

**JOINT STATEMENT OF UNDISPUTED FACTS**

Defendant Beth Israel Medical Center and plaintiff Tatyana Ruzhinskaya, as Administratix of the Estate of Marina Rochniak, Deceased, on behalf of themselves and all others similarly situated, stipulate to the following additional undisputed facts.

1. Plaintiff Tatyana Ruzhinskaya is the Administratix of the Estate of Marina Rochniak.

2. Plaintiff is a representative of all persons, who, at any time from March 12, 2011 to December 31, 2015 (the "Class Period"), paid for, or became obligated to pay for, copies of an individual's patient information requested from Beth Israel Medical Center by a "qualified person" as defined in the New York Public Health Law ("PHL") § 18(1)(g), for which copies of HealthPort Technologies, LLC charged $0.75 per page (the "Class").

3. Beth Israel Medical Center ("Beth Israel") is a hospital located in Manhattan.

4. HealthPort Technologies, LLC ("HealthPort") is a release of information ("ROI") company headquartered in Alpharetta, Georgia. HealthPort is in the business of processing

requests for, copying, and distributing medical records on behalf of healthcare providers. HealthPort's services are performed both on-site at the healthcare providers' facilities and through a central processing service center in Alpharetta, Georgia, that indexes, audits, prints, and distributes copies of medical records to authorized requestors from all of the healthcare facilities that it provides services to nationwide.

5. Following the merger of HealthPort with other entities, which occurred after the Class Period in March 2016, HealthPort changed its name to CIOX Health.

6. In 1997, Beth Israel entered into a contract with Correspondence Management, Inc. ("CMI") to respond to third-party requests for copies of medical records in Beth Israel's possession (HEALTHPORT009969-9972). The CMI Agreement is filed as Dkt. 321-1.

7. Subsequently, CMI was acquired by ChartOne, Inc. ("ChartOne"), which, in turn, became Beth Israel's ROI contractor.

8. HealthPort acquired ChartOne in 2008, and in so doing replaced ChartOne as Beth Israel's ROI contractor.

9. As part of its acquisition of ChartOne, HealthPort assumed ChartOne's rights and obligations under the Master Professional Services and Equipment Agreement (HEALTHPORT009961-009968), Modification Addendum (HEALTHPORT009959-009960), eWeb Release of Information Service Order (HEALTHPORT009954-009958), and Business Associate Agreement (HEALTHPORT009945-009953) between ChartOne and Beth Israel effective July 1, 2007. HealthPort and Beth Israel entered into a Business Associate Agreement on September 19, 2011 (HEALTHPORT009937-009944) (the "2011 Business Associate Agreement") (collectively, the "Agreements"). Copies of the Agreements are filed as Dkt. 321-2.

10. HealthPort provides Beth Israel a service offering described internally at HealthPort as "ROI Basic Plus."

11. Beth Israel and HeathPort both perform tasks related to the process of responding to records requests.

12. Authorized requestors make a records request directly to Beth Israel. Beth Israel then performs various tasks to respond to medical records requests, including validating the records request; locating the records (which may be stored in paper and/or electronic format in multiple physical locations and databases); reviewing and screening retrieved medical records to identify contents that are responsive to a particular request and to comply with applicable disclosure limitations or regulations; retrieving requested medical records from storage when necessary and placing them in a designated area for HealthPort to retrieve and copy or scan; and re-filing all medical records. Beth Israel does not bill for its services.

13. HealthPort's duties under the Agreements include 

14. Pursuant to the Agreements,

3

15. HealthPort does not bill Beth Israel for its services. In addition, HealthPort does not bill Beth Israel for "In-House" requests for copies of medical records, including requests from Beth Israel's internal departments, or for "continuing care" requests.

16. PHL § 18 limits the charges for copies of medical records requested by "qualified persons" to a reasonable charge not exceeding the provider's "costs incurred" and sets a $0.75 per page cap on such charges. The $0.75 per page cap was added in 1991 and has not been changed since that time.

17. "Qualified persons" include patients, their estates, and attorneys acting on behalf of patients and their estates.

18. Plaintiff's records request made through her attorneys, Simonson Hess Leibowitz & Goodman, P.C. ("Simonson Hess"), was a request from a "qualified person" within the meaning of PHL § 18.

19. In October 2010, Marina Rochniak commenced a medical malpractice action in New York Supreme Court. Beth Israel was not a party to that action.

20. In December 2012, Ms. Rochniak died. Thereafter, Plaintiff continued to prosecute the medical malpractice action as Administratix of her mother's estate.

21. On January 5, 2013, Plaintiff executed a retainer agreement with the law firm Simonson Hess, pursuant to which Plaintiff was obligated to reimburse Simonson Hess for its disbursements in the event of a monetary recovery.

22. On or about June 4, 2013, Beth Israel received a written request from Simonson Hess for Ms. Rochniak's medical records (the "Request"). The Request is filed as Dkt. 321-3.

23. In this Request, Simonson Hess stated: "If you would inform us as to the number of pages with constitutes the record of the above named, we would be glad to forward our check in the amount of $.75 per page."

24. In response to the Request, HealthPort forwarded an invoice ending in 3579 (the "Invoice") to Simonson Hess for the processing, copying, and delivering of 185 pages of Ms. Rochniak's medical records. The charge for the records was $0.75 per page and the total amount of the invoice was $140.75. The Invoice is filed as Dkt. 321-4.

25. On or about July 8, 2013, Simonson Hess paid the Invoice in full, and HealthPort delivered copies of Ms. Rochniak's medical records to Simonson Hess.

26. On or about August 19, 2013, the New York Supreme Court approved the settlement of the medical malpractice action, and thus a monetary recovery for Plaintiff. The court also approved reimbursing Simonson Hess from these settlement funds for itemized disbursements advanced in prosecuting the medical malpractice action. The Order approving the settlement is filed as Dkt. 321-5.

27. The cost of obtaining Ms. Rochniak's Beth Israel medical records through HealthPort was an itemized expense approved for reimbursement by the New York Supreme Court. The list of disbursements is filed as Dkt. 321-6.

28. On or about July 20, 2010, Simonson Hess received a response from Dr. Irina Klebanov, M.D.D.O in connection with their request for Marina Rochniak's medical records. The response states "Please be advised, that we have charged 75¢ per page. Your total is 75¢ x 83 pages + shipping = $72.00." The response from Dr. Klebanov is filed as Dkt. 321-7.

29. On or about August 25, 2010, Simonson Hess sent Doshi Diagnostic a written request for Marina Rochniak's medical records. In this request Simonson Hess stated: "If you

5

would inform us as to the number of pages with constitutes the record of the above named, we will be glad to forward our check in the amount of $.75 per page." The request to Doshi Diagnostic is filed as Dkt. 321-8.

30. On or about May 21, 2012, Simonson Hess sent WellCare Health Plans, Inc. a written request for the lien amount asserted by WellCare. In this request Simonson Hess stated: "If you would inform us as to the number of pages with constitutes the record of the above named, we will be glad to forward our check in the amount of $.75 per page." The request to WellCare Health Plans is filed as Dkt. 321-9.

31. On or about July 9, 2013, Simonson Hess sent Medicaid a written request for records. In this request, Simonson Hess stated: "If you would inform us as to the number of pages with constitutes the record of the above named, we will be glad to forward our check in the amount of $.75 per page." The request to Medicaid is filed as Dkt. 321-10.

32. The records produced in this case reflect that HealthPort processed no fewer than ▮▮▮▮▮ pages of medical records under the Agreements with Beth Israel during the Class Period.

33. Until this Action, Beth Israel did not provide HealthPort with a report concerning the amount of any costs incurred by Beth Israel in responding to records requests fulfilled by HealthPort.

34. The Agreements obligate HealthPort to make copies for both third-party requestors and in-house (i.e., Beth Israel) requestors, including continuing care requests.

35. Third-party requestors are "billable" under the Agreements, meaning that HealthPort may charge the third-party requestor for the copies.

36. In-house and continuing care requests are "non-billable" under the Agreements.

37. HealthPort may be required under certain circumstances to provide requesters with free copies, or to provide copies to insurance providers at rates negotiated by those entities.

38. Some of Beth Israel's medical records are stored in a storage facility in Brooklyn, on location at five clinics throughout New York City, while other records are in the data system in electronic format.

39. Beth Israel pays for the storage of records at the Brooklyn storage facility and pays for their retrieval when necessary.

Dated:  April 17, 2020

Respectfully submitted,

By: */s/ Sandra D. Hauser*
Sandra D. Hauser
Ashley B. Huddleston
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 768-6700
Fax: (212) 768-6800
sandra.hauser@dentons.com
ashley.huddleston@dentons.com

*Counsel for Beth Israel Medical Center*

By:  */s/ Mathew P. Jasinski*
William H. Narwold
Mathew P. Jasinski
MOTLEY RICE LLC
20 Church Street, 17th Floor
Hartford, CT 06103
bnarwold@motleyrice.com
mjasinski@motleyrice.com

*Counsel for Plaintiff Tatyana Ruzhinskaya, as Administratrix of the Estate of Marina Rochniak*

US_Active\114628661\V-6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Supplemental Joint Statement of Undisputed Facts was served via electronic mail and SDNY ECF on April 17, 2020 to the following parties:

Rebecca Katz
MOTLEY RICE LLC
600 Third Avenue, Suite 2101
New York, NY 10016
rkatz@motleyrice.com

*Counsel for Plaintiff Tatyana Ruzhinskaya, as Administratrix of the Estate of Marina Rochniak*

Steven L. Hess
SIMONSON HESS LIEBOWITZ & GOODMAN, P.C.
299 Broadway, Suite 1220
New York, NY 10007
sh@shlpc.com

*Counsel for Plaintiff Tatyana Ruzhinskaya, as Administratrix of the Estate of Marina Rochniak*

Seth A. Litman
Alexandra Chanin
THOMPSON HINE LLP
3560 Lenox Road, Two Alliance Center
Suite 1600
Atlanta, GA 30326
Seth.Litman@thompsonhine.com
Alexandra.chanin@thompsonhine.com

*Counsel for Defendant HealthPort Technologies, LLC*

Rebecca A. Brazzano

Kip T. Bollin
THOMPSON HINE LLP
335 Madison Avenue, 12th Floor
New York, NY 10017
Rebecca.Brazzano@thompsonhine.com

*Counsel for Defendant HealthPort Technologies, LLC*

James Lee Defeo
THOMPSON HINE LLP
3900 Key Center, 127 Public Square
Cleveland, OH 44114
Jim.defeo@thompsonhine.com

*Counsel for Defendant HealthPort Technologies, LLC*

Scott R. Emery
James R. Lynch
LYNCH DASKAL EMERY, LLP
137 W. 25th Street, 5th Floor
New York, NY 10001
emery@lawlynch.com
lynch@lawlynch.com

*Counsel for Defendant HealthPort Technologies, LLC*

Jay P. Lefkowitz
Gilad Bendheim
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
lefkowitz@kirkland.com
gilad.bendheim@kirkland.com

*Counsel for Defendant HealthPort Technologies, LLC*