UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

TATYANA RUZHINSKAYA, *as Administratrix of the Estate of Marina Rochniak, Deceased, on behalf of themselves and all others similarly situated*,

                              Plaintiff,

-v-

HEALTHPORT TECHNOLOGIES LLC and
BETH ISRAEL MEDICAL CENTER,

                              Defendants.

14 Civ. 2921 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

    This decision resolves the motion for summary judgment filed by defendant Beth Israel Medical Center ("Beth Israel") with respect to the claims brought against it by plaintiff Tatyana Ruzhinskaya, relating to alleged overcharging for patient medical records. For the reasons that follow, the Court grants Beth Israel's motion.

**I.    Background**

    The background to and facts of this long-running case are set out in detail in the Court's March 14, 2018 decision granting summary judgment to co-defendant HealthPort Technologies LLC ("HealthPort") on Ruzhinskaya's claims against it. *See* Dkt. 358 ("HealthPort SJ Dec'n") (reported at *Ruzhinskaya v. HealthPort Techs. LLC*, 291 F. Supp. 3d 484 (S.D.N.Y. 2018)). The Court incorporates that account by reference, and here sets out only the limited background necessary to explain the issue at hand.

    In brief:

### A. The Court's Entry of Summary Judgment in Favor of HealthPort

Ruzhinskaya requested the medical records of her deceased mother from Beth Israel. She was charged 75 cents per page for those records. On behalf of a putative New York state-wide class of records requesters, Ruzhinskaya brought suit against both Beth Israel and HealthPort, the "release of information" ("ROI") company with whom Beth Israel had contracted to photocopy and provide medical records to requesters on its behalf.

Ruzhinskaya principally claimed that the defendants' practice of charging a fixed rate of 75 cents per page violated a New York statute, Public Health Law ("PHL") § 18, which governs access to and charges for patient medical records. Relevant here, § 18 provides that a health care "provider" may impose "a reasonable charge for all inspections and copies, not exceeding the costs incurred by such provider," but that "the reasonable charge for paper copies shall not exceed seventy-five cents per page." PHL § 18(2)(e). Ruzhinskaya also brought a claim against HealthPort for unjust enrichment and a claim against both defendants under New York General Business Law ("GBL") § 349. *See* HealthPort SJ Dec'n at 3–5.

Early in the litigation, Ruzhinskaya dropped her claims against Beth Israel. She did so for, apparently, strategic reasons, viewing a lawsuit against exclusively HealthPort—which provides ROI services to other hospitals in New York State—as presenting a greater chance of obtaining certification of a statewide class as opposed to one limited by the hospital provider. On December 17, 2015, the Court nevertheless certified a class consisting solely of persons who, between March 12, 2011 and the present, had requested records from Beth Israel, whose requests had been serviced by HealthPort, and who had been charged 75 cents per page. *See* HealthPort SJ Dec'n at 5–8.

In March 2017, after completion of discovery and unsuccessful settlement negotiations, the Court set a June 2017 trial date. As of that point, neither Ruzhinskaya nor HealthPort had

moved for summary judgment. The parties, however, then filed motions *in limine*, which, in the Court's judgment, called into question the viability, as a matter of law, of Ruzhinskaya's § 18(2)(e) and other claims against HealthPort. The Court accordingly invited motions for summary judgment. *See id.* at 8–15.

The Court asked the parties to brief two questions. First, does § 18(2)(e), as Ruzhinskaya's claim presupposed, impose a legal duty on an entity other than a health care provider—such as an ROI business retained by a provider to handle records requests—with respect to the amount it charged for its services, including to cap its charges at its "costs incurred"? Second, even if § 18(2)(e) does not ordinarily restrict such a vendor's charges, does the particular contractual business arrangement between HealthPort and Beth Israel give rise to a duty under § 18(2)(e) that barred HealthPort from charging more than its costs incurred? *See id.* at 17–18.

In its March 14, 2018 decision, the Court held for HealthPort on both questions, and accordingly entered summary judgment on Ruzhinskaya's § 18(2)(e) claim.

First, analyzing the text, structure, and history of the statute, the Court held that the obligation to charge no more than costs incurred for the provision of medical records applied only to a health care "provider," a category into which Ruzhinskaya conceded that HealthPort did not fall. The Court did not find any basis to treat § 18(2)(e) as precluding an ROI vendor retained by a provider to handle records requests from realizing a profit for its services. *See id.* at 18–22.

Second, the Court held, the particular contractual relationship between HealthPort and Beth Israel did not support shifting Beth Israel's duty under § 18(2)(e) to ROI company HealthPort. Under the agreements between the entities, authorized requesters make record

requests directly to Beth Israel, which performs various tasks relating to these requests. HealthPort then validates the requests; scans and copies appropriate parts of the medical records; prints, mails and/or transmits the records to the requester; and directly invoices the requesters, who in turn send the invoiced fee directly to HealthPort. *See id*. at 22–23. Ruzhinskaya argued that HealthPort, by directly billing requesters the per-page charge, assumed the duty under § 18(2)(e) not to charge more than its costs incurred. Rejecting that theory, the Court noted that, "the mechanical arrangement between Beth Israel and HealthPort" merely "saved several intervening steps," in that, "instead of having HealthPort bill Beth Israel, Beth Israel reimburse HealthPort, and Beth Israel then bill the requester, HealthPort dealt directly with the requester." *Id*. at 24. But this, the Court held, had no legal consequence. Moreover, the Court noted that the parties' agreements did not support shifting that statutory duty to HealthPort. *See id*. at 23–25.

The Court accordingly entered summary judgment for HealthPort on Ruzhinskaya's claims under § 18(2)(e), *see id*. at 25–28, as well as her claim of unjust enrichment, *see id*. at 28–29, and her claim under New York GBL § 349, *see id*. at 29–30.

### B. The Second Circuit's Remand

Ruzhinskaya appealed. On May 29, 2019, after briefing and argument, the Second Circuit issued an order announcing that it anticipated certifying two questions to the New York Court of Appeals: "(1) whether HealthPort can be sued directly under New York Public Health Law § 18; and (2) which calculation should be used to determine the cost of producing and transmitting records." Dkt. 361. The Circuit solicited the parties' views as to whether, prior to such certification, it should remand the case to add Beth Israel as a party.

Ruzhinskaya opposed a remand, on the ground that adding Beth Israel as a party and resolving her claims against it would not answer the central question on which the grant of summary judgment turned: whether § 18(2)(e) permits Health Port to be sued directly.

HealthPort did not oppose remand to add Beth Israel as a party, although it argued that § 18(2)(e) clearly resolves the appeal in its favor.

On November 1, 2019, the Circuit issued an order vacating the judgment and remanding to add Beth Israel.  Dkt. 362.  The Circuit explained that if the direct-billing arrangement used by Beth Israel—in which it authorized HealthPort to bill requesters on its behalf—were viewed as depriving Beth Israel of the right to term HealthPort's charge a "cost incurred" by Beth Israel, then Beth Israel would be accountable under § 18(2)(e) for any charge in excess of Beth Israel's costs incurred.  *Id.* at 9.  In Beth Israel's absence, the Circuit noted, its certification of the above questions of statutory interpretation had potential to "risk multiple unnecessary proceedings."  *Id.*  The Circuit stated that after this Court had adjudicated the case to entry of a final judgment, any party wishing to appeal was to file a new notice of appeal.  The Circuit added that it anticipated certifying questions on § 18(2)(e) if there remained uncertainty as to the proper interpretation, but that it declined at the time to state the precise formulation of those questions.  *Id.*

    **C.**    **Proceedings on Remand**

On November 6, 2019, this Court instructed counsel, by one week after issuance of the Circuit's mandate, to submit a joint letter setting forth their views as to how to most efficiently adjudicate the case to judgment, and stating whether Beth Israel would stipulate to the facts contained in the Joint Stipulated Facts ("JSF") agreed to by Ruzhinskaya and HealthPort in connection with the earlier round of summary judgment briefing.  Dkt. 363.  On November 25, 2019, the mandate issued.  Dkt. 366.

On December 2, 2019, counsel filed a joint letter which identified areas of agreement and issues requiring court resolution, Dkt. 367, which the Court resolved in an order dated December 23, 2019, Dkt. 368.  The Court's order, *inter alia*, declined Ruzhinskaya's request to extend the class period by four years and to amend her earlier claims against Beth Israel, granted her request

to modify the class definition to reflect Beth Israel's reentry, set a February 7, 2020 end date for the limited additional discovery the parties envisioned, and set a schedule for summary judgment briefing. *Id*. On January 7, 2020, the parties reported that Beth Israel had agreed to stipulate to the facts in the earlier JSF, save for a single agreed-upon modification. Dkt. 371. On March 26, 2020, the Court denied a series of discovery motions made by Ruzhinskaya, as untimely and meritless. Dkt. 381.

On April 17, 2020, Beth Israel and Ruzhinskaya filed a JSF stipulating to additional undisputed facts, Dkt. 384 ("JSF II"); *see* Dkt. 391. On May 8, 2020, Beth Israel filed a motion for summary judgment, Dkt. 388, a supporting memorandum of law, Dkt. 389, and the supporting declaration of Ashley B. Huddleston, Esq., Dkt. 390. On June 5, 2020, Ruzhinskaya filed a memorandum of law in opposition, Dkts. 398–99, and a supporting declaration of Matthew P. Jasinski, Esq., Dkt. 400. On June 26, 2020, Beth Israel filed a reply memorandum of law. Dkt. 403.

## II.  Discussion

### A.  Ruzhinskaya's Claims Against HealthPort

The Court first resolves Ruzhinskaya's claims against HealthPort. In its March 14, 2018 decision, the Court entered summary judgment for HealthPort on all claims. Its central holding was that Ruzhinskaya cannot sustain a § 18(2)(e) claim against HealthPort, because HealthPort is not a healthcare provider within the meaning of § 18, and does not have, and did not anywhere take on, a duty to limit the fees it received for its services to its costs incurred.

The limited added discovery occasioned on remand—focused on updating data as to the costs Beth Israel itself had directly incurred in the process of responding to records requests—does not alter this analysis. Nor does it alter the Court's analysis of Ruzhinskaya's closely related claims against HealthPort of unjust enrichment and under New York GBL § 349.

The Court accordingly adopts in full its earlier analysis as to why summary judgment is merited for HealthPort on all claims.

### B. Ruzhinskaya's Claims Against Beth Israel

The Court next resolves Ruzhinskaya's revived claims against Beth Israel. The Court assesses Beth Israel's motion for summary judgment on these claims according to the familiar standards governing such motions. *See* HealthPort SJ Dec'n at 16–17 (reviewing standards).

The facts germane to these claims are substantially the same as those reviewed in detail in the Court's decision entering summary judgment in favor of HealthPort on the claims against it. The additional facts to which Ruzhinskaya and Beth Israel have stipulated largely supply background and context.[1] The limited issues of fact as to which Ruzhinskaya and Beth Israel were unable to agree largely concern the quantification of costs Beth Israel itself expended in connection with responding to record requests. *Compare* Huddleston Decl., Ex. 1 (HealthPort's expert's analysis), *with id.*, Ex. 2 (Ruzhinskaya's expert's analysis), *and* Dkts. 331–1, 336 ("Pl. 56.1") ¶ 12.[2] But Beth Israel's summary judgment motion does not turn on its own outlays.

Beth Israel instead makes two independent arguments with respect to Ruzhinskaya's lead claim, based on § 18(2)(e). First, it argues that § 18(2)(e) does not give rise to a private right on the part of a records requester to bring a damages action. Second, it argues that the 75-cent per-page charge imposed by its vendor HealthPort for its ROI services is properly attributed to Beth

---

[1] These set out the history of Beth Israel's handling of records requests, review the sequence of steps entailed in responding to a records request, identify the distinct roles played by Beth Israel and HealthPort in connection with a records request, and recap the history of the records request made by Ruzhinskaya for her late mother's medical records. *See generally* JSF II.

[2] Although the parties disagree as to sum total of Beth Israel's (non-HealthPort) costs, they agree that these fall short of 75 cents per page. *See* Huddleston Decl. ¶ 2 & Exs. 1–2; Pl. 56.1 ¶ 12.

Israel under § 18(2)(e), necessarily meaning that, when requesters were billed that same sum, they were not being charged in excess of Beth Israel's "costs incurred."

The Court is persuaded by both arguments. Each requires entry of summary judgment in favor of Beth Israel.

As to the private right of action, the Court adopts Judge Cote's persuasive reasoning in *Ortiz v. CIOX Health LLC*, 386 F. Supp. 3d 308 (S.D.N.Y. 2019), *appeal docketed*, No. 19-1649 (2d Cir. June 1, 2019). Judge Cote there held that a private right of action cannot be implied from § 18(2)(e). On the plaintiff's appeal from that ruling, the Second Circuit recently certified this question to the New York State Court of Appeals: "Does Section 18(2)(e) of the New York Public Health Law provide a private right of action for damages when a medical provider violates the provision limiting the reasonable charge for paper copies of medical records to $0.75 per page?" *Ortiz v. CIOX Health LLC*, No. 19-1649-cv, slip op. (2d Cir. June 5, 2020). It is likely that the answer to that certified question will resolve the similar question presented here: whether § 18(2)(e) affords a private right of action for damages where the charge imposed on the requester allegedly exceeds the medical provider's costs incurred?

As to whether vendor HealthPort's per-page cost is properly attributable to Beth Israel as a "cost incurred" by a provider, the Court has previously recognized that it is. As the Court noted at the hearing at which it commissioned summary judgment briefing, Beth Israel was at liberty to hire an ROI vendor that would bill Beth Israel for its services, including the vendor's profit margin. Beth Israel was also at liberty to pass along to the requester the vendor's charge as a "cost incurred" by Beth Israel. *See* Dkt. 319 (June 30, 2017 transcript) at 5–9. Had HealthPort and Beth Israel structured their arrangement in this familiar fashion—in which Beth Israel paid HealthPort the 75-cents per-page charge and then billed requesters for this identical

8

charge—Beth Israel would have been in full compliance with § 18(2)(e), insofar as the hospital would not have been billing requesters in excess of its costs or in excess of the statutory maximum charge of 75 cents per page. *Id.*

In its ruling granting summary judgment to HealthPort, the Court recognized the same functional equivalence: "That the mechanical arrangement between Beth Israel and HealthPort saved several intervening steps—instead of having HealthPort bill Beth Israel, Beth Israel reimburse HealthPort, and Beth Israel then bill the requester, HealthPort dealt directly with the requester—is of no consequence." *See* HealthPort SJ Dec'n at 24. The discovery taken since that ruling has not disturbed this logic.

Consistent with this assessment, the Court therefore again finds that the fee due to Beth Israel's ROI vendor under its contract with Beth Israel was a "cost incurred" by Beth Israel. And it is undisputed that requester Ruzhinskaya was not billed in excess of the fee due to HealthPort. Beth Israel is thus entitled to summary judgment on Ruzhinskaya's § 18(2)(e) claim, because she was neither billed more than Beth Israel's "costs incurred" nor above the statutory maximum charge of 75 cents per page of paper copies.

Finally, Ruzhinskaya's remaining claim against Beth Israel, under GBL § 349, also fails. Section 349 requires that a defendant have engaged in a "practice that is deceptive or misleading in a material way." *Ovitz v. Bloomberg L.P.*, 18 N.Y.3d 753, 759 (2012) (citation omitted). As the Court noted in granting summary judgment to HealthPort on Ruzhinskaya's § 349 claim, her § 349 claims are wholly derivative of her § 18 claim. As to Beth Israel, she alleges that Beth Israel purported to charge her only its "costs incurred" but in fact charged her in excess of that. *See* HealthPort SJ Dec'n at 29–30. In light of the Court's holding that Ruzhinskaya was not

9

billed in excess of Beth Israel's "costs incurred," however, Beth Israel did not engage in either misleading or deceptive conduct with respect to its fully disclosed 75-cents per-page charge.

## CONCLUSION

For the reasons stated above, the Court reinstates its grant of summary judgment to HealthPort, and grants Beth Israel's motion for summary judgment, on all claims brought by Ruzhinskaya.

The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 7, 2020
     New York, New York